

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC., : No. 1:CV-01-0793
    Plaintiff :
    v. :
     :
S.A. MAXWELL COMPANY, INC. :
and JAIMA BROWN, :
    Defendants :

FILED
HARRISBURG
MAY 07 2001
MARY E. D'ANDREA
Per _____ Deputy Clerk

## COMPLAINT

1. Plaintiff York Wallcoverings, Inc. is a Pennsylvania Corporation with a place of business of 750 Linden Avenue, York, Pennsylvania, 17404, hereinafter referred to as "York".

2. Defendant S.A. Maxwell Co. is a corporation with a place of business at 935 Campus Drive, Mundelein, Illinois 60060, hereinafter referred to as "Maxwell".

3. Defendant Jaima Brown is an adult individual and an employee of Maxwell, who does business at Maxwell's place of business listed above.

4. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq., hereinafter referred to as the "Act". Jurisdiction is founded on Sections 1331, 1338(a) and 1338(b) of the Judicial Code (28 U.S.C. §§ 1331, 1338(a) and 1338(b)).

5. Venue is conferred by §§ 1391(b)(2) and (c) and 1400(a) of the Judicial Code (28 U.S.C. §§1391(b)(2) and (c) and 1400(a)).

### OPERATIVE FACTS

6. York is engaged in the business, inter alia, of designing, manufacturing and selling wallcoverings and wallcovering borders.

974048.1

1

7. In 1999, York created a wallcovering, titled and known as 'Elephant sidewall' and/or Design SP 1306 (hereinafter the "Wallcovering"), with the assistance of a designer named Banafshe Schippel, a citizen of the United Kingdom. A portion of the Wallcovering is attached hereto as Exhibit "A".

8. Ms. Schippel transferred any rights in ownership she had to the design of the wallcovering to York.

9. The Wallcovering is copyrightable subject matter under the laws of the United States.

10. In 1999, York created a wallcovering border, titled and known as 'Elephant Border' and/or Design SP 1374 (hereinafter the "Border"). A portion of the Border is attached hereto as Exhibit "B".

11. The Border is copyrightable subject matter under the laws of the United States.

12. The Wallcovering and the Border were first published on October 25, 1999.

13. York placed the Wallcovering and the Border in a sample book entitled <u>Passport</u> (hereinafter referred to as "Sample Book"), the cover of which features an elephant of the type and design depicted in the Wallcovering and the Border.

14. York registered both the Wallcovering and the Border with the United Stated Copyright Office on February 8, 2001, complying in all respects with the registration and deposit requirements of the Act, copies of said registration applications being attached hereto as Exhibits "C" and "D" respectively.

15. York legally owns the designs depicted in the Wallcovering and the Border, all the exclusive copyrights there in and is entitled to copyright protection.

974048.1

16. York has manufactured and sold numerous rolls of wallcoverings and borders, in four different color combinations, depicting the design of the Wallcovering and Border at issue in this action.

17. York's copyright ownership is clearly noticed on all sample books wherein samples of the Wallcovering and the Border are contained. All individual samples and/or pages of the Wallcovering and the Border contained in the Sample Book are marked with a notice of York's copyright ownership of the Wallcovering and the Border.

18. York has expended substantial resources in designing, promoting, manufacturing and selling its wallcoverings and borders and built a valuable business based on demand for its distinctively-styled, quality wallcoverings and borders. York has become identified in the minds of the public as the provider of the same.

19. Defendant Brown has commented to employees of York that she regularly views and looks at sample books containing York's wallcovering and border designs and admires them greatly.

20. At some date after October 25, 1999, Maxwell by and through its employee Defendant Brown copied York's Wallcovering and caused to be manufactured and offered for sale to the public a wallcovering which is not only substantially similar, but is strikingly similar to York's Wallcovering. A portion of the infringing wallcovering offered by Maxwell is attached hereto as Exhibit "E". It was offered in the same two color combinations as York's Wallcovering.

974048.1

21. At some date after October 25, 1999, Maxwell by and through its employee Defendant Brown copied York's Border and caused to be manufactured and offered for sale to the public a wallcovering Border which is not only substantially similar, but is strikingly similar to York's Border. A portion of the infringing border offered by Maxwell is attached hereto as Exhibit "F". It was offered in the same two color combinations as York's Border.

22. At some date after October 25, 1999, Maxwell and/or Defendant Brown placed samples of the infringing wallcovering and border in a sample book entitled <u>Sesquicentennial Collection</u>, the cover of which features an elephant of the type and design of the elephant depicted on the Wallcovering and the Border. The elephant depicted on the cover of the sample book is substantially, if not strikingly, similar to the elephant depicted in York's Wallcovering, Border and the cover of York's Sample Book.

## COUNT I – COPYRIGHT INFRINGEMENTS
### York v. All Defendants

23. Paragraphs 1 through 23 are incorporated herein as though set forth in their entirety.

24. Defendant Brown unlawfully and willfully copied all or part of York's Wallcovering, Border and cover of York's Sample Book, in violation of York's copyright in both designs and in both color combinations.

25. Maxwell individually and through their employee Defendant Brown unlawfully and willfully copied all or a part of York's Wallcovering, Border and cover of York's Sample Book, in violation of York's copyright in both designs and color combinations.

