IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YORK WALLCOVERINGS, INC., | : |
| Plaintiff | : NO. 1:CV-01-0793 |
| v. | : (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | : |

DEFENDANTS' ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM

S.A. Maxwell Company, Inc. ("Maxwell") and Jaima Brown ("Brown"), defendants in the above-entitled action, for their Answer to the complaint, allege as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2. Defendants admit the allegations in paragraph 2 of the complaint.

3. Defendants admit the allegations in paragraph 3 of the complaint.

4. The averments of paragraph 4 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

5. The averments of paragraph 5 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

0545853.01

6.  Defendants admit the allegations in paragraph 6 of the complaint.

7.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9.  The averments of paragraph 9 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. The averments of paragraph 11 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. Admitted only that plaintiff placed said product in said sample book. Denied that said product is protected as alleged in the complaint and/or that it is proprietary to plaintiff.

14. The averments of paragraph 14 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

0545853.01

15. The averments of paragraph 15 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint. By way of further response, the averments of paragraph 18 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

19. Denied.

20. The averments of paragraph 20 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

21. The averments of paragraph 21 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

22. The averments of paragraph 22 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

## COUNT I

23. Defendants repeat and reallege their answers to paragraphs 1 through 22.

24. The averments of paragraph 24 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

25. The averments of paragraph 25 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

26. The averments of paragraph 26 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

27. The averments of paragraph 27 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

28. The averments of paragraph 28 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

29. The averments of paragraph 29 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

0545853.01

30. The averments of paragraph 30 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

31. The averments of paragraph 31 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

32. The averments of paragraph 32 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

33. The averments of paragraph 33 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

34. The averments of paragraph 34 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

**WHEREFORE,** defendants request judgment in their favor against plaintiff dismissing all claims against them with an award of attorneys' fees and costs of this suit.

0545853.01

## COUNT II

35.   Defendants repeat and reallege their answers to paragraphs 1 through 34.

36.   The averments of paragraph 36 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

37.   The averments of paragraph 37 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

38.   The averments of paragraph 38 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

**WHEREFORE,** defendants request judgment in their favor against plaintiff dismissing all claims against them with an award of attorneys' fees and costs of this suit.

## COUNT III

39.   Defendants repeat and reallege their answers to paragraphs 1 through 38.

40.   The averments of paragraph 40 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

41.   The averments of paragraph 41 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

0545853.01

42. The averments of paragraph 42 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

43. The averments of paragraph 43 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

44. The averments of paragraph 44 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

45. The averments of paragraph 45 are conclusions of law to which no response is required. To the extent a response is deemed required, the averments of this paragraph are denied.

**WHEREFORE,** defendants request judgment in their favor against plaintiff dismissing all claims against them with an award of attorneys' fees and costs of this suit.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The state law claims for unfair competition (Count II) and trade dress (Count III) are pre-empted by 17 U.S.C. § 301.

0545853.01

## THIRD AFFIRMATIVE DEFENSE

Plaintiff York Wallcoverings, Inc. ("York" is not entitled to statutory damages or attorneys' fees under 17 U.S.C. § 412(2)) since York did not register its claims of copyright prior to Defendants alleged infringements or within three months after first publication.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

At all times, defendant acted in a commercially reasonable and lawful manner.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, since the features of plaintiff's products are exclusively or primarily functional and therefore are not protectable by trade dress rights.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, since the features of plaintiff's products and/or The alleged design neither identifies nor distinguishes plaintiff's goods or services.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to protect and/or enforce its alleged rights.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by prior use and/or registration.

## TENTH AFFIRMATIVE DEFENSE

The equitable relief sought by plaintiff is barred by its unclean hands.

0545853.01

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, since there is no likelihood of confusion in the market place.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged trade dress is not subject to anti-dilution protection since the features of its products are not strong, famous or distinctive.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's actions are not likely to cause injury to plaintiff's business, reputation or dilution of the distinctive quality, if any, of plaintiff's goods.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, since the features of plaintiff's products in which it claims trade dress protection lacked a secondary meaning at the time defendant began selling its products and therefore plaintiff's products are not protected by trade dress rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no harm and/or irreparable harm.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant has made no false or misleading statements or representations of fact regarding its product(s).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant has not engaged in any deceptive conduct.

