**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED HARRISBURG
AUG 13 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

| | |
|---|---|
| YORK WALLCOVERINGS, INC., : | |
| Plaintiff : | |
| : | No. 1:CV:01-0793 |
| v. : | |
| : | |
| S.A. MAXWELL COMPANY, INC. : | (The Honorable Sylvia H. Rambo) |
| and JAIMA BROWN, : | |
| Defendants : | |

## MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

1. This action was commenced by Plaintiff, York Wallcoverings, Inc. (hereinafter "York"), seeking damages for, inter alia., alleged infringements of certain of York's copyrights.

2. On or about July 23, 2001, Defendants answered York's Complaint.

3. In addition to answering York's complaint, Defendant Brown raised a counterclaim, alleging that she was defamed by a statement contained in a piece of correspondence sent from counsel for York to the President of Defendant, S.A. Maxwell Company, Inc. (hereinafter "Maxwell").

4. The correspondence in question, inter alia, advised Maxwell of York's filing of a Complaint in federal district court, addressed the factual basis of York's claims, and urged Maxwell to review the matter and consider resolving issues between the two companies. A copy of the Complaint was enclosed with the letter.

1006251.1

5. The letter in question was not attached to Defendant Brown's counterclaim, presumably to avoid publication of the allegedly defamatory statement, and will not be attached to this motion for the same reason. It is available for an inspection by the Court.

6. York believes and therefore avers that no statement contained in the correspondence in question is defamatory.

7. Assuming arguendo, that Brown would be correct in her allegations, the statement in question is privileged because it was issued in the regular course of judicial proceeding or preliminary to a proposed judicial proceeding. Further, the statement in question is pertinent and material to the redress or relief sought. See, Stenograph, L.L.C. v. Sims, 2000 WL 964748 (E.D. Pa.).

8. Clearly, the statement in question was issued after the Complaint was filed and all matters contained in the correspondence in question related to the litigation that had just been commenced.

9. The statement in question is pertinent and material to the redress or relief sought; the statement is pertinent and material to, inter alia, the issue of willfulness of infringement and the nature and extent of the damages sought by York.

10. In a copyright infringement action, the copyright owner may elect to recover instead of actual damages and profits, an award of statutory damages in a sum of not less than $250 or more than $10,000 as the court considers just. 17 U.S.C.A. §504(c)(1). However, where the copyright owner can prove that the infringement was committed **willfully**, the court may increase the award of statutory damages to a sum of up to $50,000. Id. at 504(c)(2) (emphasis added).

1006251.1

2

11. Accordingly, the issue of the willfulness of infringement by Defendants is clearly pertinent and material to the relief sought by York.

WHEREFORE, Plaintiff York Wallcoverings, Inc. respectfully requests that this Honorable Court grant its Motion and dismiss Defendant Brown's counterclaim with prejudice.

BARLEY, SNYDER, SENFT & COHEN, LLC

Date: 8/13/01

BY: _____
Bruce J. Wolstoncroft, Esquire
Kendra D. McGuire, Esquire
Attorneys for Plaintiff
York Wallcoverings, Inc.

126 East King Street
Lancaster, PA 17602
(717) 299-5201
Court I.D. No. 43923
Court I.D. No. 50919

1006251.1

2 to Ct

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.
        Plaintiff

ORIGINAL

No.: 1:CV:01-0793

vs.

S.A. MAXWELL COMPANY, INC. AND
JAIMA BROWN
        Defendants

(The Hon. Sylvia H. Rambo)

FILED
HARRISBURG

AUG 13 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### CERTIFICATE OF NON-CONCURRENCE REGARDING PLAINTIFF'S MOTION TO DISMISS

I, KENDRA D. McGUIRE, ESQUIRE, Attorney for Plaintiff, York Wallcoverings, Inc., have discussed the Motion with Defendants' Attorney, Albert Robin, Esquire, to determine if he concurs with Plaintiff's Motion to Dismiss. Attorney Robin has advised me that he does not concur with Plaintiff's Motion to Dismiss.

Date: 8/13/01

BARLEY, SNYDER, SENFT & COHEN, LLC

BY: _____
Kendra D. McGuire, Esquire
Attorneys for Plaintiff
York Wallcoverings, Inc.

126 East King Street
Lancaster, PA 17602
(717) 299-5201
Court I.D. No. 50919

1006401.1