ORIGINAL

FILED
HARRISBURG

AUG 17 2001

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.
          Plaintiff

vs.

S.A. MAXWELL COMPANY, INC. AND
JAIMA BROWN
          Defendants

No.: 1:CV:01-0793

(The Hon. Sylvia H. Rambo)

## JOINT CASE MANAGEMENT PLAN

1. **Principal Issues**

   1.10

   By Plaintiff:

   Plaintiff has alleged that Defendant Maxwell and their employed stylist Jaima Brown copied an existing wallcovering and wallcovering border owned and created by Plaintiff. When the wallcovering and border of York is visually examined and compared to the wallcovering and border manufactured by Maxwell, it is immediately visually apparent that all aspects of Defendants' product were copied from York's original work. Both products make strikingly similar uses of an exotic, ornamented elephant, foliage, lattice work, textured background, color and scale. Perhaps use of one, even two, of these elements might simply be an uncanny coincidence. Use of all of the aforedescribed elements together is not. York has averred that the infringements were willful. Moreover, York Wallcoverings chose to feature the distinctively-drawn elephant on the cover of the sample book for its wallcovering collection. Defendants copied York's design and idea when depicting an elephant on the cover of its wallpaper collection.

   In addition to the alleged copyright infringements, York has made a claim based upon the theory of unfair competition and trade dress. York has alleged that Defendants have unfairly appropriated York's designs and that Defendants have imitated York's particular dress, design and combination of features in the wallcovering, the border and the cover of the wallcovering collection book.

1007387.1

1

Defendant Brown has initiated a counterclaim, alleging the publication of defamatory statement in a piece of correspondence. Plaintiff has filed a Motion to Dismiss this counterclaim, raising the absolute privilege afforded statements made in the course of or prefatory to litigation. In the event that Plaintiff's Motion to Dismiss is not granted, Plaintiffs will offer evidence of the truth of the statement and will pursue other defenses to the counterclaim and the request for damages.

By Defendants:

Neither of the named Defendants nor the independent designer employed by Maxwell to design the "Maxwell Elephant, Palm and Scroll" wallcovering and border at issue copied the "York Elephant" wallcovering or border. Further, there is not the substantial similarity necessary to support a holding of copyright infringement.

In addition, 17 U.S.C. §412(2) precludes any award of statutory damages or attorney fees.

Defendants were not aware of the cover of the York "Passport" when one of the papers in its "Sesquicentennial" collection was selected and used for its cover, a paper including an elephant design being chosen because the elephant could hold the Sesquicentennial banner in its trunk. Plaintiff does not have any trade dress rights in the design of its cover and the names and sources of the covers at issue are clearly identified, i.e., "Passport" and "York" and "Sesquicentennial Collection" and "S.A. Maxwell Co."

In addition, Plaintiff's claims for unfair competition and trade dress are preempted by 17 U.S.C. §301.

In a letter forwarding a courtesy copy of the complaint to Rick Emmert, President of Maxwell, Brown's employer, Plaintiff's attorneys, acting for Plaintiff, made a defamatory statement that Brown has a reputation in the industry for using or copying the designs of other companies, and Brown has asserted a counterclaim seeking punitive and compensatory damages.

The principal *factual* issues that the parties *dispute* are:

1.11  1.  Whether Defendants had access to Plaintiff's Border.

2.  Whether Defendants had access to Plaintiff's Sample Book.

3.  Whether Defendants were aware of Plaintiff's Border.

1007387.1

2

4. Whether Defendants were aware of Plaintiff's Sample Book.

5. Whether Plaintiff's designs are copyrightable.

6. Whether Plaintiff is the owner of the copyrights.

7. Whether Plaintiff has been issued registrations of its copyrights.

8. Whether Plaintiff has unfair competition, trade dress or other rights in the design of the cover of its Sample Book.

9. Whether Defendants copied, willfully or otherwise, Plaintiff's Wallcovering.

10. Whether Defendants copied, willfully or otherwise, Plaintiff's Border.

11. Whether Defendants copied, willfully or otherwise, the cover of Plaintiff's Sample Book.

12. Whether the Maxwell designs and sample book cover create confusion and dilute the distinctiveness of the originality of York's products and/or designs.

