IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC., :
                Plaintiff :
                             :    No. 1:CV:01-0793
      v. :
                             :
S.A. MAXWELL COMPANY, INC. :    (The Honorable Sylvia H. Rambo)
and JAIMA BROWN, :
                Defendants :

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO F.R.C.P. 12(b)(6)**

**I. HISTORY OF THE CASE**

The instant action was commenced by Plaintiff, York Wallcoverings, Inc. (hereinafter "York"), on or about May 3, 2001 by the filing of a Complaint. The Complaint seeks damages and injunctive relief against S.A. Maxwell Company, Inc. (hereinafter "Maxwell") and Jaima Brown for infringements of certain of York's copyrights. Defendants filed an Answer to York's Complaint on or about July 23, 2001. In addition to answering the Complaint, Defendant Brown raised a counterclaim, alleging that she was defamed by a statement contained in a piece of correspondence sent from counsel for York to the President of Maxwell. The letter in question was not attached to Defendant Brown's counterclaim, presumably to avoid publication, but will be made available for inspection by the Court upon request.

The correspondence in question, inter alia, advised Maxwell of York's filing of a Complaint in federal district court, addressed the factual basis of York's claims, and urged Maxwell to review the matter and consider resolving the issues between the two companies. A

1006626.1

1

copy of the Complaint was enclosed with the letter. York believes and therefore avers that no statement contained in the correspondence in question is defamatory. However, even if one of counsel's statements is found to be capable of a defamatory meaning, that statement is absolutely privileged and cannot form the basis for a defamation action. Accordingly, York Wallcoverings, Inc. filed a Motion to Dismiss Defendant Brown's counterclaim with prejudice. This Brief is in support of York's Motion.

## II.   ISSUES PRESENTED

**A. WHETHER DEFENDANT BROWN HAS FAILED TO STATE A CLAIM FOR DEFAMATION AGAINST PLAINTIFF YORK?**

Answered in the AFFIRMATIVE by Plaintiff York Wallcoverings, Inc.

## III.   ARGUMENT

**A. DEFENDANT BROWN HAS FAILED TO STATE A CLAIM FOR DEFAMATION AGAINST PLAINTIFF YORK UPON WHICH RELIEF CAN BE GRANTED BECAUSE THERE EXISTS AN ABSOLUTE PRIVILEGE TO MAKE DEFAMATORY STATEMENTS IN THE COURSE OF LEGAL PROCEEDINGS.**

In her counterclaim, Defendant Brown alleges that she was defamed by a statement made in a letter from counsel for York to the President of Maxwell, Brown's employer. Assuming for the sake of argument that Defendant Brown is correct in her allegation that a statement contained in undersigned counsel's correspondence is capable of a defamatory meaning, which York disputes, any such statement is privileged.

It is well settled in this Commonwealth that communications pertinent to any stage of judicial proceedings are accorded an absolute privilege, which cannot be destroyed by abuse; therefore, statements made by a party, a witness, counsel or a judge, cannot be the basis of a

1006626.1

defamation action when made in pleadings, open court, or even in less formal circumstances such as preliminary conferences, negotiations and routine correspondence exchanges between counsel in furtherance of their clients' interests. Pelagatti v. Cohen, 536 A.2d 1337, 1344 (Pa. Super. 1987). The privilege covers those communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought by a party. Post v. Mendel, 507 A.2d 351 355 (Pa. 1986); See also Stenograph, L.L.C. v. Sims, 2000 WL 964748 (E.D. Pa. 2000).

The Stenograph v. Sims case cited above is directly on point and should control the outcome in this case. As in the instant case, the defendant in Stenograph brought a counterclaim for defamation against the plaintiff. The defendant contended, in part, that a letter sent by plaintiff's counsel to the defendant and a third party contained defamatory statements. Id. at *4. Judge Newcomer of the Eastern District of Pennsylvania disagreed and found that plaintiff's counsel's letter was privileged and could not form the basis of a defamation claim. Id. at *4. In so finding, the Court instructed:

> Absolute privilege applies to communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought. The privilege serves to encourage everyone involved in a judicial proceeding "to speak frankly and argue freely without danger or concern that they may be required to defend their statements in a later defamation action."

