

## ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC., :
          Plaintiff :
           :   No. 1:CV:01-0793
    v. :
           :   (The Honorable Sylvia H. Rambo)
S.A. MAXWELL COMPANY, INC. :
and JAIMA BROWN, :
          Defendants :

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

Plaintiff York Wallcoverings, Inc. submits this Reply Brief in response to Defendants' Brief in Opposition to York's Motion to Dismiss and hereby incorporates by reference the arguments set forth in its original Brief in support of the Motion to Dismiss.

In their Brief in Opposition, Defendants argue that Illinois defamation law actually applies in this case because Jaima Brown is domiciled in Illinois and any harm to her reputation would have been caused there.[1] However, contrary to Defendants' assertions, Illinois law with regard to the parameters of the "litigation privilege" is identical to that of Pennsylvania. Both states recognize that an attorney is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of,

---

[1] Defendants also devote several pages of their Brief to arguing that the statements at issue are capable of a defamatory meaning. York does not dispute that, at this point in the proceedings, this Court must accept all of Defendant Brown's factual allegations as true, even if those allegations are later proven to lack merit. In its Brief, York simply sets forth its position that it does not believe the letter in question is defamatory. See Pruitt v. Chow, 742 F.2d 1104, 1107 (7th Cir. 1984) (where allegedly defamatory letter published only to employee's employer and the employer would know the truth or falsity of the claims made therein, publication of the letter did not constitute defamation).

1014845.1

or during the course and as part of, a judicial proceeding in which he or she participates as counsel, if it has some relation to the proceeding. See e.g. Thompson v. Frank, 313 Ill.App.3d 661, 664 (2000); Pelagatti v. Cohen, 536 A.2d 1337, 1344 (Pa. Super. 1987); Stenograph, L.L.C. v. Sims, 2000 WL 964748 (E.D. Pa. 2000). Since there is no actual conflict between the laws of Pennsylvania and Illinois with respect to the appropriate standard to be applied in the present case, there is no need to determine which state's law should apply. See Koch v. Venezia Transportation Service, 2001 W.L. 722533 at *1 (E.D. Pa. June 27, 2001). If there is any variation between Pennsylvania and Illinois law, it comes in the interpretation of the law given particular factual scenarios.

The cases cited by Defendants in support of their argument that the litigation privilege does not apply are factually distinguishable from the present case. In the Kurczaba, Thompson and Lykowski cases, the alleged defamatory statements were disseminated to persons who were not parties, and had no connection whatsoever, to the action. See Kurczaba v. Pollock, 318 Ill.App.3d 686 (2000) (dissemination to individuals having no connection to action other than that they were part of the Polish community and may have been interested in immigration and other Polish-related matters); Thompson v. Frank, 313 Ill.App.3d 661 (2000) (publication of alleged defamatory statement by attorney to the opposing party's spouse); Lykowski v. Bergman, 299 Ill.App.3d 157 (1998) (privilege to defame judicial candidate extended to statements made to disciplinary board, but not statements made to media and plaintiff's employer because not part of judicial proceeding). In the instant case, the letter in question was sent only to Defendant Maxwell, a party to this action. The purpose of sending the letter was to give Maxwell notice of

1014845.1

2

the litigation as well as to offer an opportunity to resolve the dispute. Additionally, Maxwell was not represented by counsel at the time the Complaint was filed. Since the letter in question related directly to the lawsuit that had just been filed and its dissemination was limited to one of the litigants in the action, the above cited cases do not control the outcome in the instant case.

Under either Pennsylvania or Illinois law, Defendant Brown's defamation claim should be dismissed because the statement in question was issued in the course of judicial proceedings, is pertinent to the litigation and thus, is absolutely privileged. Defendants argue that the letter in question is not privileged because York is not entitled to statutory damages and, in the absence of a claim for statutory damages, the issue of willfulness of the infringement is not pertinent to a copyright infringement claim. However, they completely ignore York's argument that the statement is material to the proceeding because it expresses Plaintiff's concern about the ongoing copying of their designs and goes to Defendant Brown's course of conduct with respect to recognizing and acknowledging competitor's copyrights. Defendants also fail to address York's argument that the statement made in the letter also goes to Brown's knowledge of copyrights and the boundaries of the copyright law as well as her credibility as a witness. These reasons are more than sufficient to satisfy the pertinency requirement under either Pennsylvania or Illinois law. Golden v. Mullen, 295 Ill.App.3d 865, 870 (1997) (pertinency requirement is not applied strictly, and the privilege will attach even where the defamatory communication is not confined to specific issues related to the litigation); Stenograph, supra.

1014845.1

For all the foregoing reasons and those set forth in its original Brief, Plaintiff York Wallcoverings, Inc. respectfully requests that this Honorable Court grant its Motion and dismiss Defendant Jaima Brown's defamation claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

BARLEY, SNYDER, SENFT & COHEN, LLC

Date: SEPTEMBER 17, 2001

By: _____ for KENDRA D. MCGUIRE
Bruce J. Wolstoncroft, Esquire
Kendra D. McGuire, Esquire
Attorneys for Plaintiff
York Wallcoverings, Inc.

126 East King Street
Lancaster, PA 17602
(717) 299-5201
Court I.D. No. 43923
Court I.D. No. 50919

1014845.1

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply Brief has been served this 17TH day of SEPTEMBER, 2001, by first class mail, postage prepaid, upon:

>Albert Robin, Esquire
>Robin, Blecker & Daley
>330 Madison Avenue
>2nd Floor
>New York, NY  10017
>
>Ronald P. Schiller, Esquire
>Piper, Marbury, Rudnick & Wolfe, LLP
>3400 Two Logan Square
>18th & Arch Streets
>Philadelphia, PA  19103-2762
>
>Joseph L. Turchi, Esquire
>Rawle & Henderson, LLP
>The Widener Building
>One South Penn Square
>Philadelphia, PA  19107

>BARLEY, SNYDER, SENFT & COHEN, LLC
>
>By: _____ for Kendra D. McGuire
>Kendra D. McGuire
>Attorneys for Plaintiff
>York Wallcoverings, Inc.
>
>126 East King Street
>Lancaster, PA  17602-2893
>Court I.D. No. 50919

1014845.1