IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YORK WALLCOVERINGS, INC., | CIVIL NO.1:CV-01-0793 |
| Plaintiff | |
| v. | FILED |
| | HARRISBURG, PA |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | OCT 22 2001 |
| Defendants | MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |

## MEMORANDUM

Before the court is Plaintiff's motion to dismiss Defendant Brown's counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6). The parties have briefed the issues, and the matter is ripe for disposition.

I.   **Background**

This case involves a trademark dispute. Plaintiff, York Wallcoverings, Inc., alleges that Defendants S.A. Maxwell Company, Inc. ("Maxwell") and Jaima Brown ("Brown"), a Maxwell Employee, violated Plaintiff's trademark in certain wall coverings. Defendant Brown asserts a counterclaim, alleging that Plaintiff defamed her.

The facts relevant to the counterclaim are as follows: On May 4, 2001, Plaintiff's counsel, Barley, Snyder, Senft & Cohen, LLC, mailed a courtesy copy of the complaint in this case to Defendant Maxwell's President Rick Emmert ("Emmert"). Along with the copy of the complaint, Plaintiff's counsel included a cover letter allegedly containing the following statement: "Further, it has been commented that Ms. Brown has developed a reputation in the industry for using or

copying the designs of other companies." Defendant Brown avers that this statement constitutes defamation per se.

Defendant Brown further alleges that copies of the letter were circulated to Carl J. Vizzi (Plaintiff's President), Stanley A. Thomas (Plaintiff's Assistant Secretary and Treasurer), LeRue Brown (Plaintiff's Marketing Director), and Bruce J. Wolstonecroft, Esq. (Plaintiff's counsel). Defendant Brown also avers that Plaintiff maliciously and intentionally authorized the statement's publication. Defendant Brown contends that her professional reputation has been injured and that she has been personally humiliated by the statement's publication.

Plaintiff filed its trademark claim with the court on May 7, 2001. Defendants filed their answer on July 23, 2001. In that document, Defendant Brown asserted a counterclaim for defamation against Plaintiff for the statement in the letter from Plaintiff's counsel. On August 13, 2001, Plaintiff filed a motion to dismiss Defendant Brown's counterclaim for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard: Motion to Dismiss

A motion to dismiss a counterclaim pursuant to Rule 12(b)(6) tests the sufficiency of the counterclaim. *FTC v. Commonwealth Mktg. Group*, 72 F. Supp.2d 530, 534-35 (W.D. Pa. 1999) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993)). In deciding a motion to dismiss, the court must accept as true the facts as alleged in the counterclaim as well as any reasonable inferences that can be drawn from those alleged facts. *Id.* (citing *Unger v. National Residents Matching Prog.*, 928 F.2d 1392, 1400 (3d Cir. 1991)). The court is also to construe the

2

counterclaim in the light most favorable to parties asserting the counterclaim. *Id.* (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 665 (3d Cir.1988)). However, the court need not accept legal conclusions or factual inferences that are unwarranted. *Id.* "The [counterclaim] will be deemed to have alleged sufficient facts if it adequately put[s] the [plaintiff] on notice of the essential elements" of the counterclaim. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a counterclaim unless it appears beyond a doubt that the defendant can prove no set of facts in support of the counterclaim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### III.     Discussion

Plaintiff does not contend that Defendant Brown has not alleged facts establishing a prima facie case of defamation. Instead, Plaintiff argues that Defendant Brown's counterclaim should be dismissed because the statement was made in the course of legal proceedings and thus absolutely privileged. Because the court agrees with Plaintiff that the statements were sufficiently related to a legal proceeding to qualify for the privilege, the court will dismiss Defendant Brown's counterclaim.

Because the court has original jurisdiction over the counterclaim based on diversity of citizenship,[1] the court must apply state law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Defendant Brown argues that the substantive law of Illinois should govern this matter and that under that state's law, the litigation

---

[1] Plaintiff is a citizen of Pennsylvania, its state of incorporation and principal place of business. Defendant Brown is a citizen of Illinois, her domicile. Defendant Brown claims over $75,000 in damages. *See* 28 U.S.C. § 1332.

