**ORIGINAL**

FILED
FEB 28 2002

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.　　　　　　　:
　　　　　　　Plaintiff　　　　　　　　　　　:　　No.: 1:CV:01-0793
　　　　　　　　　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
S.A. MAXWELL COMPANY, INC. AND　　　:　　(The Hon. Sylvia H. Rambo)
JAIMA BROWN　　　　　　　　　　　　　　:
　　　　　　　Defendants　　　　　　　　　:

**MEMORANDUM IN SUPPORT OF**
**APPLICATION FOR AN ORDER TO SHOW CAUSE**

Plaintiff York Wallcoverings, Inc. ("York") submits this Memorandum in Support of its Application For an Order to Show Cause. In addition to this Memorandum, the Application is based on the Complaint filed herein, and the Exhibits attached hereto.

**Request for Relief**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, York requests that this Court enter an order to show cause and schedule a hearing as to why a preliminary injunction should not issue barring Defendant S.A. Maxwell Company, Inc. ("Maxwell") from distributing any wallcovering, border or fabric that infringes York's copyrighted Elephant Wallcovering and Border design.

**Grounds for Relief**

1.　　　　York seeks an order to show cause because Maxwell has improperly and unlawfully infringed York's exclusive rights to its copyrighted Elephant Wallcovering and Border design by distributing, marketing and selling substantially similar wallcovering, border

1046982_1.DOC

1

and fabric designs produced largely by copying from York's proprietary designs. As a result, Maxwell has taken improper and unlawful advantage of York's exclusive rights as copyright owner to York's detriment, and will continue to do so unless its conduct is restrained by this Court.

2.     York initiated suit alleging, inter alia, violation of its copyright and seeking, inter alia, injunctive relief.

3.     Under 17 U.S.C. §501, anyone who violates any of the exclusive rights of a copyright owner is an infringer of the copyright and subject to suit under 28 U.S.C. §1338. Under 17 U.S.C. §502, any court having jurisdiction of a civil action for copyright infringement may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

4.     York is proceeding by order to show cause because it can establish a prima facie case of copying and therefore irreparable injury should be inferred without detailed proof of such injury.

5.     In addition to this presumption of irreparable harm, York is being irreparably harmed by Maxwell's conduct, and requests that the Court schedule a hearing on its Application for a preliminary injunction at the earliest opportunity convenient to the Court.

**Factual Background**

6.     York is the exclusive owner of the copyright to the Elephant Wallcovering and Border. York has complied with all requirements of the Copyright Act and has a certificate of registration for the designs from the Copyright Office that bears the registration numbers VA1-

1046982_1.DOC

064-203 and VA1-064-204, both effective February 12, 2001. True copies of the registration certificates and amended registration certificate are attached to the Complaint as Exhibit A.

7. Maxwell is a U.S.-based manufacturer of wallcoverings widely distributed throughout the United States. Defendant Jaima Brown ("Brown") is the Director of Design for Maxwell and directed the design of the infringing Maxwell wallcoverings, borders and fabric.

8. York expended considerable resources in developing the Elephant Wallcovering and Border design, including the creative efforts of its in-house design studio. The Elephant Wallcovering and Border is a unique, exclusive and multi-faceted design. As with other York wallcoverings, the designs are marketed and sold through designer showrooms and retail stores throughout the country.

9. York's Elephant Wallcovering and Border is featured in a collection entitled "Passport." The cover of the Passport sample book features the elephant from York's Elephant Wallcovering. See, copy of Passport sample book cover, attached hereto as Exhibit B. The cover of a wallcovering sample book is the primary factor in drawing a customer's attention to a collection of wallcoverings and serves as the primary reference point for the customer who wishes to revisit a wallcovering collection. See, Affidavit of LaRue Brown, attached hereto as Exhibit C.

10. Since it was placed on the market in October 1999, York's Elephant Wallcovering and Border have enjoyed substantial popularity in the marketplace. York has sold many thousands of rolls of wallcovering of the design and plans to sell many thousands of yards over the next several years.

11. In January 2001, Maxwell released and began distribution of a wallcovering, border and fabric design that is substantially similar to and appears to have been produced by unlawful copying from York's Elephant Wallcovering and Border. Maxwell has included its infringing designs in its "Sesquicentennial" sample book in three colorways that closely match two of York's color ways, or color schemes. Maxwell has also produced fabric on which the infringing design is depicted.

