ORIGINAL 2 to CN w/o

41
6-14-02
SC

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.,                    :

               Plaintiff,                    :                    NO. 1:CV-01-0793

        v.                    :                    (The Hon. Sylvia H. Rambo)

S.A. MAXWELL COMPANY, INC.                    :
and JAIMA BROWN,
                        :
            Defendants.                    :

FILED
HARRISBURG, PA

JUN 1 3 2002

MARY E. D'ANDREA, Cl
Per _____
          Deputy Clerk

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION
### TO STAY PRELIMINARY INJUNCTION ORDER

    Defendants, S.A. Maxwell Company, Inc. and Jaima Brown ("Defendants"), submit this

memorandum in support of their Motion Pursuant to F. R. Civ. P. § 62(c) to Stay Preliminary

Injunction Order Pending Appeal.

FACTS

    On June 10, 2002, this Court entered an order granting Plaintiff's Motion for a

Preliminary Injunction (the "Order"). The Order did not provide for the posting of a bond by

Plaintiff even though Rule 65(c) requires that such security be given. Additionally, Defendants

submit that in the Memorandum of Law upon which the Order was based (the "Memorandum of

Law"), there is an error of law in the holding that the four month delay in bringing suit and the

eight month delay after suit was commenced in seeking a preliminary injunction did not

demonstrate the absence of irreparable harm. This error was further compounded by using

Defendants' request for an extension of its time to answer and Defendants' willingness to

mediate as justifications for Plaintiff's delay.

Defendants are filing a Notice of Appeal from the Order and will request that the Court of Appeals expedite the hearing of their appeal. Defendants believe that they have meritorious grounds for an appeal and request that the Order be stayed to avoid rendering their right to appeal a nullity. In addition, Defendants request that the Order be modified to delete therefrom the requirement that they order retailers to take action, since Defendants have no ability to "order" the retailers to do anything, and, in any event, Defendants do not deal directly with retailers.

ARGUMENT

I.    THE PRELIMINARY INJUNCTION ORDER SHOULD BE STAYED

Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, when an appeal is taken from a judgment granting an injunction, the court may suspend it during the pendency of the appeal. Defendants' request for a stay pending appeal should be granted because (A) they are likely to prevail on the merits of the issues on appeal; (B) they will suffer irreparable injury if the stay is denied; (C) Plaintiff will not be substantially harmed by the stay; and (D) the public interest will be served by granting the stay. *Sentry Ins. v. Pearl*, 662 F. Supp. 1171, 1173 (E. D. Pa. 1987), *aff'd without op.,* 833 F.2d 307 (3d Cir. 1987); *Harris v. Pernsley*, 654 F. Supp. 1057 (E.D. Pa. 1987).

A.    Likelihood of Success

Likelihood of success on appeal is established by showing that there are substantial questions presented as to the validity of this Court's decision. *Merchant & Evans, Inc. v. Roosevelt Bldg. Prods. Co.*, 1991 U.S. Dist. LEXIS 18493, 22 U.S.P.Q.2d 1094 (E. D. Pa. 1991), *citing Charlie's Girls, Inc. v. Revlon, Inc.*, 483 F.2d 953, 954 (2d Cir. 1973).

1.  Failing to Provide For the Posting of a Bond by
    <u>Plaintiff as Required by Rule 65(c) Is Reversible Error.</u>

Rule 65(c) of the Federal Rules of Civil Procedure provides that:

> No restraining order or preliminary injunction shall issue except
> upon the giving of security by the applicant, in such sum as the
> court deems proper, for the payment of such costs and damages as
> may be incurred or suffered by any party who is found to have
> been wrongfully enjoined or restrained…

Thus, the posting of a bond by Plaintiff is clearly required for issuance of injunctive relief, and the Court's failure to require such is reversible error. *System Operations, Inc. v. Scientific Games Development Corp.*, 555 F.2d 1131, 1145 (3d Cir. 1977) (holding that "a district court commits reversible error when it fails to require the posting of a security bond by the successful applicant for a preliminary injunction"); *see also Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 209-211 (3d Cir. 1990) (failure to require plaintiffs in civil-RICO action to post bond constituted error).

