ORIGINAL

2 TO CT

47
7/1/02

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YORK WALLCOVERINGS, INC., | : | |
| Plaintiff, | : | NO. 1:CV-01-0793 |
| v. | : | (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | : | |
| Defendants. | : | |

FILED
HARRISBURG, PA

JUN 2 8 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY PRELIMINARY INJUNCTION ORDER

Defendants, S.A. Maxwell Company, Inc. and Jaima Brown ("Defendants"), submit this Reply Brief In Support of its Motion Pursuant to F. R. Civ. P. § 62(c) to Stay Preliminary Injunction Order Pending Appeal. The Motion relied principally upon two errors committed in the Memorandum and Order, namely (1) its failure to require a bond and (2) its failure to hold that Plaintiff's acts in delaying to move for a preliminary injunction negated its claim of irreparable harm. While the Court has partially responded to the motion by requiring the posting of a bond, it has not as yet addressed either the issue of a stay or the issue of modification of the Order.

### I.

### THE MEMORANDUM ERRED IN ITS ANALYSIS OF THE EFFECT OF PLAINTIFF'S DELAY IN SEEKING PRELIMINARY RELIEF

Defendants resubmit that it was error to hold that Plaintiff's four month delay in bringing suit, and eight month delay after suit was commenced in seeking a preliminary injunction, did not demonstrate the absence of irreparable harm.

While Plaintiff is correct in stating that "the Court can choose to rely on certain cases cited by either party," the Court should not ignore the weight of established precedent in this and other Circuits. As indicated in *Country Floors, Inc. v. Gepner*, 1989 U.S. Dist. LEXIS 7063 (E.D. Pa. 1989), and *American Int'l Group, Inc. v. American Int'l Airways, Inc.*, 726 F. Supp. 1470 (E.D. Pa. 1989), a plaintiff's delay in seeking injunctive relief is persuasive evidence that it will not suffer irreparable harm. Indeed, as held by the Second Circuit in a case involving shorter delays than those present here, "delay alone may justify denial of a preliminary injunction." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). There are a number of reasons that support such a holding. First, the fact of delay in moving for a preliminary injunction is better evidence of the absence of irreparable harm than a movant's protestations are evidence of the existence of harm. If Defendants' alleged infringement was causing Plaintiff irreparable harm, it would have moved promptly for preliminary relief. Second, a hearing on a motion for a preliminary injunction is in additional to, not a substitute for, a trial on the merits, and it should not be a means to waste precious judicial resources, particularly where, as here, a trial on the merits was to occur in a matter of months. Finally, if a party can move for a preliminary injunction at any time during a proceeding, the threat of such a motion puts undue pressure upon the respondent to capitulate.

The only situation in which delay should not preclude the issuance of a preliminary injunction is one in which there was some change in the conduct of the respondent which increased the harm to the movant. Here any harm caused to Plaintiff by Defendants' sales of the allegedly infringing designs was necessarily declining with the decline in Defendants' sales.

Numerous cases involving delays of a mere few months, much less over a year as in the instant case, have refused to find irreparable harm and thus declined to grant requests for

injunctive relief. *See, e.g., W.B. Marvin Mfg. Co. v. Howard Berger Co.*, 2002 U.S. App. LEXIS 8037 (2d Cir. 2002) (upholding denial of a preliminary injunction request due to plaintiff's delay of 3 months from learning of defendant's alleged infringement to filing suit and another delay of 3 months in bringing motion for preliminary injunction); *International Ass'n of Plumbing and Mechanical Officials v. International Conference of Bldg. Officials*, 1996 U.S. App. LEXIS 5791 (9th Cir. 1996) (reversing the district court's grant of a preliminary injunction due to plaintiff's delay of 7 months after filing suit before seeking injunctive relief); *Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*, 872 F.2d 75 (4th Cir. 1989) (upholding the denial of a preliminary injunction request due to plaintiff's delay of 9 months before seeking injunctive relief).

Both Plaintiff in its opposition papers and this Court in the Memorandum and Order attempt to distinguish *New Dana Perfumes Corp. v. Disney Store, Inc.*, 131 F. Supp. 2d 616 (M.D. Pa. 2001), which Defendants cited for its holding that plaintiff's unexplained delay of two months in presenting a cease and desist letter, and another unexplained delay of five months in moving for injunctive relief precluded a finding of irreparable harm, and therefore warranted denial of its preliminary injunction motion. Defendants repeat that, while the facts in the *Disney* case may not have been analogous to those herein, it set forth as a legal proposition that even a delay of a few months is enough to preclude a finding of irreparable harm.

