ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.,

    Plaintiff,

v.

S.A. MAXWELL COMPANY, INC.
and JAIMA BROWN,

    Defendants.

NO. 1:CV-01-0793

(The Hon. Sylvia H. Rambo)

FILED
HARRISBURG, PA

JUN 28 2002

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

### DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION PURSUANT TO F. R. CIV. P. 12(b)(6) TO DISMISS PLAINTIFF'S CLAIMS FOR STATUTORY DAMAGES AND ATTORNEY'S FEES

Defendants, S.A. Maxwell Company, Inc. and Jaima Brown ("Defendants"), submit this brief in support of their Motion Pursuant F. R. Civ. P. § 12 (b)(6) to Dismiss Plaintiff's Claims for Statutory Damages and Attorney's Fees.

### FACTS

On May 7, 2001, York Wallcoverings, Inc. ("Plaintiff") commenced this action against Defendants seeking damages for alleged copyright infringement. In its Complaint, Plaintiff asserted that its Elephant Sidewall and Border designs at issue in this litigation were created in 1999 and first published on October 25, 1999. (Complaint, ¶¶ 7 – 13) On February 8, 2001, Plaintiff applied for registration of these designs with the Copyright Office. (Complaint, ¶ 14) On February 12, 2001, these applications issued to registration under Nos. VA-1-064-203 and VA-1-064-024. (Plaintiff's Application For An Order to Show Cause, p. 1; Plaintiff's Memorandum In Support Of Application For An Order to Show Cause, pp. 2 – 3)

In its Complaint, Plaintiff demanded "the right to elect statutory damages, including for willful infringement, in lieu of actual damages, in accordance with 17 U.S.C. §504(c) and that "Defendants (jointly and severally) be ordered to pay to York all of York's costs and attorneys' fees, including as provided by 17 U.S.C. §505."

In their Answer, filed on July 23, 2001, Defendants asserted as their Third Affirmative Defense that Plaintiff "is not entitled to statutory damages or attorneys' fees under 17 U.S.C. §412(2) since York did not register its claims of copyright prior to Defendants alleged infringement or within three months after first publication. Additionally, Defendant Brown asserted a counterclaim for defamation resulting from a statement made by Plaintiff's counsel in its cover letter served with the Complaint.

In the Joint Case Management Plan dated August 16, 2002, Plaintiff agreed that Defendants' wallcovering, border and sample book, which allegedly infringe Plaintiff's copyrights, "were available to the purchasing public before Plaintiff's copyrights were registered." (Joint Case Management Plan, p. 4, ¶ 1.21(2))

There seems no doubt that both Plaintiff and its counsel knew when this action was commenced that Plaintiff's copyright applications were not filed until after Defendants' alleged infringement commenced, and thus, no claim for statutory damages was available. In any event, they were clearly made aware of this through Defendants' Third Affirmative Defense and Paragraph 1.21(2) of the Joint Case Management Plan. Nonetheless, in its Brief dated August 22, 2001, submitted in support of a motion to dismiss Defendant Brown's defamation counterclaim, Plaintiff argued that the allegedly defamatory statement was pertinent and material to its claim for statutory damages because the maximum amount of such damages depends upon whether the

infringement was committed willfully. (Plaintiff's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), p. 2, ¶¶ 9 – 10)

On September 6, 2001, Defendant Brown filed a brief in opposition to Plaintiff's motion to dismiss her counterclaim. Defendants argued, *inter alia*, that the issue of willfulness of infringement is irrelevant because, by delaying in registering its claims of copyright, Plaintiff has foregone any right to statutory damages. (Defendant Jaima Brown's Brief In Opposition to Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), p. 9 – 11)

Nonetheless, Plaintiff's Reply Brief dated September 17, 2001, at p. 4, contains the following statement:

> Additionally, statutory damages have been pled as part of York's complaint. There has been no motion filed by Defendants to dismiss York's claim for statutory damages. Therefore, until further Order of Court, statutory damages are at issue in this case and the willfulness of Defendant Brown's infringement is pertinent to the instant litigation.

In other words, even though there was, and could be, no good faith basis for Plaintiff to assert a claim for statutory damages, let alone to maintain the claim after it was demonstrated to be baseless, Plaintiff took the position that it was under no obligation to withdraw the claim until Defendants made a motion and the Court ruled thereon. Such a position is contrary to the spirit and the letter of the Federal Rules. *See, inter alia,* Rule 11(b)(2).

On October 22, 2001, this Court granted Plaintiff's Motion to Dismiss Defendants' Counterclaim, thereby insulating the defamatory statement made by Plaintiff's counsel from scrutiny. Even though the Court should have at least made mention of the fact that Plaintiff's motion was based in part upon an untenable claim for statutory damages, it chose not to address that claim in concluding that the statement at issue was sufficiently related to the present litigation

to fall within the litigation privilege under the law of either Pennsylvania or Illinois.

In view of Plaintiff's stated position that statutory damages are at issue in this case until the Court issues an order that they are not, Defendants have no alternative but to file the instant motion. Since Defendants have been forced to incur unnecessary attorney's fees in defending the motion to dismiss the counterclaim and in bringing this motion, Defendants respectfully request that the order of dismissal include an award of those attorney fees.

