IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YORK WALLCOVERINGS, INC.,** | : | **CIVIL NO.1:CV-01-0793** |
| **Plaintiff** | : | |
| v. | : | |
| **S.A. MAXWELL COMPANY, INC.** and **JAIMA BROWN,** | : | |
| **Defendants** | : | |



FILED
JUL 0 2 2002
PER _____
HARRISBURG, PA  DEPUTY CLERK

## MEMORANDUM AND ORDER

Before the court is Defendants' motion to stay the court's order of June 10, 2002 pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. The parties have briefed the issue and the matter is ripe for disposition.

I.   **Background**

On May 7, 2001, Plaintiff filed suit against Defendants alleging that they violated Plaintiff's copyrights in certain wall covering and border designs. On February 28, 2002, Plaintiff filed a motion for a rule to show cause of why Defendants should not be preliminarily enjoined from marketing and selling the wall coverings and border designs at issue in this dispute. By an order dated March 1, 2002, the court construed Plaintiff's motion as a motion for preliminary injunction based on Rule 65 of the Federal Rules of Civil Procedure. On April 30, 2002, the court held a hearing on the motion.

By an order dated June 10, 2002, the court granted Plaintiff's motion for preliminary injunction. However, the court did not state whether it would require Plaintiff to file a bond in order to enforce the preliminary injunction. After the parties brought this omission to the court's attention, the court issued a

modifying order, on June 18, 2002, requiring Plaintiff to file a bond in the amount of $50,000. On June 13, 2002, Defendants filed a motion to stay, pending appeal, the court's order granting Plaintiff's motion for preliminary injunction – the matter currently before the court.

II.  **Legal Standard: Rule 62 (c) Motion to Stay Injunction Pending Appeal**

In pertinent part, Rule 62 (c) states: "When an appeal is taken from an interlocutory . . . judgment granting . . . an injunction, the court in its discretion may suspend [or] modify . . . an injunction during the pendency of the appeal upon such terms . . . as it considers proper for the security of the rights of the adverse party." To stay an injunction pending appeal, an applicant must make a strong showing that it is likely to succeed on the merits of the appeal, that it would suffer irreparable injury unless a stay is granted, that the stay would do no harm to the other party, and that the public interest favors the grant of the stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

III.  **Discussion**

Because the legal standard governing the instant motion is identical to the standard that the court employed in formulating its order of June 10, 2002, the court need not go into a detailed analysis here. Essentially, Defendants argue that the court should stay its order of June 10, 2002 because the court committed reversible error by: (1) not requiring that Plaintiff file a bond; (2) finding that Plaintiff proved irreparable harm despite its delay in seeking relief; and (3) requiring that Defendants order retailers to remove the pages of its "Sesquicentennial

Collection" that feature the infringing designs. The bond issue is not material to this discussion because the court's order of June 18, 2002 – requiring Plaintiff to file a $50,000 bond – cured the court's omission.

As to the court's finding of irreparable harm, Defendants simply seek to reargue an issue that the court has already decided against them. Defendants present no argument that the court has not already considered and rejected. In short, the court is entirely satisfied with the logic of its previous ruling. It will not rehash its argument here.

Defendants also argue that the court should modify its ruling "to delete therefrom the requirement that Defendants order retailers to take action, since Defendants have no ability to order retailers to do anything, and, in any event, do not deal directly with retailers." (Defs. Br. in Sup. Mot. for Stay at 7.)[1] However, the court never *ordered* Defendants to do this. Instead, the court ordered that Defendants "remove, or cause to be removed, samples of the [infringing designs] from the sample book for Defendant Maxwell's Sesquicentennial Collection." (Order; June 10, 2002.) The court merely suggested that Maxwell could satisfy this requirement by instructing the retailers of its product to mark the pages containing the designs at issue as "UNAVAILABLE" or to remove those pages from the Sesquicentennial Collection book. If Defendants wish to accomplish this by working through the distributors of its product, rather than the retailers, the court would not disapprove of such a decision. However, this is not grounds for the court to either stay or modify its previous order.

---

[1] There is some dispute as to the veracity of this statement. (*See* Pl. Br. in Opp. Defs. Mot. for Stay at 7-8.)

3

IV.     <u>Order</u>

In accordance with the preceding discussion, **IT IS HEREBY ORDERED THAT** Defendants' motion to stay the preliminary injunction order is **DENIED**.

/s/ Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: July 2, 2002.