

**ORIGINAL**

2 to ct

FILED
HARRISBURG, PA

JUL 25 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.
        Plaintiff  :  No.: 1:CV:01-0793

vs.

S.A. MAXWELL COMPANY, INC.  :  (The Hon. Sylvia H. Rambo)
AND JAIMA BROWN
        Defendants

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CLAIMS FOR
STATUTORY DAMAGES AND ATTORNEYS' FEES**

On or about June 27, 2002, Defendants S.A. Maxwell Company, Inc. and Jaima Brown filed a Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff York Wallcoverings, Inc.'s ("York") claims for statutory damages and attorneys' fees. In arguing that York is not entitled to statutory damages and/or attorneys' fees in the instant action, Defendants rely upon the fact that: (1) York did not apply for registration of its copyrights in the Elephant

1094568.1

Wallcovering and Border design within three months of first publication and (2) Defendants' infringement commenced after first publication of York's designs and before the effective date of York's copyright registrations.

Even assuming the validity of Defendants' arguments regarding York's entitlement to statutory damages, York may still recover attorneys' fees under its unfair competition and trade dress claims. See 15 U.S.C. §§ 1117, 1125; Knorr-Nahrmittel A.G. v. Reese Finer Foods, Inc., 695 F. Supp. 787, 795 (D.N.J. 1988) (finding that Section 35 of the Lanham Act, 15 U.S.C. § 1117, permits the award of attorneys' fees in trade dress infringement suit); Sweetzel, Inc. v. Hawk Hill Cookies, Inc., 1996 WL 355357 at *4-5 (E.D. Pa.) (attorneys' fees available for unfair competition claim under Lanham Act); Artus Corp. v. Nordic Co., Inc., 512 F. Supp. 1184, 1187 (W.D. Pa. 1981) (Pennsylvania common law of unfair competition is identical to the Lanham Act unfair competition claim, except that the Lanham Act requires interstate commerce). Defendants have not challenged York's unfair competition and trade dress claims and the deadline set by this Court for the filing of dispositive motions has passed. Therefore, to the extent that Defendants' Motion seeks a finding that York is precluded from recovering attorneys' fees in this case, it should be denied.

1094568.1

2

Additionally, Section 505 of the Copyright Act does not preclude York from recovering the costs expended in connection with this litigation. See 17 U.S.C. § 505. Unlike the provision regarding attorneys' fees, Section 505 includes no limiting language with regard to the recovery of costs of suit. Rather, Section 505 clearly states: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." Id.

Without citation to any authority as support for such a request, Defendants seek an award of their attorneys' fees incurred in responding to York's Motion to Dismiss Defendant Brown's defamation counter-claim and those incurred in filing the instant Motion. As an initial matter, Defendants did not prevail in their arguments in opposition to York's Motion to Dismiss. To the contrary, by Order dated October 22, 2001, the Court granted York's Motion and dismissed Defendant Brown's counter-claim for defamation. Accordingly, Defendants should not be entitled to an award of those attorneys' fees expended in responding to York's Motion to Dismiss. Nor should Defendants be awarded fees in connection with the instant Motion. Although Defendants contend that they had "no alternative" but to file the instant Motion, it is essential to note that prior to filing, Defendants never

1094568.1

sought York's concurrence in the Motion as required by Local Rule 7.1. Since Defendants never contacted York to ask whether York would agree to the dismissal of its statutory damages claim, it is disingenuous to suggest that York "forced" Defendants to expend attorneys' fees to bring the instant Motion.

Additionally, as set forth above, York has a legitimate claim for attorneys' fees in this case by virtue of its unfair competition and trade dress claims. Therefore, Defendants' request for attorneys' fees should be denied. See e.g. Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc., 785 F.2d 897, 916-17 (11th Cir. 1986) (plaintiff's good faith in unsuccessfully asserting colorable copyright claims, together with complexity of legal issues involved, warranted denial of attorneys' fees to defendants); Geshwind v. Garrick, 738 F. Supp. 792, 794 (S.D.N.Y. 1990), *aff'd* 927 F.2d 594, *cert. denied* 502 U.S. 811 (defendants in copyright action should only receive attorneys' fees when plaintiff's claim is objectively without arguable merit); Dean v. Burrows, 732 F. Supp. 816, 826-27 (E.D. Tenn. 1989) (award of attorneys' fees not appropriate absent finding that copyright holder pursued prosecution in bad faith).

1094568.1

Based on the foregoing, York Wallcoverings, Inc. respectfully submits that Defendants' Motion to Dismiss should be denied to the extent that it seeks to dismiss York's claims for attorneys' fees and costs. Additionally, since York clearly had a good-faith basis for filing its Motion to Dismiss Defendant Brown's counter-claim and for asserting a claim for attorneys' fees in the instant case, Defendants' request for attorneys' fees should be denied.

BARLEY, SNYDER, SENFT & COHEN, LLC

Date: 7/24/02    BY: _____
Kendra D. McGuire, Esquire
Stephanie Carfley, Esquire
Attorneys for Plaintiff
York Wallcoverings, Inc.

126 East King Street
Lancaster, PA  17602
(717) 299-5201
Court I.D. No. 50919
Court I.D. No. 79136

1094568.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Brief in Opposition to Defendants' Motion to Dismiss has been served this 24TH day of July, 2002, by first-class mail, postage pre-paid, upon:

Albert Robin, Esquire
Robin, Blecker & Daley
330 Madison Avenue
2nd Floor
New York, NY 10017

Ronald P. Schiller, Esquire
Piper, Marbury, Rudnick & Wolfe, LLP
3400 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2762

Joseph L. Turchi, Esquire
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

BARLEY, SNYDER, SENFT & COHEN, LLC

By: _____
Kendra D. McGuire, Esquire
Stephanie Carfley, Esquire
Attorneys for Plaintiff

126 East King Street
Lancaster, PA 17602-2893

1094568.1

6