ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YORK WALLCOVERINGS, INC., | : | |
| Plaintiff, | : | NO. 1:CV-01-0793 |
| v. | : | (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | : | |
| Defendants. | : | |

FILED
HARRISBURG, PA
JUL 31 2002
MARY E. D'ANDREA, CLERK
Per _____

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION PURSUANT TO F. R. CIV. P. 12(b)(6) TO DISMISS PLAINTIFF'S CLAIMS FOR STATUTORY DAMAGES AND ATTORNEY FEES

Defendants, S.A. Maxwell Company, Inc. and Jaima Brown ("Defendants"), submit this Reply Brief in Support of their Motion Pursuant F. R. Civ. P. § 12 (b)(6) to Dismiss Plaintiff's Claims for Statutory Damages and Attorney Fees.

1. Plaintiff's Response Should Not Be Considered Because It Is Untimely.

Under Local Rule 7.6, Plaintiff had fifteen (15) days from service of Defendant's brief to file a response plus a three (3) day allowance for mailing. Since Defendant's Motion and accompanying Brief were served by mail (Federal Express) on June 27, 2002, Plaintiff's response was due on July 15, 2002. The provision of Local Rule 7.5, which contains a ten (10) day period for filing of a moving brief after filing of a motion is inapplicable, because the Case Management Order required that all "dispositive motions *and* supporting briefs [emphasis in original]" be filed by June 28, 2002. (Case Management Order, p. 3, ¶ (c)) Thus, Plaintiff's Response should not

be considered because it is untimely, and, pursuant to Local Rule 7.6, Defendants' motion is to be deemed unopposed.

2. Defendants' Motion To Dismiss Plaintiff's Claim for Statutory Damages Should Be Granted.

Plaintiff offers no response to the branch of Defendants' motion seeking to dismiss Plaintiff's claim for statutory damages, let alone request that this branch of Defendants' motion be denied. There can be no question that Plaintiff's claim for statutory damages does not now have and never had any good faith basis. Defendants' motion to dismiss Plaintiff's claim for statutory damages should be granted.

3. Defendant's Motion to Dismiss Plaintiff's Claim for Attorney Fees Should Be Granted.

Plaintiff offers no response to the branch of Defendants' motion seeking to dismiss Plaintiff's claim of entitlement to attorney fees under the Copyright Act. Instead, Plaintiff argues that it may still recover attorneys fees under its unfair competition and trade dress claims. To support its argument, Plaintiff cites to the Lanham Act, the federal trademark statute, two cases standing for the proposition that attorney fees are available for trade dress and unfair competition claims under the Lanham Act, and a third case, *Artus Corp. v. Nordic Co., Inc.*, 512 F. Supp. 1184, 1187 (W.D. Pa. 1981), which held that "Pennsylvania common law of unfair competition is identical to the Lanham Act unfair competition claim, except that the Lanham Act requires interstate commerce." (Plaintiff's brief, p. 2)

Nowhere in its Complaint does Plaintiff assert any claims under the Lanham Act. Rather, it states that its actions for unfair competition and trade dress infringement are "substantial and

related claim[s] to Defendants' infringement of York's copyrights and pursuant to § 1338(b) of Title 28 of the United States Code, the court has and should assume *pendent* jurisdiction [emphasis added]" of these claims. (Complaint, p. 6, ¶ 36; p. 8, ¶ 39 (incorporating ¶36 by reference)) It is clear from Plaintiff's use of the term "pendent" jurisdiction, which refers to the joinder of *state*-created causes of action, that its claims of unfair competition and trade dress infringement do not arise under federal, but rather state, laws. Further, since the State of Pennsylvania has no statutory provisions concerning unfair competition or trade dress infringement of unregistered marks, Plaintiff's claims for unfair competition and trade dress infringement can only arise under Pennsylvania *common* law.

