ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YORK WALLCOVERINGS, INC., | |
| Plaintiff, | NO. 1:CV-01-0793 |
| v. | (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | FILED HARRISBURG, PA |
| Defendants. | AUG 0 9 2002 |
| | MARY E. D'ANDREA, CLERK Per _____ |

DEFENDANTS' MOTION IN LIMINE TO LIMIT THE
SCOPE OF MARK A. PETERSON'S TRIAL TESTIMONY

1. Defendants, S.A. Maxwell Company, Inc. ("Maxwell") and Jaima Brown ("Brown"), hereby move pursuant to paragraph 4(e) of the Case Management Order to limit the trial testimony of Plaintiff York Wallcoverings, Inc.'s ("York") expert Mark A. Peterson to the issue of Maxwell's profits derived from its sale of the two colorways of sidewall and the two colorways of border alleged in the complaint to infringe Plaintiff's copyrights. If Defendants' objection to inclusion of the third colorway and the three corresponding fabrics is overruled, Defendants move to limit Mr. Peterson's testimony to Maxwell's profits from its sale of the three colorways of sidewall and the three colorways of border and the three colorways of corresponding fabric.

2. In his Expert Report on Damages, dated April 30, 2002, Mr. Peterson limited his opinion on York's damages to Maxwell's profits. While his opinion included the sales through April 15, 2002 of the three sidewalls, three borders and three fabrics, it erroneously included

alleged profits from the sales of the Sesquicentennial Collection sample books by misinterpreting quantities of sales of "rolls" of wallcoverings as being sales of sample book, and then refusing to recognize that there were costs associated with the production of such sample books which undoubtedly exceeded those sales. This initial report did not mention, let alone make any claim for, any profits allegedly lost by York.

    3. Defendants served the Expert Report of Frank A. Bernatowicz dated May 30, 2002, and on June 15, 2002, York served Peterson's Rebuttal Expert Report on Damages. Insofar as this report seeks to rebut the Bernatowicz report on the issue of Maxwell's profits from the sale of the allegedly infringing sidewalls, borders and fabrics, it is proper rebuttal. Insofar as this report seeks to rebut the portion of the Bernatowicz report dealing with the amount of a reasonable royalty, it is proper rebuttal although inadmissible, since the copyright statute does not allow for recovery of a reasonable royalty in lieu of the infringer's profits. Insofar as this report seeks to support a claim for York's lost profits, or a claim for Maxwell's profits from the sale of the entire Sesquicentennial Collection, it is both improper rebuttal, without the predicate showing of entitlement to such relief, and is supported by information that was not disclosed to Defendants as required by mandatory disclosure, discovery requests and Court Order.

    4. Since the Expert Reports and Defendants' Brief in support of this motion contain information which both parties have designated as "confidential," the reports and brief are being submitted to the Court under separate cover.

WHEREFORE, Defendants respectfully request that this Honorable Court grant their motion and limit the trial testimony of Mark A. Peterson to Maxwell's profits from the sale of the colorways of Maxwell's elephant and palm sidewalls and borders that are alleged in the Complaint to infringe Plaintiff's copyright.

Dated: New York, New York
August 8, 2002

Respectfully submitted,

Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107