IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC., :

    Plaintiff, : NO. 1:CV-01-0793

    v. : (The Hon. Sylvia H. Rambo)

S.A. MAXWELL COMPANY, INC. :
and JAIMA BROWN,
                                    :
    Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO LIMIT PLAINTIFF'S TRIAL TESTIMONY AND EXHIBITS TO THE TWO COLORWAYS OF THE MAXWELL SIDEWALLS AND BORDERS COMPLAINED OF IN THE COMPLAINT

Defendants, S.A. Maxwell Company, Inc. and Jaima Brown ("Defendants"), submit this brief in support of their Motion In Limine to Limit Plaintiff's Trial Testimony and Exhibits on its Copyright Infringement Claim to the Two Colorways of the Maxwell Sidewalls and Border Complained of in the Complaint.

The Complaint herein in paragraphs 20 and 21 refers to "two color combinations" of Maxwell's elephant and palm sidewalls and borders and in paragraphs 24, 25 and 28 complains of "both color combinations." Definitions C and D to Plaintiff's Interrogatories Addressed to Defendants and Definitions 3 and 4 to Plaintiff's Request for Production of Documents Addressed to Defendants, both dated October 2, 2001 and attached to the affidavit of Albert Robin submitted in opposition to the motion for a preliminary injunction, define the "Maxwell Wallpaper" and "Maxwell Border" as referring to "both color combinations" of the wallpaper and border manufactured by Maxwell and referenced in Paragraphs 20 and 21 of the Complaint.

Even though the Complaint herein clearly alleges that only two of the three colorways of the Maxwell elephant and palm sidewall and border infringe Plaintiff's copyright and make no mention of Maxwell's coordinating fabrics, Plaintiff has continued to pursue a claim that all three colorways of the sidewall and border and the fabric infringe without requiring Plaintiff to move to amend the Complaint. If Plaintiff were to make a motion to amend at this late date, Defendants should be entitled to discovery to establish that, at the time the Complaint was filed and at least up to the time of the Mediation Conference, Plaintiff believed that only two of the three colorways infringed and that the Maxwell fabric did not infringe. Since the only difference between the three colorways is color, and since color is not copyrightable, such a belief would seem to be an admission by Plaintiff that the elements of its designs which are eligible for copyright protection have not been infringed.

Defendant anticipates that York will contend that the reason why the Complaint referred to only two colorways is that York did not realize that three colorways were included in the Sesquicentennial Collection sample book. Such a claim would lack credibility for several reasons. One of the purported reasons for Plaintiff's delay in filing the Complaint was the time it took to obtain and review of copy of the Sesquicentennial Collection sample book. Not only are samples of each of the three colorways of the Maxwell elephant and palm sidewalls and borders included in that book, but all three colorways of the border are pictured on page 3. In addition, in the Volume 1 – 2001 issue of *The Wallpaper Guide,* one of the publications in which Maxwell announced the introduction of its Sesquicentennial Collection, all three colorways of the Maxwell sidewall and border are listed on pages WP-53 and B-109, pages which comprise Plaintiff's Trial Exhibit 63.

Since the time for York to amend its complaint has long since passed, Defendants are entitled to an order limiting Plaintiff's trial testimony and exhibits on its copyright infringement claim to the two colorways of Maxwell's elephant and palm sidewall and the two colorways of Maxwell's elephant and palm border complained of in the complaint. If Plaintiff were to be permitted to amend its complaint at this late date to allege that the third colorway of the sidewall and border and the fabrics infringe York's copyrights, then Defendants should be permitted to take depositions of the knowledgeable people at York to discover the reason for this change in position and to make the jury aware of the change in York's position.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court grant their motion and limit Plaintiff's trial testimony and exhibits on its copyright infringement claim to the two colorways of Maxwell sidewall and border complained of in the Complaint.

Dated: New York, New York
August 8, 2002

Respectfully submitted,

_____
Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107