ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

AUG 0 9 2002

MARY E. D'ANDREA, CLERK
Per

| | |
|---|---|
| YORK WALLCOVERINGS, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| S.A. MAXWELL COMPANY, INC. | : |
| and JAIMA BROWN, | : |
| | : |
| Defendants. | : |

NO. 1:CV-01-0793

(The Hon. Sylvia H. Rambo)

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE RONALD REDDING'S TRIAL TESTIMONY ON THE ISSUE OF COPYRIGHT INFRINGEMENT

1.  Defendants, S.A. Maxwell Company, Inc. and Jaima Brown ("Defendants"), hereby move pursuant to paragraph 4(e) of the Case Management Order to exclude the trial testimony of Ronald Redding, the Vice President of Design of Plaintiff York Wallcoverings, Inc.'s ("York") on the issue of copyright infringement.

2.  Plaintiff has designated as an "expert report" a letter dated April 29, 2002 from Ronald Redding, Vice President of Design of Plaintiff York Wallcoverings, Inc. ("York"), to Kendra D. McGuire, York's attorney (hereinafter "Redding Report"), which was received over objection as one of Plaintiff's exhibits during the preliminary injunction hearing. This one and one-half page letter sets forth Mr. Redding's "observations and opinions" regarding the substantial similarity of the York and Maxwell designs at issue in this litigation. The first page of the letter contains a short list of Mr. Redding's experience in the wallcoverings industry. The second page of the letter lists twelve aspects in which he believes the Maxwell designs are "substantially similar" to the York design. The Redding Report concludes with Mr. Redding's opinion.

3.    The Redding Report does not contain (1) any exhibits to be used in support of the opinion expressed therein, (2) a list of publications Redding has authored in the past ten years, (3) the compensation Redding was paid for the study and testimony, or (4) a listing of any other cases in which Redding has testified as an expert at trial or by deposition within the preceding four years.

4.  Mr. Redding's testimony with respect to the matters covered by his report, *i.e.*, that the York and Maxwell designs are substantially similar, should not be permitted because (a) Mr. Redding is not an "expert" as defined in Rule 26(a)(2)(B); (b) the Redding Report does not qualify as an "expert report" under Rule 26(a)(2)(B); (c) because expert testimony is not admissible to prove substantial similarity; and (d) Mr. Redding is not a "lay observer" whose view is the test of "substantial similarity.

WHEREFORE, Defendants respectfully request that this Honorable Court grant their motion and preclude the trial testimony of Ronald Redding on the issue of copyright infringement.

Dated:  New York, New York
      August 8, 2002

Respectfully submitted,

Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107