ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YORK WALLCOVERINGS, INC., | |
| Plaintiff, | NO. 1:CV-01-0793 |
| v. | (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | |
| Defendants. | |

FILED
HARRISBURG, PA
AUG 9 2002
MARY E. [illegible]
Per [illegible]
Deputy Clerk

DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION IN LIMINE TO EXCLUDE RONALD REDDING'S
TRIAL TESTIMONY ON THE ISSUE OF COPYRIGHT INFRINGEMENT

Defendants, S.A. Maxwell Company, Inc. ("Maxwell") and Jaima Brown ("Brown"), submit this brief in support of their Motion In Limine to Exclude Ronald Redding's Trial Testimony on the Issue of Copyright Infringement.

## FACTS RELEVANT TO THIS MOTION

Plaintiff has designated as an "expert report" a letter dated April 29, 2002 from Ronald Redding, Vice President of Design of Plaintiff York Wallcoverings, Inc. ("York"), to Kendra D. McGuire, York's attorney (hereinafter "Redding Report"), which was received over objection as one of Plaintiff's exhibits during its preliminary injunction hearing. This one and one-half page letter sets forth Mr. Redding's "observations and opinions" regarding the substantial similarity of the York and Maxwell designs at issue in this litigation. The first page of the letter contains a short list of Mr. Redding's experience in the wallcoverings industry. The second page of the letter lists twelve aspects in which he believes the Maxwell designs are "substantially similar" to the York design. The Redding Report concludes with the opinion that, since "[t]he only

difference in the designs that is of any significance is the use of palm trees in the Maxwell design... the designs are so similar that ... [t]his can typically only be achieved when the two designs are designed with coordination in mind."

Notably, the Redding Report does not contain (1) any exhibits to be used in support of the opinion expressed therein, (2) a list of publications Redding has authored in the past ten years, (3) the compensation Redding was paid for the study and testimony, or (4) a listing of any other cases in which Redding has testified as an expert at trial or by deposition within the preceding four years.

Maxwell submits that Redding's testimony with respect to the matters covered by his report, *i.e.*, that the York and Maxwell designs are substantially similar, should not be permitted because (a) Mr. Redding is not an "expert" as defined in Rule 26(a)(2)(B); (b) the Redding Report does not qualify as an "expert report" under Rule 26(a)(2)(B); (c) expert testimony is not admissible to prove substantial similarity; and (d) Mr. Redding is not a "lay observer" whose view is the test of substantial similarity

## ARGUMENT

### POINT I

### THE REDDING REPORT DOES NOT COMPLY WITH THE REQUIREMENTS OF RULE 26(a)(2)(B)

(A)    Redding Is Not An "Expert" As Defined By The Rule.

Rule 26 (a)(2)(B) of the Federal Rules of Civil Procedure requires that an expert report be made by "a witness who is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." Redding is York's Vice President of Design. He was not retained or specifically employed to provide expert testimony. As stated in his report, Mr. Redding has been employed by York since

1980, and has held his current title since 1986. Additionally, his duties as an employee do not regularly involve giving expert testimony and York has not submitted any evidence of other cases wherein Redding provided such testimony. If there were such evidence, York is not in compliance with the Rule's requirement that an expert report shall contain "a list of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

    (B)    <u>The Redding Report Is Deficient In Numerous Respects.</u>

Rule 26 (a)(2)(B) also requires that, to be admissible as expert testimony, an expert report must contain, inter alia, "the data or other information that forms the basis of the expert's opinion, any exhibits to be used as a summary of or in support of the witness's opinions ... the compensation to be paid for the study and testimony."

While Mr. Redding seems to be comparing the "Maxwell design depicted in the sidewall, border and fabric" to the "York design," there are two York designs (the sidewall and the border) and the actual samples that Mr. Redding compared were not attached as exhibits. Indeed, there are no exhibits attached to the Redding Report. Further, Mr. Redding does not cite to any third party or industry usage to support his opinions. Finally, there is no mention of any compensation to be paid to Mr. Redding for either this study or his testimony.

    (C)    <u>The Redding Report Is Not "Detailed And Complete."</u>

To be admissible, an expert report must be "detailed and complete," as set forth in the advisory committee's notes to the 1993 Amendments to Rule 26(a)(2). The disclosures must be sufficiently detailed so as to avoid unfair surprise to the opposing party and to conserve resources. *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) ("the test of a report is whether it was sufficiently complete, detailed, and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced."); *see also Dunkin'*

*Donuts, Inc. v. Patel*, 174 F. Supp. 2d 202, 211 (D.N.J. 2001) (stating that "[t]o satisfy the Rule, 'the report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness has reached them,'" *citing Hilt v. SFC, Inc.*, 170 F.R.D. 182, 185 (D. Kan. 1997); and that "[t]he purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information," *citing Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996)).

