



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| YORK WALLCOVERINGS, INC., | : |
| Plaintiff, | :   NO. 1:CV-01-0793 |
| v. | :   (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | : |
| Defendants. | : |

FILED
HARRISBURG, PA

AUG 2 2 2002

MARY E. D'ANDREA, CLERK
Per _____

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF INDEPENDENT CREATION

### INTRODUCTION

Defendants S.A. Maxwell Company, Inc. (hereinafter "Maxwell") and Jaima Brown (hereinafter "Brown") (collectively referred to as "Defendants") submit this memorandum of law in opposition to the Motion in Limine to Preclude Evidence of Independent Creation filed by Plaintiff, York Wallcoverings, Inc. (hereinafter "York" or "Plaintiff").

Plaintiff bases its argument on certain "findings" contained in the Court's Memorandum granting Plaintiff's Motion for a Preliminary Injunction ("Memorandum"). Defendants submit that Plaintiff's motion should be denied because (1) Defendants are entitled to a trial by jury of their defense of independent creation, (2) findings of fact contained in the Memorandum are not binding at the trial on the merits, and (3) insofar as Plaintiff's motion is one for summary judgment, it is untimely.

<u>FACTS</u>

In its Complaint, Plaintiff demanded a trial by jury with respect to each of its three counts. A jury demand cannot be withdrawn without the consent of the parties [Rule 38(d), F.R.Civ.P.], and Defendants have not consented to a withdrawal.

On June 10, 2002, this Court entered the Memorandum granting Plaintiff's Motion for a Preliminary Injunction with an accompanying Order. In the Memorandum, the Court found that Plaintiff was likely to succeed on its claim of copyright infringement, rejecting Defendants' affirmative defense of independent creation.

The Case Management Order set June 28, 2002 as the deadline for filing pre-trial dispositive motions, and while Defendants filed such a motion with respect to statutory damages and attorney fees, Plaintiff did not file any such motions.

Defendants plan to adduce more extensive testimony and to offer additional exhibits at the trial on the merits in support of their defense of independent creation. During the Local Rule 16.3 conference held on July 19, 2002, Defendants' counsel furnished Plaintiff's counsel with a description of these additional exhibits. Because the Rule 16.3 conference was held two weeks before the deadline set by the Case Management Order to accommodate Plaintiff's counsel, it was agreed that Defendants could later furnish Plaintiff's counsel with copies, provided this was accomplished prior to the Pretrial Conference.

With a letter dated August 6, 2002, Defendants' counsel sent to Plaintiff's counsel black and white copies of one of these additional exhibits, namely, the beige version of the "fabric reference," the maroon version of which was received in evidence during the preliminary injunction hearing as Defendants' Exhibit 1. It was this beige version which Ms. Brown sent to Mr. Carroll as a reference, and its is this beige version Mr. Carroll testified he used as a

2

reference. The significance of the beige version is that it clearly shows the elements of the reference that Mr. Carroll utilized and permits a legible black-and-white copy to be made. These elements were difficult to see on the maroon version, and the maroon version did not permit legible black-and-white copies to be made.

ARGUMENT

I.    DEFENDANTS ARE ENTITLED TO A TRIAL BY JURY.

Since Plaintiff has demanded a trial by jury of each of the Counts of the Complaint, Defendants are entitled to a jury trial. Rule 38(d) of the Federal Rules of Civil Procedure states in material part:

> * * * A demand for jury made as herein provided may not be withdrawn without the consent of the parties.

The Complaint herein demands a trial by jury of each of its three counts, and Defendants have not consented to a withdrawal of that demand. Thus, the merits of Defendants' defense of independent creation can only be decided by the jury on the trial of the merits.

Moreover, Rule 65(a)(2) of the Federal Rules of Civil Procedure recognizes that the rights of a party to trial by jury are saved notwithstanding the Court's determination of an application for a preliminary injunction. It provides in subdivision (a)(2):

> This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

While Rule 65(a)(2) permits a Court to consolidate a the hearing on an application for a preliminary injunction with a trial on the merits,[1] no such consolidation was ordered here and none could have been ordered because of the resultant prejudice to Defendants. Because the scope and procedural posture of a hearing for a preliminary injunction is significantly different

---

[1] Rule 65(a)(2) also provides that evidence received upon an application for a preliminary injunction becomes part of the trial record, subject also to any right to trial by jury.

