ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
**HARRISBURG, PA**

AUG 2 3 2002

| | | |
|---|---|---|
| YORK WALLCOVERINGS, INC. | : | |
| Plaintiff | : | No.: 1:CV:01-0793 |
| | : | |
| vs. | : | |
| | : | |
| S.A. MAXWELL COMPANY, INC. AND | : | (The Hon. Sylvia H. Rambo) |
| JAIMA BROWN | : | |
| Defendants | : | |

MARY E. D'ANDREA, CLER
Per _____
Deputy Clerk

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

AND NOW, comes Plaintiff, by and through its counsel, Barley, Snyder, Senft & Cohen, LLC, seeking leave to amend its Complaint and in support thereof aver the following:

1.       On or about May 3, 2001, Plaintiff filed their Complaint alleging, inter alia, that Defendants infringed a copyright Plaintiff owned in a wallcovering sidewall and border design.

2.       The allegedly infringing designs were reproduced by Defendants in a sample book entitled Sesquicentennial Collection and appear in three colorways in that sample book. The allegedly infringing design was also produced on fabric in various colorways as well.

3.       During the discovery process and at the injunction hearing held in this matter, Defendants have argued that Plaintiff's Complaint seeks damages for only two of the infringing colorways.

4.      Plaintiff firmly believes that its Complaint covers all infringing wallcovering and borders containing the elephant design, depicted in all three colorways and on all three fabrics bearing the elephant design that are contained within the Sesquicentennial Collection.

5.      In fact the Court, in its injunction order, enjoined the Defendants' designs in all three colorways.

6.      Nevertheless, in order to avoid any confusion, York hereby moves to amend its pleading to include amendments referencing all colorways and fabrics which depict the elephant design, pursuant to F.R.C.P. 15.

7.      The statute of limitations on these designs has not yet run as Defendants copied and offered their designs to the public in January, 2000.  See, 17 U.S.C.A. 507(b).

8.      Defendants will in no way be prejudiced by an amendment to the pleadings.

9.      Discovery concerning all three colorways and the fabrics has been conducted by both parties.  Written discovery and answers thereto covered all colorways and the fabrics. Deposition testimony and testimony taken at the injunction hearing in this matter covered all colorways and the fabrics.

10.      Defendants' expert has included the remaining colorway and fabric in his expert report.  See, report of Frank Bernatowitz which has been marked as "CONFIDENTIAL" and which has been provided to this Court in the past.

11.      Exhibit lists exchanged in compliance with Local Rule 16.3 include exhibits covering all colorways and the fabrics.

1084613_1

2

12. Consistent with Pa. R.C.P. Rule 15(a), "leave shall be freely given when justice so requires."

13. A copy of the proposed Amended Complaint is attached hereto as Exhibit A. A red-lined copy of the original Complaint is attached hereto as Exhibit B.

14. Concurrence in this Motion was sought; however, counsel for Defendants declined to concur in this Motion.

WHEREFORE, Plaintiff seeks leave of Court to supplement and/or clarify its Complaint consistent with Exhibit A of this Motion.

BARLEY, SNYDER, SENFT & COHEN, LLC

Date: _____8/23/02_____    BY: _____
                                      Kendra D. McGuire, Esquire
                                      Stephanie Carfley, Esquire
                                      Attorneys for Plaintiff
                                      York Wallcoverings, Inc.

                                      126 East King Street
                                      Lancaster, PA 17602
                                      (717) 299-5201
                                      Court I.D. No. 50919
                                      Court I.D. No. 79136

1084613_1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.,  :
               Plaintiff  :
                     :     No. 1:CV-01-0793
                     :
       v.              :
                     :
S.A. MAXWELL COMPANY, INC.  :
and JAIMA BROWN,  :
              Defendants  :

## AMENDED COMPLAINT

    1.  Plaintiff York Wallcoverings, Inc. is a Pennsylvania Corporation with a place of business of 750 Linden Avenue, York, Pennsylvania, 17404, hereinafter referred to as "York".

