**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
AUG 2 3 2002
MARY E. D'ANDREA, CLERK
Deputy Clerk

| | | |
|---|---|---|
| YORK WALLCOVERINGS, INC. | : | |
| Plaintiff | : | No.: 1:CV:01-0793 |
| | : | |
| vs. | : | |
| | : | |
| S.A. MAXWELL COMPANY, INC. | : | (The Hon. Sylvia H. Rambo) |
| AND JAIMA BROWN | : | |
| Defendants | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE RONALD REDDING'S TRIAL
TESTIMONY ON ISSUE OF COPYRIGHT INFRINGEMENT**

The instant case involves the alleged infringement of Plaintiff York Wallcoverings, Inc.'s ("York") copyrighted elephant wallpaper and border design by Defendants S.A. Maxwell Company, Inc. ("Maxwell") and Jaima Brown. Trial in this matter is currently scheduled to commence on October 28, 2002.

On or about April 29, 2002, York served an expert report of Ronald Redding, the Vice President of Design for York. The report lists the areas of similarity between the York wallcovering and the Maxwell design and concludes that similarities such as those seen in the Maxwell and York designs are typically only seen when the two designs are "designed with coordination in mind."

SC/PLDG/1103025.1

Defendants now seek to preclude the testimony of Mr. Redding on the grounds that: (1) Mr. Redding is not an "expert" as defined by Rule 26(a)(2)(B); (2) Mr. Redding's report lacks information required by Rule 26(a)(2)(b); (3) expert testimony is not admissible to prove substantial similarity; and (4) Mr. Redding is not a "lay observer" who may testify at trial regarding the issue of substantial similarity. For the reasons set forth below, Defendants' arguments are without merit.

### A. Rule 26(a)(2)(B) Does Not Require York to Serve An Expert Report on Behalf of Ronald Redding.

In their Motion in Limine and accompanying Brief, Defendants try to establish that Mr. Redding is not an "expert" as defined by Rule 26(a)(2)(B). They also contend that Mr. Redding's report does not satisfy the requirements of Rule 26(a)(2)(B)because it is not "detailed and complete" and does not contain a list of exhibits to be used in support of Mr. Redding's opinion, a list of publications Mr. Redding has authored in the last ten years, the compensation Mr. Redding is to be paid for his testimony and a listing of cases in which Mr. Redding has testified as an expert in the last four years. Defendants seek the preclusion of Mr. Redding's testimony at trial on the grounds that the failure to provide this information "could create unfair surprise and could result in the

unnecessary expenditure of resources." Defendants' arguments should fail for several reasons.

Initially, it is significant to note that Defendants do **not** dispute that Mr. Redding is qualified to serve as an expert in this case. (Mr. Redding, with his over 32 years of experience in the wallcoverings industry, most, if not all, of which was devoted to the design of wallcoverings, is clearly an expert in issues relating to wallcovering design). Rather, Defendants seem to be arguing that because Mr. Redding was not "retained" or "specifically employed" to provide expert testimony and because his duties as an employee of York do not "regularly involve giving expert testimony," he does not fall within Rule 26(a)(2)(B)'s definition of expert. However, accepting Defendants' argument as true does not lead to the conclusion that Mr. Redding should be precluded from serving as an expert in this case. It is well settled that to be qualified as an expert, a witness need only to have "specialized knowledge" regarding the area of testimony. Waldorf v. Shuta, 142 F.3d 601, 625 (3d Cir. 1998); See also In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 741 (3d Cir. 1994); Hammond v. Internat'l Harvester Co., 691 F.2d 646, 652-53 (3d Cir. 1982); Knight v. Otis Elevator

Co., 596 F.2d 84, 87-88 (3d Cir. 1979) (recognizing liberal standard for qualifying experts).

Nor does it require that Mr. Redding's testimony or report be excluded. To the contrary, if an expert witness is not "retained" or "specially employed" to provide expert testimony, Rule 26(a)(2)(B) does not even require the preparation of a written report. See Advisory Committee Notes to Rule 26(b)(4)(A) (1993); See also Sullivan v. Glock, 175 F.R.D. 497 (D. Md. 1997) (recognizing that the requirement of a written report in paragraph (2)(B) applies only to those experts who are retained or specially employed to provide expert testimony in a case or whose duties as an employee of a party regularly involve the giving of expert testimony).

