**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

AUG 2 3 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

YORK WALLCOVERINGS, INC. :
                Plaintiff :   No.: 1:CV:01-0793
:
vs. :
:
S.A. MAXWELL COMPANY, INC. AND :   (The Hon. Sylvia H. Rambo)
JAIMA BROWN :
                Defendants :

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO LIMIT PLANTIFF'S TRIAL TESTIMONY AND EXHIBITS TO THE TWO COLORWAYS OF THE MAXWELL SIDEWALLS AND BORDERS COMPLAINED OF IN THE COMPLAINT**

Defendants seek to limit Plaintiff's trial testimony to only 2 of Maxwell's 3 infringing sidewall and border offerings in its <u>Sesquicentennial</u> Collection sample book and they further seek to preclude all evidence of Maxwell's infringing fabrics in all 3 colorways. In making their claims, Defendants point to the early paragraphs in Plaintiff's Complaint wherein background or introductory facts are being set forth. They also point to definitions contained in Plaintiff's first set of interrogatory questions. Missing from Defendants' brief is the citation to any caselaw supporting their position or to the portions of Plaintiff's Complaint wherein Plaintiff sets forth and gives notice of its claims and its requested items of damages. Plaintiff has given Defendants adequate and fair notice of its claims, and accordingly, Defendants' motion is without merit and should be dismissed.

1103591_1

As stated, Plaintiff believes that its Complaint sufficiently sets forth a claim for the infringement of its elephant design. Simply put, Plaintiff claims that Defendants copied Plaintiff's elephant design. From the day the Complaint was filed, Defendants knew which design was at the heart of Plaintiff's action. It was the elephant design. The number of colorways in which the design appears or the medium on which the design appears has, from the beginning of this proceeding, been known to the Defendants. It has been known to them because they produced it. Now, after participating in discovery which covered all colorways and fabrics, Defendants file a motion citing a pleading technicality, when, in fact, they merely want to avoid the imposition of damages on one colorway and on the fabric.

Plaintiff's Complaint sufficiently sets forth its claims particularly when those claims are viewed in the context of the notice pleading principles followed in the Federal system. As aptly stated by our Appeals Court, the United States Supreme Court has admonished that

> "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.... Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and other pretrial procedures established by the rules to disclose more precisely the basis of both clam and defense and to define more narrowly the disputed facts and issues."

Rannels v. S.E. Nichols, Inc., 591 F.2d 242, 245, (3d. Cir. 1978), citing Conley v. Gibson, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103 (1957)

Accordingly, the fundamental aspect of pleading in our Federal system is fair notice. It is incredibly disingenuous for Defendants to suggest that *they* had no notice that *they* produced

1103591_1

2

*their* product in 3 colorways or that *they* produced a fabric, in 3 colorways, all of which is printed with the elephant design. Rather, what actually happened in this lawsuit is that Defendants knew all along that all 3 colorways of their sidewall and border were at issue in the suit and that the fabric was at issue as well. As contemplated by the Rannels and Conley holdings, both parties pursued discovery on all 3 colorways of Maxwell's sidewall, border and fabric. Defendants' own expert on damages makes findings and provides analysis of all colorways of the infringing sidewalls and borders as well as the infringing fabrics. Defendants do not deny this in their motion. Exhibit lists exchanged in compliance with Local Rule 16.3 include exhibits covering all colorways and the fabrics. The Exhibit list reflects evidence exchanged during discovery. Moreover, the testimony at the injunction hearing in April of this year covered all 3 colorways of sidewalls and borders and the fabric. In fact, this Court's injunction order addresses all colorways.

Nevertheless, in an abundance of caution and in order to avoid any confusion, York has moved to amend its pleading to unequivocally include all colorways of sidewalls, borders, and fabrics, which depict the infringing elephant design. The statute of limitations on these designs has not yet run as Defendants copied and offered their designs to the public in January, 2000. See, 17 U.S.C.A. 507(b).

1103591_1

3

Moreover, Defendants will in no way be prejudiced by an amendment to the pleadings, nor will trial be delayed by amending the Complaint to reflect the discovery and testimony taken thus far in this case.[1] Consistent with Pa. R.C.P. Rule 15(a), "leave shall be freely given when justice so requires." "Moreover, the district courts in this circuit traditionally, in the absence of prejudice to the defendant, have permitted generous amendments to complaints under Rule 15(b)...." Rannel, 591 F.2d at 247.

Defendants argue that, if the Court were to allow an amendment at this date, they would be entitled to discovery on whether or not Plaintiff "believed that only two of the three colorways infringed and that Maxwell's fabric did not infringe." This argument might be relevant if we were litigating the application of the "discovery rule" so as to extend the statute of limitations. We are not litigating that issue as the statute of limitations has not even expired on Defendants' infringements. Moreover, as set forth in their motion, Defendants appear to be in possession of enough facts to spin the argument at trial, provided it survives objection. What Defendants are really asking for is an opportunity to re-depose witnesses. Defendants knew that they put the infringing design on wallcovering products in 3 colorways and on fabric, also in 3 colorways. If they truly thought that it was important to their case, they could have questioned (and in many instances did question) Plaintiff's employees about what they knew and when they knew it. If they want to impeach the credibility of those witnesses on an amendment that they themselves insisted upon, they may try to do so at trial.

---

[1] As stated, the parties have exchanged discovery on all 3 colorways of wallcovering products and fabrics. Expert have addressed all colorways and the fabrics. Discussion of all colorways and fabric occurred during the Rule 16.3 meeting.

1103591_1

4