974048.1

26. The wallcovering found at Exhibit "E" of this Complaint infringes York's copyright in the Wallcovering.

27. The border found at Exhibit "F" of this Complaint infringes York's copyright in the Border.

28. The Defendants' wallcovering and border, in both color combinations, are not only substantially similar, but are strikingly similar to York's Wallcovering and Border, exuding the same "look and feel" as York's copyrighted material.

29. The cover of the Maxwell sample book entitled <u>Sesquicentennial Collection</u> infringes York's copyright.

30. Defendants' sample book is not only substantially similar, but is strikingly similar to York's Sample Book, exuding the same "look and feel" as York's copyrighted material.

31. York has lost substantial revenue from Defendants' unlawful and willful copying of York's copyrighted material.

32. Defendants' wallcovering and border dilute the market and serve to destroy the distinctiveness of York's copyrighted works.

33. Defendants' copying of York's Wallcovering and Border and the use of the elephant on the cover of Defendants' sample book, destroys the public's identification of the Wallcovering and Border to York as York's exclusive property, thereby confusing the public and causing York to suffer irreparable damages and lost profits.

34. York's sale of its own works and derivative works is prejudiced by Defendants' copyright infringements.

974048.1

WHEREFORE, York demands:

(a) Defendants (jointly and severally) be ordered to pay to York all damages suffered by York due to Defendants' unlawful acts, with prejudgment interest, and the value of York's designs, as well as account for and pay to York all gains and profits that Defendants have enjoyed at York's expense. At present, York cannot ascertain the full extent of its damages and lost profits;

(b) The right to elect statutory damages, including for willful infringement, in lieu of actual damages, in accordance with 17 U.S.C. §504(c);

(c) Defendants (jointly and severally) be ordered to pay to York all York's costs and attorneys' fees, including as provided by 17 U.S.C. §505;

(d) Defendants be enjoined during the pendency of this action and permanently thereafter from infringing York's copyrights and from copying, marketing, selling or constructing copies or other reproductions or derivatives of York's copyrighted works, in whole or in part; and

(e) a trial by jury.

## COUNT II – UNFAIR COMPETITION
### York v. All Defendants

35. Paragraphs 1 through 34 are incorporated herein as though set forth in their entirety.

36. This action for unfair competition is a substantial and related claim to Defendants' infringements of York's copyrights and pursuant to § 1338(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

974048.1

37. Defendants, in unlawfully and willfully copying York's Wallcovering and Border and placing the design of York's elephant on the cover of Defendant's sample book, created a likelihood of confusion among the public as to the original source of York's Wallcovering and Border and have contributed to the dilution of the distinctive quality of York's work in the marketplace.

38. Defendants, by their unauthorized appropriation and use of York's copyrighted works, have and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on York's good will and the public's acceptance of York's copyrighted works, all to York's irreparable damage.

WHEREFORE, York demands:

(a) Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating and using York's copyrighted works;

(b) Defendants, jointly and severally, be ordered to pay to York all damages suffered by York due to their unlawful acts, with prejudgment interest, as well as account for and pay to York all gains and profits that they have enjoyed at York's expense and that such damages include York's costs and attorney fees. At present, York cannot ascertain the full extent of its damages and lost profits;

(c) Such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances; and

(d) a trial by jury.

974048.1

## COUNT III – TRADE DRESS
### York v. All Defendants

39. Paragraphs 1 through 39 are incorporated herein as though set forth in their entirety.

40. When designing and manufacturing the Wallcovering, Border and Sample Book, York has adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

41. Defendants have attempted to imitate York's particular dress, design and combination of features, as they pertain to the Wallcovering, Border and Sample Book, in such a way as to mislead the public.

42. The multiplicity of similarities between York's copyrighted Wallcovering, Border and the cover of York's Sample Book and those produced and manufactured by Defendants evidence a conscious intent by Defendants to imitate and copy York.

43. Defendants' use of color and combination of colors when copying and/or imitating York's Wallcovering, Border and the cover of York's Sample Book evidences a conscious intent of Defendants to imitate and copy York.

44. Defendants' actions are intended and/or operate to confuse the public.

45. York's sale of its own works and derivative works is prejudiced by Defendants' imitation and copying of York, all to York's irreparable damage.

WHEREFORE, York demands:

974048.1

(a) Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating and using York's copyrighted works;

(b) Defendants be enjoined during the pendency of this action and permanently thereafter from selling its infringing wallpaper and border to the public;

(c) Defendants, jointly and severally, be ordered to pay to York all damages suffered by York due to their unlawful acts, with prejudgment interest, as well as account for and pay to York all gains and profits that they have enjoyed at York's expense and that such damages include York's costs and attorney's fees. At present, York cannot ascertain the full extent of its damages and lost profits;

(d) such other relief as the equities of the case may require and as this Court may deem just and proper under the circumstances; and

(e) a trial by jury.

BARLEY, SNYDER, SENFT & COHEN, LLC

Date: 5/3/01

BY: _____
Bruce J. Wolstoncroft, Esquire
Kendra D. McGuire, Esquire
Attorneys for Plaintiff
York Wallcoverings, Inc.

126 East King Street
Lancaster, PA 17602
(717) 299-5201
Court I.D. No. 43923
Court I.D. No. 50919

974048.1

9