0545853.01

### EIGHTEENTH AFFIRMATIVE DEFENSE

There is no material confusion or mistake or likelihood of material confusion or mistake.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no injury nor is there a likelihood of injury.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, since the features of plaintiff's products in which it claims trade dress protection are not "inherently distinctive" because the configuration of the products are not unusual and memorable and therefore are not protected by trade dress rights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, since the features of plaintiff's products in which it claims trade dress protection are not "inherently distinctive" because the configuration of the products are not conceptually separable from the product and therefore are not protectable by trade dress rights.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, since the features of plaintiff's products in which it claims trade dress protection are not likely to serve primarily as designator of origin of the product and therefore are not protectable by trade dress rights.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's copyright, if any, is invalid.

0545853.01

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's copyright registration, if any, is invalid.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim fails since the alleged infringing work is not substantially similar to the alleged copyrighted work.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim is barred by the doctrines of merger and/or scenes a faire.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The alleged damages sustained by plaintiff, if any, are the proximate result of the acts and/or omissions of parties over which defendants exercised no control.

### COUNTERCLAIM

By way of counterclaim, defendant Brown alleges as follows:

1. Brown is a citizen and resident of the State of Illinois.

2. York is a Pennsylvania corporation with an office and place of business in York, Pennsylvania.

3. This court has supplemental jurisdiction over this counterclaim under 28 U.S.C.§ 1367(a). Additionally, this court has original jurisdiction over this counterclaim based on 28 U.S.C.§ 1332 in that the claim is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

0545853.01

11

4. This court is an appropriate venue for proceeding with this counterclaim under 28 U.S.C.§ 1391.

5. On or about May 4, 2001, Barley, Snyder, Senft & Cohen, LLC, acting as attorneys for and agents of plaintiff York, sent a letter (hereinafter "the letter"), addressed to Mr. Rick Emmert, President of S.A. Maxwell Company, Brown's employer, containing the following defamatory statement: "Further, it has been commented that Ms. Brown has developed a reputation in the industry for using or copying the designs of other companies."

6. Carbon copies of the letter were also circulated to Carl J. Vizzi, President of York Wallcoverings, Inc.; Stanley A. Thomas, Assistant Secretary and Treasurer of York Wallcoverings, Inc.; LeRue Brown, Marketing Director York Wallcoverings, and Bruce J. Wolstonecroft, Esq.

7. The statement quoted in paragraph 5 is patently false and is defamatory *per se* in that it prejudices Brown in her trade, profession and business and wrongfully imputes to Ms. Brown a lack of integrity in the discharge of her duties of employment.

8. The statement quoted in paragraph 5 was authorized by York to be published to a third party without privilege.

9. The statement quoted in paragraph 5 was authorized by York to be published with malice and intent to cause injury to Brown.

10. Brown has been injured by the publication of the defamatory statement quoted in paragraph 5 in that she has suffered personal humiliation, mental anguish and continuing harm to her reputation in both her place of employ and in the business community in general.

0545853.01



11.    Brown is entitled to recovery for punitive and compensatory damages in an amount to be ascertained, but in no event less than $75,000.

**WHEREFORE**, defendants pray:

A.    That the complaint be dismissed with costs.

B.    That defendants recover from plaintiff their reasonable attorney fees.

C.    That Brown recovers from plaintiff on her counterclaim punitive and compensatory damages in an amount to be determined, but in no event less than $75,000.

D.    That defendants have such other and further relief as to the Court may seem just.

Date:   July 23, 2001.

Respectfully submitted,

**RAWLE & HENDERSON** LLP

By: _____
Beth Castelli Fitt
Joseph L. Turchi
Edward C. Mintzer, Jr.
The Widener Building
One South Penn Square
Philadelphia, PA  19107
(215) 575-4200
Attorneys for Defendants

OF COUNSEL:

Albert Robin, Esquire
**Robin Blecker & Daley**
Attorneys for Defendant
330 Madison Ave
New York, NY 10017
(212) 682-9640

0545853.01

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing Answer, Affirmative Defenses and Counterclaim was served on counsel of record for plaintiff via First Class U.S. Mail, postage prepaid, addressed as follows:

>Bruce J. Wolstoncroft, Esquire
>Kendra D. McGuire, Esquire
>**Barley, Snyder, Senft & Cohen, LLC**
>Attorneys for Plaintiff
>York Wallcoverings, Inc.
>126 East King Street
>Lancaster, PA  17602
>(717) 299-5201

RAWLE & HENDERSON LLP

By: 
Beth Castelli Fitt, Esquire
Attorney for Defendant

DATED: July 23, 2001

0545853.01