13. Whether Defendants have intentionally imitated York's particular dress, design and combination of features in Plaintiff's Wallcovering, Border and Sample Book cover.

14. Nature and extent of Plaintiff's damages.

15. Whether the statement about which Defendant Brown has asserted a counterclaim is defamatory.

16. Whether the statement about which Defendant Brown has asserted a counterclaim is defamatory *per se*.

17. Whether there was publication of the statement.

18. Whether Defendant Brown was damaged or can prove her damages.

19. Whether the statement was true.

The principal facts that the parties *agree* upon are:

1007387.1

1.21

1. Defendants had access to Plaintiff's Wallcovering.

2. The Maxwell Wallcovering, Border and Sample Book were available to the purchasing public before Plaintiff's copyrights were registered.

3. Maxwell continues to offer its wallcovering and border for sale to the public.

4. The cover of the Maxwell Sesquicentennial Collection sample book has not changed and continues to depict the elephant design included in its wallcovering and border.

5. Plaintiff authorized the statements contained in the correspondence which is the subject matter of Defendant Brown's counterclaim.

1.30 The principal *legal* issues that the parties *dispute* are:

1.31

1. Whether Defendants infringed Plaintiff's copyrights.

2. Whether Section 412(2) of the Copyright Act precludes Plaintiff from recovering either statutory damages or attorney fees.

3. Whether Defendants are entitled to recover their attorney fees.

4. Whether Plaintiff's claims for unfair competition and trade dress are preempted by Section 301 of the Copyright Act.

5. Whether the statement which Defendant Brown alleges to be defamatory is defamatory *per se*.

6. Whether the absolute privilege for statements made in the course of or prefatory to litigation applies so as to bar Defendant Brown's claim.

1.40 Principal legal issues *agreed* upon are:

None.

1007387.1

1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.60 Identify any named parties that have not yet been served:

None.

1.70 Identify any additional parties that:

Plaintiff intends to join: None at this time. Plaintiff intends to pursue discovery to determine who was involved in Defendants' design and creation process.

Defendant(s) intends to join: None.

1.80 Identify any additional claims that:

Plaintiff intends to add: None.

Defendant(s) intends to add: None.

**2.0 Alternative Dispute Resolution**

2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

None at this time. The parties agree that non-binding arbitration and/or mediation may be a useful tool after the parties pursue some discovery.

2.20 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

See above.

2.30 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

Not applicable.

1007387.1

5

**3.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:   No.

**4.0   Disclosures**

   4.100   Separately for each party, list by *name and title/position* each person whose identity has been disclosed.

      4.101   Disclosed by Plaintiff

| | Name | Title/Position |
|---|---|---|
| 4.102 | Stanley A. Thomas | Asst. Secretary and Treasurer/York |
| | LaRue Brown | Marketing Director/York |
| | Vanessa Gouker | Stylist/York |
| | Ronald Redding | Stylist/York |
| | Banafshe Schippel | Designer/Independent |
| | Karen Henderson | Stylist/York |
| | Gail Holpert | Stylsit/York |
| | James Chapman | Marketing/York |

      4.151   Disclosed by Defendants

| | Name | Title/Position |
|---|---|---|
| 4.152 | Richard L. Emmert | President/Maxwell |
| | Jaima Brown | Design Director/Maxwell |
| | William Carroll | Designer/Independent |

1007387.1

4.200 Separately for each party, describe by *categories* the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    None to date.

4.300 <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

    4.301 Additional categories of documents Plaintiff will disclose:

        Documentation of the designer's original work.

        Copies of invoice information relating to the designer's original work.

        Damages information (subject to a confidentiality agreement).

    4.351 Additional categories of documents Defendants will disclose:

        Notes of interview with Mr. Carroll.

        References used by Mr. Carroll.

        Mr. Carroll's comments on notes.