Id. (internal citations omitted).

In the instant case, as in Stenograph, any alleged defamatory statements made by counsel for York in correspondence are absolutely privileged. The letter in question was issued after the Complaint was already filed and all matters contained in this letter relate to the litigation that had

just been commenced. Accordingly, the alleged defamatory letter was clearly issued in the regular course of judicial proceedings and directly relates to the proceedings to which it makes reference.

The alleged defamatory statement in this case is also pertinent and material to the redress or relief sought. In a copyright infringement action, the copyright owner may elect to recover instead of actual damages and profits, an award of statutory damages in a sum of not less than $250 or more than $10,000 as the court considers just. 17 U.S.C.A. §504(c)(1). However, where the copyright owner can prove that the infringement was committed **willfully**, the court may increase the award of statutory damages to a sum of up to $50,000. Id. at 504(c)(2) (emphasis added). Therefore, one of the first questions the Court must answer in determining the appropriate amount of statutory damages is whether the defendant willfully infringed the plaintiff's copyrights. See Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc., 658 F. Supp. 458, 463 (E.D.Pa. 1987). The alleged defamatory statement in this case deals with the issue of willfulness of infringement by Defendants and, as such, is pertinent and material to the nature and extent of the damages recoverable by York.

Additionally, the statement is pertinent to the judicial proceeding because it provides the very basis of the lawsuit. It expresses Plaintiff's concern about the ongoing copying of their designs. The statement goes to Defendant Brown's course of conduct with respect to recognizing and acknowledging competitor's copyrights. The statement goes to her knowledge of copyrights and the boundaries of the copyright law. It goes to her credibility as a witness. The jury will have to decide if the Maxwell design is a copy; Defendant Brown was the

1006626.1

4

individual who directed the design work. Whether or not she directed the designer, intentionally or otherwise, to "copy" the design is relevant and pertinent. Her history with respect to copyright issues is pertinent.

Since the statements contained in counsel's letter were issued in the regular course of judicial proceedings and are pertinent to this action, they are absolutely privileged and cannot form the basis of a defamation action. Accordingly, Defendant Brown's counterclaim should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Based on the above cited authorities and reasoning, Plaintiff York Wallcoverings, Inc. respectfully requests that this Honorable Court grant its Motion and dismiss Defendant Brown's counterclaim with prejudice.

BARLEY, SNYDER, SENFT & COHEN, LLC

Date: 8/22/01

By: _____
Bruce J. Wolstoncroft, Esquire
Kendra D. McGuire, Esquire
Attorneys for Plaintiff
York Wallcoverings, Inc.

126 East King Street
Lancaster, PA 17602
(717) 299-5201
Court I.D. No. 43923
Court I.D. No. 50919

1006626.1

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Brief in Support of Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) has been served this 22nd day of August, 2001, by first class mail, postage prepaid, upon:

    Albert Robin, Esquire
    Robin, Blecker & Daley
    330 Madison Avenue
    2nd Floor
    New York, NY 10017

    Ronald P. Schiller, Esquire
    Piper, Marbury, Rudnick & Wolfe, LLP
    3400 Two Logan Square
    18th & Arch Streets
    Philadelphia, PA 19103-2762

    Joseph L. Turchi, Esquire
    Rawle & Henderson, LLP
    The Widener Building
    One South Penn Square
    Philadelphia, PA 19107

    BARLEY, SNYDER, SENFT & COHEN, LLC

By: _____
    Kendra D. McGuire
    Attorneys for Plaintiff
    York Wallcoverings, Inc.

    126 East King Street
    Lancaster, PA 17602-2893
    Court I.D. No. 50919

1006626.1