3

exception is inapplicable to Plaintiff's statement. Therefore, the court will apply the choice of law principles of Pennsylvania to determine whether the substantive law of Pennsylvania or Illinois will apply to this suit. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941); *LeJeune v. Bliss-Salem, Inc.*, 85 F.3d 1069, 1071 (3d Cir. 1996). Determining whether a conflict between the two states' laws is the first step in a choice of law analysis. If such a conflict exists, the court should apply the law of the state with the most significant relationship to the matter. *Wilson v. Slatalla*, 970 F. Supp. 405, 413 (E.D.Pa. 1997).

Defendant Brown claims that there are two significant conflicts between Pennsylvania and Illinois defamation law. According to her those conflicts involve whether a plaintiff must prove general or actual damages to recover for defamation per se and the extent to which the litigation privilege is available. Because Plaintiff raises the latter issue as the sole grounds for granting dismissal, and that matter is dispositive of the motion, the court will confine its conflict analysis to that issue. For the reasons stated below, the court finds that there is no conflict between Pennsylvania and Illinois law on this issue. Under either state's law, the statement is privileged.

Defendant Brown argues that Illinois courts have refused to extend the litigation privilege to include the type of out-of-court statements at issue here. Specifically, Defendant Brown relies on a trilogy of Illinois cases for the proposition that Illinois has rejected extension of the litigation privilege to cover out-of-court statements to a party's employer. *See Kurczuba v. Pollack*, 742 N.E.2d 425 (Ill. App. Ct. 2000); *Thompson v. Frank*, 730 N.E.2d 143 (Ill. App. Ct. 2000); *and Lykowski v. Bergman*, 700 N.E.2d 1064 (Ill. App. Ct. 1998). However, Defendant

4

Brown's reliance on these cases is misplaced. In all three cases, the Illinois Appellate Court refused to extend the litigation privilege because the parties to whom the communications were made were not parties to the matter to which the communication was related. *Kurczaba*, 742 N.E.2d at 440 ("Illinois clearly limits the attorney litigation privilege and has refused to extend it to third-party communications unrelated to a lawsuit.").

Like Illinois, Pennsylvania law limits the litigation privilege against defamation suits to statements bearing "a certain relationship to the proceeding so as to qualify it as privileged." *Post v. Mendel*, 507 A.2d 351, 356 (Pa. 1986). Additionally, "with respect to communications made prior to the institution of proceedings, the protected communication would need to have been pertinent and material and would need to have been issued in the regular course of preparing for contemplated proceedings." *Id.*

In this case, Plaintiff delivered the allegedly defamatory statement in a letter to Defendant Maxwell concerning both Defendants' conduct for which Defendant Maxwell may eventually be held liable. The letter, according to Defendant Brown's counterclaim, has only been published to the parties to this suit, their officers, and their counsel. The statement was included in a cover letter appended to a "courtesy copy of the complaint" in the instant litigation. (Def. Brown's Br. in Opp. to Mot. Dis. at 1.)

Judging by these facts, the statement in the letter, although delivered three days prior to the filing of the suit, related to the operative facts giving rise to Plaintiff's claims against Defendant Maxwell, and its employee, Defendant Brown. Both are parties to the claim. The statement was not published to third-parties

5

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:  1:01-cv-00793   York Wallcoverings, v. S.A. Maxwell Company

True and correct copies of the attached were mailed by the clerk to the following:

Kendra D. McGuire, Esq.
126 East King St.
Lancaster, PA  17603

Ronald P. Schiller, Esq.
Piper Marbury Rudnick & Wolfe, LLP
3400 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19102

Beth Castelli Fitt, Esq.
Joseph L. Turchi, Esq.
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA  19107

Albert Robin, Esq.
Robin, Blecker, Daley & Driscoll
330 Madison Avenue
New York, NY  10017

cc:
Judge                  (X )           ( ) Pro Se Law Clerk
Magistrate Judge       ( )            ( ) INS
U.S. Marshal           ( )            ( ) Jury Clerk

MARY E. D'ANDREA, Clerk

DATE: October 22nd, 2001                BY: /s/
                                        Deputy Clerk