12. Maxwell's Sesquicentennial sample book also features the elephant from York's Elephant Wallcovering. See, copy of Sesquicentennial sample book cover, attached hereto as Exhibit D.

13. It was through viewing an advertisement consisting of a modified version of the cover of the Sesquicentennial sample book that employees of York first began to suspect that copying was taking place. See, advertisement, attached hereto as Exhibit E.

14. The substantial similarities in the covers of the sample books cause consumer confusion as to the origin of the design and the company who offers the design.

15. Maxwell and Brown have admitted that they had access to York's Elephant Wallcovering. See, Joint Case Management Plan submitted in this case. Brown has admitted providing a piece of York's Elephant Wallcovering to William Carroll, the artist with whom Defendants contracted to draw the design for the infringing Maxwell wallcovering, border and fabric. Defendant Brown specifically drew Mr. Carroll's attention to the copyrighted York Elephant Wallcovering and told Mr. Carroll that she liked the texture and feel of the York Elephant Wallcovering. See, copy of the relevant portion of Ms. Brown's deposition, p.67, lines

1046982_1.DOC

6 through p.68, line 21 (Exhibit 11 being the original piece of the York Elephant Wallcovering), attached hereto as Exhibit F. The extent to which Maxwell has duplicated York's design is evident by a comparison of the two designs.

16. Maxwell's wallcoverings are offered on a nationwide basis for sale to the same general types of customers and at the same types of retail locations where York's wallcovering products are sold. Through its sales of the infringing design, Maxwell wrongfully diverted sales to itself from York. York's remedy at law is inadequate.

17. Maxwell's actions irreparably injure York's goodwill and reputation. Although York is known as an innovator in color and design in the wallcovering market, Maxwell's widespread dissemination of the infringing design gives the impression that York's designs are neither distinct nor innovative. If York is perceived as a producer of look-alike wallcoverings, it will suffer loss and irreparable harm. Moreover, the continued presence in the market of infringing design compromises York's ability to fully exploit its design and derivative works drawn therefrom. York's remedy at law is inadequate.

18. The typical lifespan of a wallcovering book is approximately three (3) years. See, Affidavit of LaRue Brown, attached hereto as Exhibit C. Accordingly, by the time this action is called for trial (during the September 2002 trial term), injunctive relief, as provided for in the Copyright Statutes, will be a form of relief which, in fact, offers Plaintiff no relief and has no deterrent effect on Maxwell. The vast majority of sales from the Sesquicentennial sample book would have occurred by the time this matter comes to trial.

1046982_1.DOC

19. At this juncture in the litigation, considering the "life" of the Sesquicentennial sample book, the harm to York should the infringing material remain on the market is far greater than any harm to Maxwell.

20. Attempts at mediation have proven to be unsuccessful.

21. Accordingly, York seeks to have Maxwell preliminarily enjoined from selling or distributing the infringing designs pending trial on the merits.

22. No prior request for this or any similar relief has been made to this or any other Court.

BARLEY, SNYDER, SENFT & COHEN, LLC

Date: 2/27/02

BY: _____
Bruce J. Wolstoncroft, Esquire
Kendra D. McGuire, Esquire
Attorneys for Plaintiff
York Wallcoverings, Inc.

126 East King Street
Lancaster, PA 17602
(717) 299-5201
Court I.D. No. 43923
Court I.D. No. 50919

1046982_1.DOC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum in Support of Application for an Order to Show Cause has been served this _27th_ day of _February_, 2002, by first-class mail, postage pre-paid, upon:

>Albert Robin, Esquire
>Robin, Blecker & Daley
>330 Madison Avenue
>2nd Floor
>New York, NY  10017
>
>Ronald P. Schiller, Esquire
>Piper, Marbury, Rudnick & Wolfe, LLP
>3400 Two Logan Square
>18th & Arch Streets
>Philadelphia, PA  19103-2762
>
>Joseph L. Turchi, Esquire
>Rawle & Henderson, LLP
>The Widener Building
>One South Penn Square
>Philadelphia, PA  19107

BARLEY, SNYDER, SENFT & COHEN, LLC

By: _____
Bruce J. Wolstoncroft, Esquire
Kendra D. McGuire, Esquire
Attorneys for Plaintiff
York Wallcoverings, Inc.

126 East King Street
Lancaster, PA  17602-2893
Court I.D. No. 43923
Court I.D. No. 50919

1046982_1.DOC