The bond requirement has been interpreted very strictly by the courts of this circuit and no relevant Third Circuit case has upheld a district court's excuse of this requirement. *See Frank's GMC Truck Center v. G.M.C.*, 847 F.2d 100, 103 (3d Cir. 1988) (noting that, "while there are exceptions, the instances in which a bond may not be required are so rare that the requirement is almost mandatory"); *cf. Temple Univ. v. White*, 941 F.2d 201 (3d Cir. 1991) (authorizing waiver of bond for injunction requiring state department of public welfare to make interim Medicaid payments while program establishing appropriate rates was brought into conformity with regulations, reasoning that equities of potential hardships to parties weighed in favor of waiving bond requirements).

This failure to provide for the posting of a bond leaves no protection to Defendants in the event that the Order granting preliminary injunction is reversed on appeal.  Absent the posting of

such a bond by Plaintiff, the court would have "no power to award damages if it is later determined that an injunction had been improvidently entered." *Universal Athletic Sales Co. v. American Gym*, 480 F. Supp. 408, 424 (W. D. Pa. 1979), *citing Russell v. Farley*, 105 U.S. 433 (1881); *see also Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 804 (3d Cir. 1989) ("a bond provides a fund to use to compensate incorrectly enjoined defendants"). Furthermore, the protection afforded by the posting of a bond is of great importance in the preliminary injunction context, for "because of attenuated procedure, an interlocutory order has a higher than usual chance of being wrong." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d at 804.

Thus, the failure to provide for the posting of a bond by Plaintiff as required by Rule 65(c) is reversible error.

2. Finding Irreparable Harm Despite Plaintiff's
   Delay In Seeking Relief Is Reversible Error.

Defendants submit that it was an error of law to hold that the four month delay in bringing suit and the eight month delay after suit was commenced in seeking a preliminary injunction did not demonstrate the absence of irreparable harm. This error was further compounded by using Defendants' request for a short delay in its time to answer and Defendants' willingness to mediate as justifications for Plaintiff's delay.

While the Memorandum and Order attempts to distinguish one of the cases relied upon by Defendants, it appears to overlook the three other cases cited by Defendants to support their argument that Plaintiff's delay of over a year is persuasive evidence that it will not suffer any irreparable harm. Specifically, Defendants cited *Country Floors, Inc. v. Gepner*, 1989 U.S. Dist. LEXIS 7063 (E.D. Pa. 1989), in which the court denied injunctive relief, partly due to plaintiff's delay, which had undercut any presumption that infringement alone had caused irreparable harm

*pendente lite*; *American Int'l Group, Inc. v. American Int'l Airways, Inc.*, 726 F. Supp. 1470 (E.D. Pa. 1989), in which the court refused to issue an injunction, ruling that the presumption of irreparable harm was undermined because plaintiff delayed in seeking relief; and *Richard Feiner & Co. v. Turner Entertainment Co.*, 98 F.3d 33 (2d Cir. 1996), in which the court held that plaintiff's delay of over a year in seeking relief made an injunction improper since such delay was suggestive of a lack of irreparable harm.

The Memorandum and Order attempts to distinguish *New Dana Perfumes Corp. v. Disney Store, Inc.*, 131 F. Supp. 2d 616 (M.D. Pa. 2001), which Defendants cited for its holding that plaintiff's unexplained delay of two months in presenting a cease and desist letter, and another unexplained delay of five months in moving for injunctive relief precluded a finding of irreparable harm, and therefore warranted denial of its preliminary injunction motion. While focusing on the *Disney* defendant's "longstanding uncontested use" of the *Disney* plaintiff's trademark, the Memorandum and Order ignores the language of the Disney opinion stating:

> [e]ven if consideration of the effect of plaintiff's delay is limited to the period after the end of October, 1999, when plaintiffs concede knowledge of The Disney Store marketing and sales of allegedly infringing products, plaintiff's failure to act sooner than it did undercuts the sense of urgency that typically accompanies a motion for preliminary injunctive relief. [emphasis added]

*Id.* at 630. In other words, regardless of the specific facts involved in the *Disney* case, the *Disney* Court held that even a delay of a few months is enough to preclude a finding of irreparable harm.