Even more important than the facts of the cases upon which Defendants rely is their rationale that "actions speak louder than words." A party who is in fact suffering irreparable harm will take action to obtain its cessation. If Plaintiff were in fact suffering irreparable harm, it would not have waited four months to file suit and eight more months to move for a preliminary injunction. Defendants submit that it is Plaintiff's action, or rather, lack of action, which demonstrates the absence of irreparable harm.

## II.

## PLAINITFF'S CLAIM OF IRREPARABLE HARM
## LACKS EVIDENTIARY SUPPORT

Not only was Plaintiff not entitled to a presumption of irreparable harm, but, contrary to Plaintiff's contention (Brief, p. 3), the factual support for its claim of irreparable harm has not been "proven" but, for the most part, merely alleged. For example, while the Memorandum and Order (p. 14) finds that Plaintiff "conducted a thorough investigation of the market to determine whether their product was truly unique," the citation for this finding is Plaintiff's Reply Brief. Since Plaintiff's product had been on the market for some three months before Defendants' product appeared, Plaintiff must have had considerable knowledge as to what was in the marketplace. More significantly, of course, there was no need for Plaintiff to conduct any such investigation. The issue in this action is whether Defendants copied. The issue on the motion for a preliminary injunction is whether Plaintiff was suffering irreparable harm.

In addition, the Memorandum and Order (p. 16) states that Plaintiff "invests an unusually large portion of its capital in procuring and producing original design work," and that "[t]his effort has contributed to York's industry-setting reputation for original design work." While the amounts invested by Plaintiff and its reputation seem to be matters readily proven, there was no evidence of record as to the amounts that Plaintiff invests in procuring or producing original design work, let alone the amount it invested in procuring and producing the designs at issue. Similarly, there was no independent evidence of record that Plaintiff has any reputation, let alone an "industry-setting" reputation.

In reaching the conclusion that Defendants "lack the heralded reputation that York enjoys," the Memorandum and Order (p. 16) states that due to Plaintiff's "significant investment, York must charge a higher price for its wall coverings and borders in order to make a profit" and

4

that "Maxwell does not incur such high expenses because it does not purchase archived collections and has a much smaller in-house design studio." There is no record support for either of these "findings," and the limited evidence of record indicates that the converse is true. As is set forth in the Affidavit of Albert Robin submitted under separate cover to protect the confidentiality of information contained therein, the higher price that Plaintiff charges bears no such relationship to its admitted costs, and, in fact, Defendants appear to have spent more in creating the designs at issue than did Plaintiff.

Insofar as the Court based its finding of irreparable harm on Plaintiff's alleged injury to its reputation, the record is devoid of any evidence that Defendants' designs had any impact upon the sales of Plaintiff's designs, let alone upon Plaintiff's reputation. Since it was Plaintiff's burden to establish irreparable harm, the absence of any such evidence seems telling.

### III.

### MODIFICATION OF THE ORDER

Defendants request modification of the order in two respects. First, Maxwell sells to distributors, not to retailers, with the exception of the two or three retail stores to which Plaintiff refers. Defendants have distributed over 6,000 Sesquicentennial Sample Books, which indicates that they are in the possession of a like number of retailers. Thus, there is no basis for the Court to order Defendants to communicate with retailers. Moreover, Defendants have no ability to "order" distributors or retailers to do anything. Defendants can and have, pending a decision on their motion to stay, discontinued the sale or shipment of the enjoined designs to everybody. Second, insofar as the order requires retailers to remove pages from the sample books, it is equivalent to granting final, not preliminary, relief.

5

In its Brief, Plaintiff requests that the Order be amended "to spell out, in exact terms," that distributors are not to sell or ship any existing inventory of the infringing product currently in their possession. This request seems improper for at least two reasons. First, Plaintiff did not seek such relief in its motion. Second, and more importantly, the distributors are not before the Court.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Honorable Court grant Defendants' motion and stay the Preliminary Injunction Order pending appeal.

Dated: New York, New York
       June 27, 2002

Respectfully submitted,

*[signature]*

Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107