## ARGUMENT

The Copyright Act provides that a successful plaintiff may recover either actual or statutory damages. 17 U.S.C § 504(c)(1). Section 504(c) states in pertinent part:

> (1)... the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just...
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000...

The Copyright Act also provides that a successful plaintiff may be awarded reasonable attorney's fees. 17 U.S.C. §505. Section 505 states in pertinent part:

> Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of costs.

Nevertheless, the Copyright Act limits the circumstances in which statutory damages and an attorney's fee may be awarded. 17 U.S.C. §412. Section 412 provides in material part that:

> ...no award of statutory damages or of attorney's fees as provided by sections 504 and 505, shall be made for ...
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless

such registration is made within three months after the first publication of the work.

### (1) Defendants' Alleged Infringement Commenced After First Publication Of Plaintiff's Designs.

Plaintiff's designs at issue in this litigation were first published on October 25, 1999. (Complaint, ¶¶ 7 – 13)  Defendant's alleged infringement commenced after this date, as admitted to by Plaintiff in its Complaint, wherein Plaintiff states that "[a]t some date after October 25, 1999," the first date of publication of Plaintiff's designs, Defendant allegedly copied, caused to be manufactured and offered for sale Plaintiff's designs. (Complaint, ¶ 20 – 22)  Thus, it is undisputed that Defendants' alleged infringement commenced after first publication of Plaintiff's designs at issue in this litigation.

### (2) Defendants' Alleged Infringement Commenced Before The Effective Date Of Plaintiff's Copyright Registrations.

Plaintiff's designs at issue in this litigation issued to registration on February 12, 2001, with Reg. Nos. VA-1-064-203 and VA-1-064-024. (Plaintiff's Application For An Order to Show Cause, p. 1; Plaintiff's Memorandum In Support Of Application For An Order to Show Cause, pp. 2 – 3)  Plaintiff has admitted Defendants' allegedly infringing designs "were available to the purchasing public before Plaintiff's copyrights were registered, (Joint Case Management Plan, p.4, ¶1.21(2)) and that Defendants released and began distribution of its allegedly infringing designs in January 2001. (Plaintiff's Memorandum In Support Of Application For An Order to Show Cause, p. 4 ¶ 11)  Thus, it is undisputed that Defendants' alleged infringement commenced before the effective date of Plaintiff's copyright registrations.

Furthermore, any allegedly infringing actions taken by Defendants after Plaintiff's designs issued to registration are not relevant to this calculation. As held in *Whelan Associates, Inc. v.*

- 5 -

*Jaslow Dental Laboratory, Inc.*, 609 F. Supp. 1325, 1331 (E. D. Pa. 1985), a simple discrete act of infringement occurring before copyright registration bars attorney's fees because the Copyright Act, 17 U.S.C. § 412, precludes any attorney's fees and costs for continuing acts of infringement after the registration date of plaintiff's copyright. *See also Tannock v. Review Trading Corp., Inc.*, 1986 U.S. Dist. LEXIS 25963 (D. N. J. 1986) (dismissing plaintiff's claim for statutory damages and attorney's fees because the alleged infringement commenced before the effective date of plaintiff's registration).

(3) <u>The Statutory 3-Month Exception Does Not Apply.</u>

Section 412(2) of the Copyright Act sets forth a narrow exception allowing statutory damages when the registration of a plaintiff's copyright is made within three months after the first publication of the work copyrighted. Plaintiff's designs at issue in this litigation were first published on October 25, 1999. (Complaint, ¶¶ 7 – 13) Plaintiff did not apply for registration of these designs until February 8, 2001 (Complaint ¶ 14), more than a year after first publication. Thus, the exception in § 412(2) does not apply here because Plaintiff did not apply for registration within the statutory period of three-months after the first publication of its designs.

Indeed, in *Holm v. Pollack*, 2000 U.S. Dist. LEXIS 16007 (E.D. Pa. 2000), a copyright infringement case directly on point, the court granted the defendant's motion to deny all statutory damages and attorneys' fees as time barred. In *Holm*, the plaintiff had pled that his copyrighted work that defendant had allegedly infringed was published more than four months prior to registration of his copyright. The court held that the *Holm* plaintiff did not meet the three-month time limit required under § 412(2) and therefore could not recover statutory damages or attorney's fees.

## CONCLUSION

As shown above, § 412 of the Copyright Act bars Plaintiff from electing to recover statutory damages or from recovering attorney's fees, and Plaintiff's claims therefore must be dismissed. Moreover, because Plaintiff (1) asserted claims for statutory damages and attorney's fees without any good faith basis therefor; (2) continued to rely upon a claim for statutory damages in its motion to dismiss Defendant Brown's counterclaim after the lack of merit of such a claim had been demonstrated, and (3) stated that it could continue to rely upon a claim for statutory damages until Defendants filed, and the Court granted, a motion to dismiss, Defendants should be awarded reasonable attorney fees incurred in responding to that portion of the motion to dismiss based upon statutory damages as well as those incurred in making the instant motion.

Dated: New York, New York
       June 27, 2002

Respectfully submitted,

_____
Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

- 7 -