Plaintiff's complaint does not contain any reference either to the Lanham Act or to federal jurisdiction arising there under. Plaintiff's complaint does not even contain any reference to the conduct proscribed thereby. Section 43(a) of the Lanham Act, which is the only section of the Lanham Act arguably relevant, is headed "Unregistered Marks; False or Misleading Descriptions or Representations." Plaintiff's complaint contains no allegation that Defendants have infringed some unregistered mark or used a false or misleading description or representation.

Thus, Plaintiff cannot support its argument for attorney fees by citing to the Lanham Act or to cases arising thereunder. Furthermore, while the *Artus* case cited by Plaintiff does state that Pennsylvania common law of unfair competition is identical to the Lanham Act with respect to the *elements* necessary in that case to establish a claim, it does not, and cannot, hold that the

*remedies* provided in a federally enacted statute are also available under state common law.[1] This is so because Pennsylvania, like all of the other states, follows the principal that in the absence of a statute or agreement of the parties to the contrary, each party bears its own attorney fees. *See, inter alia, A.B.L. Liquidating Co. v. McCabe*, 62 Pa. D. & C.2d 29, 34 (1973) (holding that "[t]here can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same . . . or clear agreement by the parties . . . or some other established exception," *citing Corace v. Balint*, 418 Pa. 262, 271 (1965)).

Since Plaintiff's claim of attorney fees has no valid basis under either the Copyright Act or Pennsylvania common law, Defendants' motion to dismiss Plaintiff's request for attorney fees should be granted.

4.  Defendants Should Be Awarded Reasonable Attorney Fees.

There seems no doubt that Plaintiff knew when this action was commenced[2] that no claim for statutory damages was available. Nonetheless, Plaintiff used this claim to support its arguments in its motion to dismiss Defendants' counterclaim. (Plaintiff's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), p. 2, ¶¶ 9 – 10) Since Plaintiff's position is contrary to the spirit and the letter of the Federal Rules, *see, inter alia,* Rule 11(b)(2), Defendants should be awarded their attorney fees incurred in responding to the portion of plaintiff's motion to dismiss based upon statutory damages.

---

[1] Indeed, the *Artus* decision does not discuss attorneys fees or costs at all.

[2] In any event, they were clearly made aware of this through Defendants' Third Affirmative Defense and Paragraph 1.21(2) of the Joint Case Management Plan.

Plaintiff argues that Defendants should not be awarded fees incurred in connection with the instant motion because it did not seek Plaintiff's concurrence in the Motion. This argument is disingenuous in light of Plaintiff's previous statement that "since [t]here has been no motion filed by Defendants to dismiss York's claim for statutory damages ...until further Order of Court, statutory damages are at issue in this case." (Plaintiff's Reply Brief In Support of Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), p. 4) This statement made clear Plaintiff's position that it would not withdraw its baseless claim for statutory damages until Defendants made a motion and the Court granted that motion.

Since Defendants have been forced to incur unnecessary attorney fees in defending the motion to dismiss the counterclaim and in bringing this motion, Defendants respectfully request that the order of dismissal include an award of those attorney fees.

## CONCLUSION

First, Plaintiff's response should not be considered because it is untimely and Defendant's motion should be granted as unopposed. Second, as "conceded" by Plaintiff, § 412 of the Copyright Act bars Plaintiff from electing to recover statutory damages or from recovering attorney fees, and Plaintiff's claims therefor must be dismissed. Third, Plaintiffs are not entitled to attorney fees for their claims of unfair competition and trade dress infringement arising under Pennsylvania common law and Plaintiff's claims therefor should also be dismissed. Finally, because Plaintiff (1) asserted claims for statutory damages and attorney fees without any good faith basis therefor; (2) continued to rely upon a claim for statutory damages in its motion to dismiss Defendant Brown's counterclaim after the lack of merit of such a claim had been demonstrated, and (3) stated that it could continue to rely upon a claim for statutory damages until Defendants filed, and the Court granted, a motion to dismiss, Defendants should be awarded