The Redding Report is in no way detailed or complete. In fact, the substantive portion of the report is less than a page in length and the actual opinion of the report is stated in two sentences. As the *Reed* court stated in an analogous circumstance where the report at issue did not contain a complete analysis of the basis and reasons for the expert's opinions, "there is very little 'how' and 'why' he reached his conclusions." *Reed*, 165 F.R.D. at 429.

POINT II

THE REDDING REPORT IS INADMISSIBALE INSOFAR AS
ITS SOLE OPINION IS WITH REGARD TO SUBSTANTIAL SIMILARITY

(A)    Expert Testimony Is Only Admissible To Prove Actual Copying.

The general rule in this Circuit has always been that expert evidence is permitted only to help juries determine "whether ... the alleged infringer used the copyrighted work in making his own" (actual copying), not to determine "whether ... the copying was ... an unlawful appropriation" (substantial similarity). *Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986) (internal quotations omitted).

The Third Circuit has very recently followed the *Whelan* rule in *Damn Things from Denmark v. Russ Berrie & Co.*, 290 F.3d 548, 562 (3d Cir. 2002) (stating that "we have further subdivided the test for substantial similarity into two considerations... [f]irst, the opinions of experts may be called upon in determining whether there is sufficient similarity between the

-4-

works so as to conclude that the alleged infringer 'copied' the work ... [s]econd, the fact-finder is to determine whether a 'lay-observer' would believe that the copying was of protectible aspects of the copyrighted work").

The first prong of the test used to prove substantial similarity, the "extrinsic" test, requires that the plaintiff identify concrete elements based on objective criteria, which can often require analytical dissection of a work and expert testimony. *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 907 (3d Cir. 1975) (stating that, under the extrinsic test, "expert testimony and a visual comparison between the copyright work and the allegedly infringing work are frequently utilized"). The *Universal Athletic Sales* court was careful to distinguish between substantial similarity to show that the original work has been copied and substantial similarity to prove infringement, stating that "dissection and expert testimony in the former setting [to determine actual copying] are proper but are irrelevant when the issue turns to unlawful appropriation," and held that the "district court did not find that such a quantum of substantial similarity existed as to constitute infringement." *Id.*

(B)  This Is Not A Case That Falls Within The Exception To The General Rule.

A narrow exception to the general rule articulated above is to permit expert testimony regarding substantial similarity in cases involving computer programs,[1] since such testimony is needed due to the "complexity and unfamiliarity [of computer programs] to most members of the public." *Whelan*, 797 F.2d at 1232; see also *Computer Assocs., Int'l v. Altai, Inc.*, 982 F.2d 693, 713-14 (2d Cir. 1992) (permitting expert evidence on substantial similarity in computer program infringement case, but also stating that such ruling is "not intended to disturb the traditional role

---

[1] The Fourth Circuit has extended this exception to highly specialized musical arrangements. *See Dawson v. Hinshaw Music Inc.*, 905 F.2d 731, 736-38 (4th Cir. 1990) (remanding to the district court to determine if the audience for a spiritual composition was sufficiently specialized – and the lay audience therefore sufficiently unfamiliar with such works – to warrant expert evidence on the substantial similarity question).

of lay observers in judging substantial similarity in copyright cases that involve the aesthetic arts, such as music, visual works or literature"); FED. R. EVID. 702 (stating that expert evidence is admissible when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue"). Here, it is clear that this exception does not apply because wallpaper designs are not scientific, technical or highly specialized.

Therefore, the opinion expressed in the Redding Report, that the Maxwell design is substantially similar to the York design because such similarity can "typically only be achieved when the two designs are designed with coordination in mind," is an inadmissible legal conclusion.

## POINT III

### RONALD REDDING'S TRIAL TESTIMONY AS AN EXPERT SHOULD BE EXCLUDED

Rule 37(c)(1) of the Federal Rules of Civil Procedure, which provides for the imposition of mandatory sanctions upon failure to comply with Rule 26, states:

> A party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include...

There does not appear to be any substantial justification for the failure of the Redding Report to comply with Rule 26 by not including basic and easily attainable information such as (1) any exhibits to be used in support of the opinion expressed therein, (2) a list of publications Redding has authored in the past ten years, (3) the compensation Redding was paid for the study and testimony, or (4) a listing of any other cases in which Redding has testified as an expert at trial or by deposition within the preceding four years.

POINT IV

MR. REDDING IS NOT A LAY OBSERVER WHOSE
VIEW IS THE TEST OF SUBSTANTIAL SIMILARITY

Substantial similarity is to be determined by the fact finder. As is set forth on page 5, *supra,* the test is whether a lay-observer would believe that the copying was of protectible aspects of the copyrighted work.

While Mr. Redding is not an expert for the purposes of Rule 26(a)(2)(B), he is by no means a lay-observer and should not be able to testify as such on the issue of substantial similarity.

CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court grant their motion and preclude the trial testimony of Ronald Redding on the issue of copyright infringement.

Dated:  New York, New York
        August 8, 2002

Respectfully submitted,

_____
Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107