3

from a trial on the merits, the Supreme Court has held that a district court should not consolidate a hearing for preliminary relief with a trial on the merits unless the court has given both parties "clear and unambiguous notice" of its intent to do so. *University of Texas v. Camenisch*, 451 U.S. 390 at 395, 68 L.Ed.2d 175, 101 S.Ct. 1830 (1981). Here, no notice was given to Defendants that the Court, in deciding Plaintiff's motion for preliminary injunction, would, *sua sponte*, make a final ruling on any aspect of this case, including Defendants' defense of independent creation. Therefore, any ruling in the Memorandum as to the viability of Defendants' affirmative defense is not a final determination of its merits.

The Court's grant of Plaintiff's motion for a preliminary injunction was based on its view of the evidence presented at the hearing. While the Court's Memorandum determined that Plaintiff had a *likelihood* of success on the merits, it did not make final factual determinations, let alone supplant the jury's fact-finding role.

Whether evidence of independent creation is sufficient to rebut allegations of copyright infringement is a question for the fact-finder, whatever the contours of the burden of establishing the defense. *See generally* 3 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 12.11[D] (1997). Whether the Maxwell designs were independently created remains disputed and therefore requires jury determination. The Court's findings of fact on the preliminary injunction hearing may not impinge Defendants' right to a jury trial - the jury must determine them for itself without regard to any initial conclusions the Court may have reached.

4

II.    PLAINTIFF CANNOT RELY ON FINDINGS OF FACT OR
       CONCLUSIONS OF LAW CONTAINED IN THE ORDER
       GRANTING PRELIMINARY INJUNCTION.

       Plaintiff relies, without citation of authority, on the findings contained in the

Memorandum granting a preliminary injunction as support for its motion in limine to exclude

evidence supporting Defendants' affirmative defense of independent creation.  Plaintiff's

reliance is both without support and is unsupportable.

       It is well established that this Court's findings of fact and conclusions of law with regard

to the preliminary injunction are not binding at trial.  In *Camenisch*, 451 U.S. at 395, the

Supreme Court explained:

> The purpose of a preliminary injunction is merely to preserve the relative
> positions of the parties until a trial on the merits can be held. Given this limited
> purpose, and given the haste that is often necessary if those positions are to be
> preserved, a preliminary injunction is customarily granted on the basis of
> procedures that are less formal and evidence that is less complete than in a trial on
> the merits. A party thus is not required to prove his case in full at a preliminary-
> injunction hearing, and *the findings of fact and conclusions of law made by a
> court granting a preliminary injunction are not binding at trial on the merits*.
> (citations omitted) (emphasis added).

       The Third Circuit has consistently followed this holding.  *See, e.g. New Jersey Hosp.*

*Ass'n v. Waldman*, 73 F.3d 509, 519 (3d Cir. 1995) (stating that findings of fact and conclusions

of law made on preliminary injunction motions do not bar courts from making contrary findings

or conclusions at a final hearing); *Clark v. K-Mart Corp.*, 979 F.2d 965, 967-68 (3d Cir. 1992)

(holding that, at trial, because of the limited nature of the proceedings resulting in the

preliminary injunction, any findings of fact and conclusions of law made at the preliminary stage

are of no binding effect whatsoever).