    2.  Defendant S.A. Maxwell Co. is a corporation with a place of business at 935 Campus Drive, Mundelein, Illinois 60060, hereinafter referred to as "Maxwell".

    3.  Defendant Jaima Brown is an adult individual and an employee of Maxwell, who does business at Maxwell's place of business listed above.

    4.  This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq., hereinafter referred to as the "Act". Jurisdiction is founded on Sections 1331, 1338(a) and 1338(b) of the Judicial Code (28 U.S.C. §§ 1331, 1338(a) and 1338(b)).

    5.  Venue is conferred by §§ 1391(b)(2) and (c) and 1400(a) of the Judicial Code (28 U.S.C. §§1391(b)(2) and (c) and 1400(a)).

OPERATIVE FACTS

    6.  York is engaged in the business, inter alia, of designing, manufacturing and selling wallcoverings and wallcovering borders.

1103553.1

1

7. In 1999, York created a wallcovering, titled and known as 'Elephant sidewall' and/or Design SP 1306 (hereinafter the "Wallcovering"), based upon a design created by Tricia Scullin, through the design firm of Banafshe Schippel, a company located in the United Kingdom. A photocopy of a portion of the Wallcovering is attached hereto as Exhibit "A".

8. Ms. Schippel transferred any rights in ownership she had to the design of the wallcovering to York.

9. The Wallcovering is copyrightable subject matter under the laws of the United States.

10. In 1999, York created a wallcovering border, titled and known as 'Elephant Border' and/or Design SP 1374 (hereinafter the "Border"). A photocopy of a portion of the Border is attached hereto as Exhibit "B".

11. The Border is copyrightable subject matter under the laws of the United States.

12. The Wallcovering and the Border were first published on October 25, 1999.

13. York placed the Wallcovering and the Border in a sample book entitled Passport (hereinafter referred to as "Sample Book"), the cover of which features an elephant of the type and design depicted in the Wallcovering and the Border.

14. York registered both the Wallcovering and the Border with the United Stated Copyright Office on February 8, 2001, complying in all respects with the registration and deposit requirements of the Act, copies of said registration applications being attached hereto as Exhibits "C" and "D" respectively.

15. York legally owns the designs depicted in the Wallcovering and the Border, all the exclusive copyrights there in and is entitled to copyright protection.

1103553.1

2

16. York has manufactured and sold numerous rolls of wallcoverings and borders, in four different color combinations, depicting the design of the Wallcovering and Border at issue in this action.

17. York's copyright ownership is clearly noticed on all sample books wherein samples of the Wallcovering and the Border are contained. All individual samples and/or pages of the Wallcovering and the Border contained in the Sample Book are marked with a notice of York's copyright ownership of the Wallcovering and the Border.

18. York has expended substantial resources in designing, promoting, manufacturing and selling its wallcoverings and borders and built a valuable business based on demand for its distinctively-styled, quality wallcoverings and borders. York has become identified in the minds of the public as the provider of the same.

19. Defendant Brown has commented to employees of York that she regularly views and looks at sample books containing York's wallcovering and border designs and admires them greatly.

20. At some date after October 25, 1999, Maxwell by and through its employee Defendant Brown copied York's Wallcovering and caused to be manufactured and offered for sale to the public a wallcovering which is not only substantially similar, but is strikingly similar to York's Wallcovering. A photocopy of a portion of the infringing wallcovering offered by Maxwell is attached hereto as Exhibit "E". Maxwell's elephant sidewall was offered in 3 colorways; two of Maxwell's colorways are offered in the same color combinations as two colorways of York's elephant design Wallcoverings.

1103553.1

21. At some date after October 25, 1999, Maxwell by and through its employee Defendant Brown copied York's Border and caused to be manufactured and offered for sale to the public a wallcovering Border which is not only substantially similar, but is strikingly similar to York's Border. A photocopy of a portion of the infringing border offered by Maxwell is attached hereto as Exhibit "F". Maxwell's elephant border was offered in 3 colorways; two of Maxwell's colorways are offered in the same color combinations as two colorways of York's elephant Border.