In Sullivan, supra, the United States District Court for the District of Maryland undertook an in-depth analysis of Rule 26(a)(2) in an effort to determine the circumstances under which the disclosure of an expert report is required. In so doing, the Court recognized two distinct types of disclosures that Rule 26(a)(2) creates: (1) disclosure of the identity of *any* witness who may provide opinion testimony at trial in accordance with Fed. R. Evid. 702, 703, and 705; and (2) the far more comprehensive written and signed report which

Rule 26(a)(2)(B) requires for "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." Id. at 500 (emphasis in original). The Court held that "hybrid" witnesses, i.e. witnesses who testify to facts in the case and also offer some expert opinions, must be identified pursuant to Rule 26(a)(2)(A), but are exempt from the reporting requirements of Rule 26(a)(2)(B).[1] Id. For witnesses being called solely or principally to offer expert testimony, a written report must be produced. Id.

When dealing with "hybrid" witnesses, the Court offered the following advice:

> The written report required by Rule 26(a)(2)(B) is inapplicable to hybrid witnesses, and counsel must be prepared to obtain information about the opinions and bases for their testimony by interrogatories and/or deposition. The failure to pursue these alternative means of discovering the expected opinion testimony of hybrid witnesses is not a basis for excluding that testimony at trial.

Id. at 506; See also Day v. Consolidated Rail Corp., 1996 WL 257654 (S.D.N.Y. 1996) (recognizing that Rule 26(a)(2)(B) reports are not required from

---

[1] Although dealing specifically with a treating physician, the Court in Sullivan noted that any witness with expertise in an area of scientific, technical or specialized knowledge which would be helpful to the fact-finder could fit into the category of "hybrid" witness. Id. at 500 n.5.

SC/PLDG/1099109.1    5

experts who are testifying as fact witnesses, but who are also offering some expert opinions).

In the instant case, as Defendants themselves assert, Ron Redding was neither retained nor specially employed to give expert testimony in this case. Nor do his duties as the Vice President of Design at York regularly involve the giving of expert testimony. Mr. Redding is a fact witness who also happens to possess the requisite expertise required by Fed. R. Evid. 702 to permit him to give expert opinion testimony in this case. As such, Mr. Redding is a "hybrid" fact/expert witness. Given Mr. Redding's status as a "hybrid" witness, York was not required to serve the report prepared by Mr. Redding. York was not required to disclose anything more than the identity of Mr. Redding under Rule 26(a)(2)(A), which it did. By York voluntarily disclosing Mr. Redding's opinions to Defendants, when it was not required to do so, York has provided Defendants with more information than they are even entitled to. Since York was under no obligation to serve a report setting forth Mr. Redding's opinions regarding the similarity between the two designs, Defendants' claim that Mr. Redding's report is deficient and should be precluded under Rule 37(c)(1) is without merit.

Even if this Court finds that a written report was required, Defendants' arguments fail. Contrary to Defendants' assertions, Mr. Redding's report is detailed and complete. He sets forth his opinions and the design aspects on which he bases his opinions. Additionally, Mr. Redding testified at length at the injunction hearing in this matter. His trial testimony will closely parallel that given at the hearing. Therefore, Defendants know the scope of Mr. Redding's trial testimony, the basis for the same and are in a far better position than most litigants who do not have the benefit of a "dry run."

Additionally, Defendants had several opportunities to obtain the information they allege is lacking from Mr. Redding's report, but failed to do so. Mr. Redding was listed in York's initial disclosures. Defendants had the opportunity to depose Mr. Redding. Defendants could have questioned Mr. Redding regarding his knowledge of the facts as well as the basis for his expert opinions. Defendants elected not to do so. Additionally, Defendants had Mr. Redding's report in advance of the injunction hearing. They were afforded a full and fair opportunity to cross-examine Mr. Redding at the hearing. If Defendants chose not to ask questions relating to Mr. Redding's opinions, expert experience,

etc., it was at their peril and Defendants should not now be heard to claim unfair surprise and/or prejudice. 175 F.R.D. at 506.