        Materials furnished by Defendants to Mr. Carroll.

        Prior "elephant" designs used by Defendants and other third-party designs.

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

    4.401 Plaintiff's calculation of damages:

Plaintiff is in the process of calculating damages. Pursuant to the copyright statutes, Plaintiff will provide calculations relating to its lost profits. Plaintiff seeks from Defendants information relating to their profits on the infringing products. The parties have agreed to enter into a confidentiality agreement with respect to the exchange of this information.

1007387.1

4.402   Defendant's calculation of offset:

If Plaintiff is entitled to any recovery of Maxwell's profits, Maxwell is entitled to offset its costs associated with the manufacture, advertising, promotion and sale of the products at issue.

4.403   Counter claimant/third party claimant's calculation of damages:

Brown will not be able to calculate her compensatory and punitive damages until she has had an opportunity to take discovery to determine the full extent to which the statement was disseminated, its effect upon the recipients and information as to Plaintiff's net worth.

## 5.0   Motions

Identify any motion(s) whose early resolution would *likely* have significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| 12(b)(6) to counterclaim | Plaintiff | Already filed. |

## 6.0   Discovery

6.100   Briefly describe any discovery that has been completed or is in progress:

By Plaintiff:  Plaintiff has identified individuals with knowledge and documents supporting it claims.  Plaintiff is in the process of drafting written discovery and has requested the deposition of Mr. Carroll.

By Defendants:   Defendants are unable to compel Mr. Carroll's attendance at a deposition.  Defendants have requested that prior to any deposition of Mr. Carroll, Plaintiff furnish them with copies of the documents that will be used at the deposition and copies of the documents reflecting the design work which Mr. Carroll has performed for Plaintiff.  Defendants will propound written interrogatories and document requests as soon as they receive the documents that Plaintiff has offered to produce.  These interrogatories and document requests will deal with the issues raised by the pleadings, including, to the extent not voluntarily produced by Plaintiff, the references used by the authors of Plaintiff's designs to create those designs and the third-party "elephant" designs of which they are aware, the transfer of ownership of the copyrights to Plaintiff, Plaintiff's claims for lost profits and damages, Plaintiff's claim of rights in the design of the cover of its Sample Book, and

1007387.1

confusion caused or likely to be caused by the design of the cover of Defendants' Sesquicentennial Collection Sample Book.

6.200 Describe any *discovery* that all *parties agree* should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "Plaintiff will depose Mr. Jones, Defendant's controller, to learn what Defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiffs will depose Jaima Brown, Maxwell's stylist, to learn of the design process for the Defendants' infringing products and of Defendants' profits on the infringing products. Plaintiff will also explore Ms. Brown's defamation claim.

Plaintiffs will depose William Carroll, an independently contracting designer, to learn of his role in the design on Defendants' infringing products. [Mr. Carroll's design work was directed by Defendant Brown.]

Defendants will depose Banafshe Schippel, the author of the "York Elephant" wallcovering and the York employees who authored the "York Elephant" Border. Defendants will also depose the York employees knowledgeable of its claims for lost profits and damages, its claims that it has rights in the design of the cover of the Passport Sample Book, its claim that the cover of the Maxwell Sesquicentennial Collection Sample Book has caused or is likely to cause confusion and its claim for damages resulting from the design of Maxwell cover.

6.300 Describe any *discovery* that one or more parties want(s) to conduct but *to which another party objects*, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

1. Defendant Brown may wish to take discovery with respect to Plaintiff's Rule 12(b)(6) Motion to dismiss the Brown counterclaim.

   Plaintiff believes no discovery is necessary to dispose of their Motion to Dismiss.

2. Defendants wish to take the deposition of Carl Vizzi, Plaintiff's President.

1007387.1

9

>Plaintiff does not believe this deposition is necessary or appropriate. Mr. Vizzi was not involved in the design process and damages information will be provided through Mr. Thomas, Plaintiff's Treasurer.