The Memorandum and Order's reliance on *Times Mirror Magazines Inc. v. Las Vegas Sports News*, 212 F.3d 157 (3d Cir. 2000), seems misplaced for a number of reasons. First, *Times Mirror* involved claims of trademark infringement and dilution, not copyright infringement. Second, the 15-month delay excused by the court in *Times Mirror* was in filing suit, not in moving for a preliminary injunction after suit was filed. While public policy may

favor delay in filing suit in an effort to avoid litigation, the litigation here had already been commenced and discovery virtually completed. Third, while the delay in *Times Mirror* was attributable to prolonged negotiations between the parties, there is no evidence in the instant record of any negotiations other at the mediation session in January of 2002, a session that Plaintiff entered into with the full knowledge that Defendants would not agree voluntarily to discontinue sale of the wallcoverings at issue.[1] Finally, the injunction in *Times Mirror* was stayed by the parties pending appeal.

Thus, it is clear that the finding of irreparable harm despite the Plaintiff's delay in seeking a preliminary injunction is reversible error.

B.    Irreparable Harm

In the absence of a bond, Defendants will have no remedy if, after the jury trial on the merits, it turns out that the preliminary injunction was improvidently entered. At the very least, Defendants will lose all future sales of the patterns at issue, which could amount to some $50,000. If Defendants' fears are correct, they could lose some or all of the sales of the other patterns in the Sesquicentennial sample book, which could be as much as $750,000. Such an inability to recover any compensation for such losses constitutes irreparable harm.

C.    Plaintiff's Harm

The fact that Plaintiff did not move for a preliminary injunction for over a year is persuasive evidence that it was not in fact suffering irreparable harm, and it seems reasonable to assume that Plaintiff will not in fact suffer irreparable harm from a stay of the Preliminary Injunction Order pending appeal.

---

[1] The fact that Plaintiff continued with voluntary mediation despite such knowledge is further evidence that Plaintiff's harm, as admitted to in the deposition of Carl Vicci, Plaintiff's president, is compensable by money and is therefore not irreparable.

D.    The Public Interest

The public interest will not be disserved by the stay and, insofar as some members of the public have a need for the Maxwell wallcoverings in suit either to supplement or repair previously purchased and installed wallcoverings, the pubic interest will be served thereby.

II.    THE PRELIMINARY INJUNCTION ORDER SHOULD BE MODIFIED

The Order should be modified to delete therefrom the requirement that Defendants order retailers to take action, since Defendants have no ability to order the retailers to do anything, and, in any event, do not deal directly with retailers. In this Circuit, such mandatory injunctions are generally disfavored and are only ordered in the rarest of cases. *See, e.g., Punnett v. Carter*, 621 F.2d 578 (3d Cir. 1980); *Gamlen Chemical Co. v. Gamlen*, 79 F. Supp. 622 (W. D. Pa. 1948). Furthermore, if, as the Order provides, Defendants were to order or even request retailers to *remove* certain pages from sample books, then this *preliminary* injunction would be unjustly transformed into a form of *permanent* relief for Plaintiff.

CONCLUSION

For the foregoing reasons, it is respectfully requested that this Honorable Court grant

Defendants' motion and stay the Preliminary Injunction Order pending appeal.


Dated:  New York, New York
        June 12, 2002

                                        Respectfully submitted,

                                        Albert Robin (AR-7254)
                                        Robin Blecker & Daley
                                        Attorneys for Defendants
                                        330 Madison Avenue
                                        New York, NY 10017
                                        (212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107