Indeed, it is axiomatic that a court may reconsider matters that are "avowedly preliminary or tentative." WRIGHT & MILLER, § 4478, at 798. As stated in *United States v. Local 560 (I.B.T.)*, 974 F.2d 315, 330 (3d Cir. 1992),

> a trial court ... is not bound by its decision ... about preliminary relief. The burden of proof on a moving plaintiff is different on a motion for preliminary injunction. Additionally, a decision on a preliminary injunction is, in effect, only a prediction about the merits of the case. (internal citations omitted);

*Accord, Camenisch*, 451 U.S. at 394 (explaining that there are "significant procedural differences between preliminary and permanent injunctions"); *ACLU of N.J. v. Black Horse Pike Reg. Bd. of Educ.*, 84 F.3d 1471, 1477 (3d Cir. 1996) (*en banc*) (holding that a court's preliminary ruling "neither constitutes nor substitutes for an actual finding that [the movant] has succeeded on the merits and [is] entitled to permanent relief"); *Council of Alternative Political Parties v. Hooks*, 179 F.3d 64 (3d Cir. 1999) (holding that a trial court is not bound by its decision about preliminary relief because a decision on a preliminary injunction is only a prediction about the merits of the case).

Since the findings of fact and conclusions of law made by the Court in granting a preliminary injunction would not be binding if the Court were to be the trier of the facts, they cannot be binding where, as here, a jury will sit as trier of the facts.

III.    INSORFAR AS PLAINTIFF'S MOTION IS ONE FOR
        SUMMARY JUDGMENT, IT IS THEREFORE UNTIMELY

Since Plaintiff has not moved with respect to Defendants' affirmative defense of independent creation prior to the deadline of June 28, 2002 set forth in the Case Management Order, Plaintiff's motion in limine to exclude evidence necessary to prove such defense is untimely.

Under F.R.Civ.P. 56(d), a district court may render a partial summary adjudication withdrawing from a copyright case issues as to which there is no genuine question of fact. *Testa v. Janssen*, 492 F. Supp. 198, 204 (W.D. Pa. 1980); *see also* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2737, at 678. As the Court stated in *Midway Mfg. Co. v. Bandai-America, Inc.*, 546 F. Supp. 125, 141 (D. N.J. 1982):

> ...there is absolutely no impediment in a copyright infringement action to granting a plaintiff a preliminary injunction while simultaneously denying his motion for summary judgment. *Herbert Rosenthal Jewelry Corp. v. Grossbardt*, 428 F.2d 551, 554 (2d Cir. 1970). Acknowledgement that disputed fact issues exist does not preclude a court from granting a plaintiff preliminary relief. *Id.* Similarly, the existence of a plausible defense in a copyright case is no barrier to the issuance of a preliminary injunction as long as the movant shows a substantial likelihood of success on the merits. *Dallas Cowboys Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1188 (5th Cir. 1979).
> \*\*\*
> Summary judgment should not be granted a copyright litigant where the position of the party opposing the motion would be supported at trial by substantial evidence.

Here, Plaintiff's motion is analogous to a motion for partial summary judgment because it is, in effect, asking the Court to dismiss Defendants' affirmative defense. But, Plaintiff cannot prevail on such a motion not only because it is untimely but also because there are genuine issues of material fact as to whether Defendants independently created the Maxwell designs. There are a number of references that were used by William Carroll in creating the Maxwell designs, and Mr. Carroll's sworn testimony is that he did not refer to the York design.

Additionally, Plaintiff cannot avoid the deadlines imposed by the Case Management Order by calling this dispositive motion a motion "in limine." Indeed, courts routinely dismiss such spurious motions. *See, e.g., Chiropractic Alliance v. Parisi*, 164 F.R.D. 618, 622 n.6 (D. N.J. 1996) (stating that "future parties are cautioned from using motions in limine as an attempt to avoid the deadlines imposed by a scheduling order" and holding that any such motions should

be dismissed); *Lentz v. Mason*, 32 F. Supp.2d 733, 747 (D. N.J. 1999) (denying a "dispositive

motion 'disguised' as a motion in limine"); *Cox v. Delaware Electric Co-op, Inc.*, 823 F. Supp.

241, 249 (D. Del. 1993) (refusing to consider a "dispositive motion masquerading as a motion in

limine").

Thus, Plaintiff's motion, insofar as it is a motion for summary judgment and is thus

untimely, should be denied.

## CONCLUSION

In view of the foregoing, it is respectfully submitted that Plaintiff's Motion in Limine to

Preclude Evidence of Independent Creation be denied in all respects.

Dated:  August 21, 2002

Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

8