22. At some date after October 25, 1995, Maxwell by and through its employee Defendant Brown copied York's elephant design and caused to be manufactured and offered for sale to the public fabric which is not only substantially similar but strikingly similar to York's elephant design; the fabric was offered in 3 colorways.

23. At some date after October 25, 1999, Maxwell and/or Defendant Brown placed samples of the infringing wallcovering, border, and fabric in a sample book entitled Sesquicentennial Collection, the cover of which features an elephant of the type and design of the elephant depicted on the Wallcovering and the Border. The elephant depicted on the cover of the sample book is substantially, if not strikingly, similar to the elephant depicted in York's Wallcovering, Border and the cover of York's Sample Book.

1103553.1

4

## COUNT I – COPYRIGHT INFRINGEMENTS
### York v. All Defendants

24. Paragraphs 1 through 23 are incorporated herein as though set forth in their entirety.

25. Defendant Brown unlawfully and willfully copied all or part of York's Wallcovering, Border and cover of York's Sample Book, in violation of York's copyright in its designs.

26. Maxwell individually and through their employee Defendant Brown unlawfully and willfully copied all or a part of York's Wallcovering, Border and cover of York's Sample Book, in violation of York's copyright in its designs.

27. The elephant design wallcovering and fabric found in the Sesquicentennial Collection infringes York's copyright in the elephant design Wallcovering.

28. The elephant design border found in the Sesquicentennial Collection infringes York's copyright in the elephant design Border.

29. The Defendants' wallcovering, border, and fabrics in all color combinations, are not only substantially similar, but are strikingly similar to York's Wallcovering and Border, exuding the same "look and feel" as York's copyrighted material.

30. The cover of the Maxwell sample book entitled Sesquicentennial Collection infringes York's copyright.

31. Defendants' sample book is not only substantially similar, but is strikingly similar to York's Sample Book, exuding the same "look and feel" as York's copyrighted material.

32. York has lost substantial revenue from Defendants' unlawful and willful copying of York's copyrighted material.

1103553.1

33. Defendants' wallcovering, border and fabric dilute the market and serve to destroy the distinctiveness of York's copyrighted works.

34. Defendants' copying of York's elephant design and the use of the elephant on the cover of Defendants' sample book, destroys the public's identification of the Wallcovering and Border to York as York's exclusive property, thereby confusing the public and causing York to suffer irreparable damages and lost profits.

35. York's sale of its own works and derivative works is prejudiced by Defendants' copyright infringements.

WHEREFORE, York demands:

(a) Defendants (jointly and severally) be ordered to pay to York all damages suffered by York due to Defendants' unlawful acts, with prejudgment interest, and the value of York's designs, as well as account for and pay to York all gains and profits that Defendants have enjoyed at York's expense.  At present, York cannot ascertain the full extent of its damages and lost profits;

(b) The right to elect statutory damages, including for willful infringement, in lieu of actual damages, in accordance with 17 U.S.C. §504(c);

(c) Defendants (jointly and severally) be ordered to pay to York all York's costs and attorneys' fees, including as provided by 17 U.S.C. §505;

(d) Defendants be enjoined during the pendency of this action and permanently thereafter from infringing York's copyrights and from copying, marketing, selling or

1103553.1

constructing copies or other reproductions or derivatives of York's copyrighted works, in whole or in part; and

(e) a trial by jury.

## COUNT II – UNFAIR COMPETITION
### York v. All Defendants

36. Paragraphs 1 through 34 are incorporated herein as though set forth in their entirety.

37. This action for unfair competition is a substantial and related claim to Defendants' infringements of York's copyrights and pursuant to § 1338(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

38. Defendants, in unlawfully and willfully copying York's elephant design as depicted on its Wallcovering and Border and placing the design of York's elephant on the cover of Defendant's sample book, created a likelihood of confusion among the public as to the original source of York's Wallcovering and Border and have contributed to the dilution of the distinctive quality of York's work in the marketplace.