As highlighted in Sullivan, Defendants' failure to pursue alternative means of discovering the bases for Mr. Redding's opinions, the data or information relied upon in reaching these conclusions and information regarding prior publications, expert fees and prior expert testimony is not a basis for excluding Mr. Redding's testimony at trial in this matter. Accordingly, Defendants' Motion in Limine should be denied.

**B.     Expert Testimony on the Issue of Substantial Similarity is Clearly Admissible Under Established Third Circuit Case Law.**

In Whelan Assoc. v. Jaslow Dental Lab, Inc., 797 F.2d 1222, 1232 (3d Cir. 1986), the Third Circuit Court of Appeals adopted the bifurcated substantial similarity test originally set forth in Arnstein v. Porter, 154 F.2d 464, 468-69 (2d Cir. 1946), whereby the finder of fact must make two findings of substantial similarity to support a copyright violation. In adopting this test, the Court specifically authorized the use of expert testimony to prove the first prong of the test -- that the alleged infringer used the copyrighted work in making its own. Id. at 1232. The Third Circuit recently reaffirmed the validity of this rule in Damn Things from Denmark v. Russ Berrie & Co., 290 F.3d 548, 562 (3d Cir.

2002). After a finding of copying has been made, the fact-finder considers whether the copying is actionable, viewing the item through the lay person's eyes, focusing on whether the substantial similarities relate to protectible material. Id. Expert testimony is not used in making this determination. Whelan, 797 F.2d at 1232.

In addition to their other arguments, Defendants also seek to preclude the expert testimony of Ronald Redding on the grounds that Mr. Redding's conclusion that similarity of the type seen in the Maxwell and York designs can "typically only be achieved when the two designs are designed with coordination in mind" constitutes an "inadmissible legal conclusion." This very same objection was raised at the preliminary injunction hearing and overruled by this Court. Indeed, to aid the Court in its decision, Defendants provided the Court with a memorandum at the hearing that was almost identical to pages 4-6 of their Brief in support of the instant Motion in Limine. Since Defendants have provided this Court with no reason to reach a different conclusion than the one previously made, Defendants' argument should again fail.

Additionally, review of the Redding report reveals that it does not reach a conclusion regarding whether the Maxwell design was "illicit" or "an unlawful

appropriation" of the York design. To the contrary, Mr. Redding's conclusion that the similarities between the two designs are of the type that "typically can only be achieved when the two designs are designed with coordination in mind" is simply an opinion that the Maxwell wallpaper design was copied from York's copyrighted design. Mr. Redding does not comment on whether the substantial similarities relate to protectible aspects or elements of the copyrighted work. He simply points out the similarities between the works and concludes that such similarities typically do not occur in the absence of copying. Since Mr. Redding's report, and his testimony at trial, do not address the second prong of the substantial similarity test adopted by this Circuit, he should be permitted to testify at trial consistent with his report and Defendants' Motion in Limine should be denied.

Based on the above-cited authorities and reasoning, Plaintiff York Wallcoverings, Inc. respectfully requests that Defendants' Motion in Limine to Exclude the Testimony of Ronald Redding on the Issue of Copyright Infringement be denied.

BARLEY, SNYDER, SENFT & COHEN, LLC

By: _____
    Kendra D. McGuire, Esquire
    Attorneys for Plaintiff

126 East King Street
Lancaster, PA 17602-2893
(717) 299-5201
Court I.D. No. 50919

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Brief has been served this 23rd day of August, 2002, by first-class mail, postage prepaid, upon:

>Albert Robin, Esquire
>Robin, Blecker & Daley
>330 Madison Avenue
>2nd Floor
>New York, NY 10017

>BARLEY, SNYDER, SENFT & COHEN, LLC

>By: _____
>Kendra D. McGuire, Esquire
>Stephanie Carfley, Esquire
>Attorneys for Plaintiff

>126 East King Street
>Lancaster, PA 17602-2893

SC/PLDG/1103025.1