Plaintiff has made the following informal discovery requests which have not yet been answered by Defendants:

1. Production of an affidavit submitted to Mr. Carroll for signature, Mr. Carroll's revisions to that affidavit and the signed affidavit of Mr. Carroll.

Defendants have informed Plaintiff that there is no such affidavit, but they will be producing the note of an interview with Mr. Carroll and Mr. Carroll's comments on those notes.

6.400 Identify any *subject area limitations on discovery* that one or more parties would like imposed, at the first stage of or throughout the litigation:

None at this time.

6.500 For each of the following discovery tools, *recommend the per party or per side limitation* (specify a number) that should be fixed, subject to later modifications by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by Plaintiff(s) and by Defendant(s)):

6.501 Depositions (excluding experts) to be taken by:

Plaintiff(s): 10         Defendant(s): 10

6.502 Interrogatories to be served by:

Plaintiff(s): 25         Defendant(s): 25

6.503 Document production requests to be served by:

Plaintiff(s): 25         Defendant(s): 25

6.504 Requests for admission to be served by:

Plaintiff(s): 25         Defendant(s): 25

      6.600   All discovery commenced in time to be completed by:

               March 31, 2002

      6.700   Reports from retained experts due:

               from Plaintiff: 60 days following close of discovery

               from Defendant(s): 90 days following close of discovery

      6.800   Supplementations due 15 days after receipt of opposing reports

**7.0**    **Protective Order**

      7.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order.

           None.

      7.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

           None.

**8.0**    **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Kendra D. McGuire, Esquire
Barley, Snyder, Senft & Cohen, LLC
126 East King Street
Lancaster, PA 17602
(717) 399-1525
Attorney for Plaintiff

1007387.1

Albert Robin, Esquire
Robin, Blecker & Daley
330 Madison Avenue
2nd Floor
New York, NY  10017
(212) 682-9640
Attorney for Defendants

**9.0**   **Scheduling**

    9.1   This case may be appropriate for trial in approximately:

        15 months.

    9.2   Suggested Date for Trial:

        October, 2002

    9.3   Suggested Date for the final Pretrial Conference:

        July, 2002

    9.4   Final date for joining additional parties:

        December 31, 2001

    9.5   Final date for amending pleadings:

        60 days prior to close of discovery

    9.6   All potentially dispositive motions should be filed by:

        30 days after close of discovery.

**10.0**   **Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Mediation may be a helpful tool in resolving issues between the parties.

1007387.1

**11.0   Identification of Lead Counsel**

See 8.0 above.

                                                                BARLEY, SNYDER, SENFT & COHEN, LLC

Date: _August 16, 2001_              By: _____
                                                                  Kendra D. McGuire
                                                                  Attorneys for Plaintiff
                                                                  York Wallcoverings, Inc

                                                                  126 East King Street
                                                                  Lancaster, PA  17602-2893
                                                                  Court I.D. No. 50919


                                                                  ROBIN, BLECKER & DALEY

Date: _____      By: _____
                                                                  Albert Robin, Esquire
                                                                  Attorneys for Defendants
                                                                 330 Madison Avenue
                                                                 2nd Floor
                                                                New York, NY  10017

1007387.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Joint Case Management Plan has been served this 16th day of August, 2001, by first class mail, postage prepaid, upon:

        Albert Robin, Esquire
        Robin, Blecker & Daley
        330 Madison Avenue
        2nd Floor
        New York, NY 10017

        Ronald P. Schiller, Esquire
        Piper, Marbury, Rudnick & Wolfe, LLP
        3400 Two Logan Square
        18th & Arch Streets
        Philadelphia, PA 19103-2762

        Joseph L. Turchi, Esquire
        Rawle & Henderson, LLP
        The Widener Building
        One South Penn Square
        Philadelphia, PA 19107

        BARLEY, SNYDER, SENFT & COHEN, LLC

        By: _____
           Kendra D. McGuire
           Attorneys for Plaintiff
           York Wallcoverings, Inc.

        126 East King Street
        Lancaster, PA 17602-2893
        Court I.D. No. 50919