39. Defendants, by their unauthorized appropriation and use of York's copyrighted works, have and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on York's good will and the public's acceptance of York's copyrighted works, all to York's irreparable damage.

WHEREFORE, York demands:

(a) Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating and using York's copyrighted works;

1103553.1

(b) Defendants, jointly and severally, be ordered to pay to York all damages suffered by York due to their unlawful acts, with prejudgment interest, as well as account for and pay to York all gains and profits that they have enjoyed at York's expense and that such damages include York's costs and attorney fees. At present, York cannot ascertain the full extent of its damages and lost profits;

(c) Such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances; and

(d) a trial by jury.

## COUNT III – TRADE DRESS
### York v. All Defendants

40. Paragraphs 1 through 39 are incorporated herein as though set forth in their entirety.

41. When designing and manufacturing the Wallcovering, Border and Sample Book, York has adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

42. Defendants have attempted to imitate York's particular dress, design and combination of features, as they pertain to the Wallcovering, Border and Sample Book, in such a way as to mislead the public.

43. The multiplicity of similarities between York's copyrighted Wallcovering, Border and the cover of York's Sample Book and those produced and manufactured by Defendants evidence a conscious intent by Defendants to imitate and copy York.

1103553.1

44. Defendants' use of color and combination of colors when copying and/or imitating York's Wallcovering, Border and the cover of York's Sample Book evidences a conscious intent of Defendants to imitate and copy York.

45. Defendants' actions are intended and/or operate to confuse the public.

46. York's sale of its own works and derivative works is prejudiced by Defendants' imitation and copying of York, all to York's irreparable damage.

WHEREFORE, York demands:

(a)  Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating and using York's copyrighted works;

(b)  Defendants be enjoined during the pendency of this action and permanently thereafter from selling its infringing wallpaper and border to the public;

(c)  Defendants, jointly and severally, be ordered to pay to York all damages suffered by York due to their unlawful acts, with prejudgment interest, as well as account for and pay to York all gains and profits that they have enjoyed at York's expense and that such damages include York's costs and attorney's fees.  At present, York cannot ascertain the full extent of its damages and lost profits;

(d)  such other relief as the equities of the case may require and as this Court may deem just and proper under the circumstances; and

1103553.1

(e)  a trial by jury.

BARLEY, SNYDER, SENFT & COHEN, LLC

Date: _____     BY: _____

                                         Bruce J. Wolstoncroft, Esquire
                                         Kendra D. McGuire, Esquire
                                         Attorneys for Plaintiff
                                         York Wallcoverings, Inc.

                                         126 East King Street
                                         Lancaster, PA  17602
                                         (717) 299-5201
                                         Court I.D. No. 43923
                                         Court I.D. No. 50919

1103553.1

**Exhibit A**



Exhibit B



Exhibit C

# CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE
★ THE LIBRARY OF CONGRESS ★

**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

## FORM VA
For a Work of the Visual Arts
UNITED STATES

REGI

**VA 1-064-203**
VAU

**EFFECTIVE DATE OF REGISTRATION**

| | | |
|---|---|---|
| 2 | 12 | 01 |
| Month | Day | Year |

**CONTINUATION SHEET.**

---

## 1

**TITLE OF THIS WORK ▼**

Elephant Sidewall

**NATURE OF THIS WORK ▼** See Instructions

Artwork / pattern of print reproduced on wallcoverings and, if necessary, fabr

**PREVIOUS OR ALTERNATIVE TITLES ▼**
Design SP 1306

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give:    **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

---

## 2

**a**

**NAME OF AUTHOR ▼**

Banafshe Schippel

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
Domiciled in ▶ United Kingdom

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☑ No
Pseudonymous?    ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☑ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?    ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

## 3

**a** Year in Which Creation of This Work Was Completed
1999 ◀ Year
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month ▶ Oct.    Day ▶ 25    Year ▶ 1999
USA ◀ Nation

---

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

York Wallcoverings, Inc.
750 Linden Avenue
York, PA  17404

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

By written contract, transfer of all rights by the author.

**APPLICATION RECEIVED**
FEB 12 2001
**ONE DEPOSIT RECEIVED**
FEB 12 2001
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**    • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ____ pages

# CERTIFICATE OF REGISTRATION

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**REGISTRATION** 

**VA 1-064-204**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**OFFICIAL SEAL**

**EFFECTIVE DATE OF REGISTRATION**

| 2 | 12 | 01 |
|---|----|----|
| Month | Day | Year |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

---

**1** **TITLE OF THIS WORK ▼**

Elephant Border

**NATURE OF THIS WORK ▼** See instructions

Artwork /pattern of print reproduced on wallcoverings,and if necessary, on fabrics.

**PREVIOUS OR ALTERNATIVE TITLES ▼**

Design SP 1374

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼** **Number ▼** **Issue Date ▼** **On Pages ▼**

---

**2** **a** **NAME OF AUTHOR ▼**

York Wallcoverings, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ USA

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☑ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

---

**3** **a** **Year in Which Creation of This Work Was Completed**
1999 ◀ Year
This information must be given in all cases.

**b** **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ Oct. Day ▶ 25 Year ▶ 1999
USA ◀ Nation

---

**4** **COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

York Wallcoverings, Inc.
750 Linden Avenue
York, PA 17404

See instructions before completing this space.

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**
FEB 12 2001
**ONE DEPOSIT RECEIVED**
FEB 12 2001
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

**Exhibit E**



**Exhibit F**



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.,                :
                  Plaintiff        :
                          :       No.  1:CV-01-0793
         v.                           :
                          :
S.A. MAXWELL COMPANY, INC.               :
and JAIMA BROWN,                         :
               Defendants      :

## **AMENDED COMPLAINT**

1.   Plaintiff York Wallcoverings, Inc. is a Pennsylvania Corporation with a place of business of 750 Linden Avenue, York, Pennsylvania, 17404, hereinafter referred to as "York".

2.   Defendant S.A. Maxwell Co. is a corporation with a place of business at 935 Campus Drive, Mundelein, Illinois 60060, hereinafter referred to as "Maxwell".

3.   Defendant Jaima Brown is an adult individual and an employee of Maxwell, who does business at Maxwell's place of business listed above.

4.   This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq., hereinafter referred to as the "Act".  Jurisdiction is founded on Sections 1331, 1338(a) and 1338(b) of the Judicial Code (28 U.S.C. §§ 1331, 1338(a) and 1338(b)).

5.   Venue is conferred by §§ 1391(b)(2) and (c) and 1400(a) of the Judicial Code (28 U.S.C. §§1391(b)(2) and (c) and 1400(a)).

### OPERATIVE FACTS

6.   York is engaged in the business, inter alia, of designing, manufacturing and selling wallcoverings and wallcovering borders.

1103553.1

1

7. In 1999, York created a wallcovering, titled and known as 'Elephant sidewall' and/or Design SP 1306 (hereinafter the "Wallcovering"), based upon a design created by Tricia Scullin, through the design firm of~~with the assistance of a designer named~~ Banafshe Schippel, a company located in~~citizen of~~ the United Kingdom. A photocopy of a portion of the Wallcovering is attached hereto as Exhibit "A".

8. Ms. Schippel transferred any rights in ownership she had to the design of the wallcovering to York.

9. The Wallcovering is copyrightable subject matter under the laws of the United States.

10. In 1999, York created a wallcovering border, titled and known as 'Elephant Border' and/or Design SP 1374 (hereinafter the "Border"). A photocopy of a portion of the Border is attached hereto as Exhibit "B".

11. The Border is copyrightable subject matter under the laws of the United States.

12. The Wallcovering and the Border were first published on October 25, 1999.

13. York placed the Wallcovering and the Border in a sample book entitled Passport (hereinafter referred to as "Sample Book"), the cover of which features an elephant of the type and design depicted in the Wallcovering and the Border.

14. York registered both the Wallcovering and the Border with the United Stated Copyright Office on February 8, 2001, complying in all respects with the registration and deposit requirements of the Act, copies of said registration applications being attached hereto as Exhibits "C" and "D" respectively.

1103553.1

2

15. York legally owns the designs depicted in the Wallcovering and the Border, all the exclusive copyrights there in and is entitled to copyright protection.

16. York has manufactured and sold numerous rolls of wallcoverings and borders, in four different color combinations, depicting the design of the Wallcovering and Border at issue in this action.

17. York's copyright ownership is clearly noticed on all sample books wherein samples of the Wallcovering and the Border are contained.  All individual samples and/or pages of the Wallcovering and the Border contained in the Sample Book are marked with a notice of York's copyright ownership of the Wallcovering and the Border.

18. York has expended substantial resources in designing, promoting, manufacturing and selling its wallcoverings and borders and built a valuable business based on demand for its distinctively-styled, quality wallcoverings and borders.  York has become identified in the minds of the public as the provider of the same.

19. Defendant Brown has commented to employees of York that she regularly views and looks at sample books containing York's wallcovering and border designs and admires them greatly.

20. At some date after October 25, 1999, Maxwell by and through its employee Defendant Brown copied York's Wallcovering and caused to be manufactured and offered for sale to the public a wallcovering which is not only substantially similar, but is strikingly similar to York's Wallcovering.  A photocopy of a portion of the infringing wallcovering offered by Maxwell is attached hereto as Exhibit "E".  Maxwell's elephant sidewallIt was offered in 3

colorways; two of Maxwell's colorways are offered in the same ~~two~~ color combinations as two colorways of York's elephant design Wallcoverings.

21. At some date after October 25, 1999, Maxwell by and through its employee Defendant Brown copied York's Border and caused to be manufactured and offered for sale to the public a wallcovering Border which is not only substantially similar, but is strikingly similar to York's Border. A photocopy of a portion of the infringing border offered by Maxwell is attached hereto as Exhibit "F". Maxwell's elephant border~~It~~ was offered in 3 colorways; two of Maxwell's colorways are offered in the same ~~two~~ color combinations as two colorways of York's elephant Border.

22. At some date after October 25, 1995, Maxwell by and through its employee Defendant Brown copied York's elephant design and caused to be manufactured and offered for sale to the public fabric which is not only substantially similar but strikingly similar to York's elephant design; the fabric was offered in 3 colorways.

~~22.~~23. At some date after October 25, 1999, Maxwell and/or Defendant Brown placed samples of the infringing wallcovering, ~~and~~ border, and fabric in a sample book entitled Sesquicentennial Collection, the cover of which features an elephant of the type and design of the elephant depicted on the Wallcovering and the Border. The elephant depicted on the cover of the sample book is substantially, if not strikingly, similar to the elephant depicted in York's Wallcovering, Border and the cover of York's Sample Book.

1103553.1

4

## COUNT I – COPYRIGHT INFRINGEMENTS
### York v. All Defendants

23.24. Paragraphs 1 through 23 are incorporated herein as though set forth in their entirety.

24.25. Defendant Brown unlawfully and willfully copied all or part of York's Wallcovering, Border and cover of York's Sample Book, in violation of York's copyright in itsboth designs and in both color combinations.

25.26. Maxwell individually and through their employee Defendant Brown unlawfully and willfully copied all or a part of York's Wallcovering, Border and cover of York's Sample Book, in violation of York's copyright in itsboth designs and color combinations.

26.27. The elephant design wallcovering and fabric found in the Sesquicentennial Collectionat Exhibit "E" of this Complaint infringes York's copyright in the elephant design Wallcovering.

27.28. The elephant design border found in the Sesquicentennial Collectionat Exhibit "F" of this Complaint infringes York's copyright in the elephant design Border.

28.29. The Defendants' wallcovering, and border, and fabrics in allboth color combinations, are not only substantially similar, but are strikingly similar to York's Wallcovering and Border, exuding the same "look and feel" as York's copyrighted material.

29.30. The cover of the Maxwell sample book entitled Sesquicentennial Collection infringes York's copyright.

(c) Defendants (jointly and severally) be ordered to pay to York all York's costs and attorneys' fees, including as provided by 17 U.S.C. §505;

(d) Defendants be enjoined during the pendency of this action and permanently thereafter from infringing York's copyrights and from copying, marketing, selling or constructing copies or other reproductions or derivatives of York's copyrighted works, in whole or in part; and

(e) a trial by jury.

COUNT II – UNFAIR COMPETITION<br/>York v. All Defendants

35.36. Paragraphs 1 through 34 are incorporated herein as though set forth in their entirety.

36.37. This action for unfair competition is a substantial and related claim to Defendants' infringements of York's copyrights and pursuant to § 1338(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

37.38. Defendants, in unlawfully and willfully copying York's elephant design as depicted on its Wallcovering and Border and placing the design of York's elephant on the cover of Defendant's sample book, created a likelihood of confusion among the public as to the original source of York's Wallcovering and Border and have contributed to the dilution of the distinctive quality of York's work in the marketplace.

38.39. Defendants, by their unauthorized appropriation and use of York's copyrighted works, have and are engaging in acts of unfair competition, unlawful appropriation, unjust

1103553.1

enrichment, wrongful deception of the purchasing public, and unlawful trading on York's good will and the public's acceptance of York's copyrighted works, all to York's irreparable damage.

WHEREFORE, York demands:

(a) Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating and using York's copyrighted works;

(b) Defendants, jointly and severally, be ordered to pay to York all damages suffered by York due to their unlawful acts, with prejudgment interest, as well as account for and pay to York all gains and profits that they have enjoyed at York's expense and that such damages include York's costs and attorney fees. At present, York cannot ascertain the full extent of its damages and lost profits;

(c) Such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances; and

(d) a trial by jury.

## COUNT III – TRADE DRESS
### York v. All Defendants

~~39.~~40. Paragraphs 1 through 39 are incorporated herein as though set forth in their entirety.

~~40.~~41. When designing and manufacturing the Wallcovering, Border and Sample Book, York has adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

1103553.1

8

41.42. Defendants have attempted to imitate York's particular dress, design and combination of features, as they pertain to the Wallcovering, Border and Sample Book, in such a way as to mislead the public.

42.43. The multiplicity of similarities between York's copyrighted Wallcovering, Border and the cover of York's Sample Book and those produced and manufactured by Defendants evidence a conscious intent by Defendants to imitate and copy York.

43.44. Defendants' use of color and combination of colors when copying and/or imitating York's Wallcovering, Border and the cover of York's Sample Book evidences a conscious intent of Defendants to imitate and copy York.

44.45. Defendants' actions are intended and/or operate to confuse the public.

45.46. York's sale of its own works and derivative works is prejudiced by Defendants' imitation and copying of York, all to York's irreparable damage.

WHEREFORE, York demands:

(a) Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating and using York's copyrighted works;

(b) Defendants be enjoined during the pendency of this action and permanently thereafter from selling its infringing wallpaper and border to the public;

(c) Defendants, jointly and severally, be ordered to pay to York all damages suffered by York due to their unlawful acts, with prejudgment interest, as well as account for and pay to York all gains and profits that they have enjoyed at York's expense and that such damages

1103553.1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Amend

Complaint has been served this _23rd_ day of _August_, 2002, by first-class

mail, postage pre-paid, upon:

> Albert Robin, Esquire
> Robin, Blecker & Daley
> 330 Madison Avenue
> 2nd Floor
> New York, NY 10017

> BARLEY, SNYDER, SENFT & COHEN, LLC
>
> By: _____
>     Kendra D. McGuire, Esquire
>     Stephanie Carfley, Esquire
>     Attorneys for Plaintiff
>     York Wallcoverings, Inc.
>
>     126 East King Street
>     Lancaster, PA 17602-2893
>     Court I.D. No. 50919
>     Court I.D. No. 79136

1084613_1