**ORIGINAL**

FILED
HARRISBURG, PA
AUG 2 3 2002
MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YORK WALLCOVERINGS, INC. | : | |
|     Plaintiff | : | No.: 1:CV:01-0793 |
| | : | |
| vs. | : | |
| | : | |
| S.A. MAXWELL COMPANY, INC. AND JAIMA BROWN | : | (The Hon. Sylvia H. Rambo) |
|     Defendants | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO LIMIT SCOPE
OF MARK A. PETERSON'S TRIAL TESTIMONY**

Defendants have filed the instant Motion in Limine seeking to limit the testimony of Mark A. Peterson at the upcoming trial in this matter. Defendants cite several grounds which they believe warrant the exclusion and/or limitation of Mr. Peterson's proposed testimony in this case. Interestingly though, they fail to cite a single case which supports their arguments. Review of the relevant case law though reveals that Defendants' arguments are wholly without merit and should be denied as such.

### A.     Neither Peterson Report Violates Rule 26(a)(2)(B).

The heading under Point I of Defendants' Brief asserts that neither report prepared by Mr. Peterson complies with Rule 26(a)(2)(B). However, Defendants' Brief is devoid of any argument that Mr. Peterson's original report is deficient. Accordingly, any such claim should be denied.

With regard to the supplemental report, Defendants contend that York violated Rule 26(a)(2)(B) by raising the issue of its entitlement to lost profits for the first time in Mr. Peterson's supplemental expert report. Defendants maintain that these opinions belonged in the original expert report. They further maintain that this "violation" was unjustified given York's knowledge of the facts supporting its lost profits claim prior to the submission of its first expert report. Defendants' arguments should fail for a number of reasons.

First, Rule 26 clearly imposes a duty to supplement expert reports. Pursuant to subdivision (a)(2)(C) of Rule 26, "[t]he parties shall supplement [expert] disclosures when required under subdivision (e)(1)." Rule 26(e)(1) provides that:

> A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect . . . . With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B), the duty extends to both information contained in the report and to information provided through a deposition of the expert, and any additions or changes to

>   this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

Id. (e)(1).

In the instant case, there has been no violation of Rule 26(a)(2). Rather, York's disclosure of Mr. Peterson's supplemental report was in conformance with the requirement to supplement under Rule 26. Accordingly, there is nothing which would justify exclusion of York's supplemental report and accompanying exhibits under Rule 37(c)(1).

Second, even assuming that York should have submitted its evidence of lost profits in the original expert report of Mr. Peterson, rather than in a supplemental report, York's "untimely" submission has resulted in no prejudice to Defendants. Accordingly, Defendants' motion to exclude should be denied.

As this Court has recognized, courts should exercise particular restraint in considering motions to exclude evidence. See e.g. In re TMI Litig., 922 F.Supp. 997, 1003-04 (M.D. Pa. 1996). Absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony, the Third Circuit has manifested a distinct aversion to the exclusion of important testimony. See In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791-92 (3d Cir. 1994), *cert. denied,* 513 U.S. 1190 (1995); Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977), *overruled on other grounds*, Goodman v. Lukens, 777 F.2d 113 (3d

Cir. 1985), *aff'd,* 482 U.S. 656 (1987). Additionally, it is well settled that since the exclusion of evidence is an extreme sanction, it should only be imposed in rare circumstances. Pennypack, 559 F.2d at 905.

At the time Mr. Peterson's supplemental report was served on June 15, 2002, trial was still over 3 months away. Therefore, Defendants cannot claim surprise. Nor is Mr. Peterson's supplemental report of such a new and unexpected nature that it will cause any surprise to Defendants. Since there was ample time to cure any alleged prejudice to Defendants caused by the disclosure of Mr. Peterson's supplemental report, any technical violation of Rule 26(a)(2)(B) was harmless.

Defendants also allege that Mr. Peterson's testimony regarding lost profits should be precluded because York has failed to comply with its mandatory disclosure obligations and this Court's Order regarding discovery. Defendants' conveniently ignore the fact that York's lost profits claim in this case is based on Maxwell's sales.[1] Because York's theory of lost profits is based on Maxwell's sales figures (figures which York did not have at the time), York was not in the position to provide information regarding lost profits in its initial disclosures.

---

[1] At the injunction hearing in this matter, this Court heard testimony from York regarding the uniqueness of the wallpaper design at issue. Indeed, LeRue Brown testified that he conducted a search of the marketplace before any decision to file suit against Maxwell was made to ensure that York's product was truly unique. Since the only other product on the market with the same look and feel as York's product was the Maxwell elephant wallpaper, York asserts that it would have made the sales that Maxwell made had Maxwell's infringing design not been available.

However, contrary to Defendants' assertions, York did provide all of the damages information it had in its possession at the time in response to this Court's Order. Since York's lost profits calculations were based on information which had to be obtained from Maxwell, any delay in York's disclosure of this information is attributable to Defendants and cannot be held to have caused any prejudice or unfair surprise to Defendants.

Given the absence of prejudice, and given the Third Circuit's aversion, absent extreme circumstances, to the exclusion of crucial evidence, York submits that there is simply no basis upon which to grant Defendants' Motion. As such, Defendants' motion to preclude the introduction of the opinions contained in Mr. Peterson's supplemental report and the exhibits and information relied upon in support of Mr. Peterson's conclusions should be denied.

> **B.     Defendants' Challenge to the Reliability of Mark Peterson's Conclusions regarding York's Entitlement to Lost Profits in Untimely and Should Not be Considered by this Court.**

Another ground upon which Defendants seek to exclude any testimony by Mr. Peterson regarding lost profits is that Mr. Peterson has not shown a reasonable probability that York lost sales by reason of the infringement. Defendants allege that "York has not made any showing that any sales made by Maxwell would have been or could have been made by York." They further claim that Mr. Peterson's

report lacks the predicate showing necessary for a lost profit recovery or for any recovery of Maxwell's profits on sales of non-infringing designs. Defendants, therefore, conclude that any claim for lost profits should be rejected as "too speculative."

As is clear from the above statements, Defendants are challenging the reliability and fitness of Mr. Peterson's methods and conclusions regarding lost profits under the standards set forth in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999) (holding that gatekeeping role established in <u>Daubert</u> is not limited to scientific testimony, but rather, applies to all cases where the "testimony reflects scientific, technical or other specialized knowledge."); See also <u>ID Security Systems Canada, Inc. v. Checkpoint Systems, Inc.</u>, 198 F.Supp.2d 598 (E.D. Pa. 2002) (utilizing <u>Daubert</u> approach to analyze the reliability of economic expert's conclusions regarding lost sales); <u>Total Containment, Inc. v. Dayco Products, Inc.</u>, 2001 WL 1167506 (E.D. Pa. 2001) (district court held <u>Daubert</u> hearing to assess reliability of expert's economic analysis). Defendants essentially assert the same challenge to Mr. Peterson's proposed application of a reasonable royalty to Maxwell's sales of infringing products by asserting that Mr. Peterson's

supplemental report "offers no authority for the use of a reasonable royalty as a means of determining the profits of an alleged infringer."[2]

Pursuant to Section 4(e) of this Court's Case Management Order, motions to preclude expert testimony which require a <u>Daubert</u> hearing were due within thirty (30) days of receipt of opposing counsel's expert reports. York's supplemental expert report from Mr. Peterson was served on June 15, 2002. Therefore, even allowing several days for receipt of the report, Defendants' motion to exclude expert testimony based on its lack of reliability would have been due **no later than July 19, 2002.** The instant Motion in Limine was not filed until August 9, 2002. Accordingly, Defendants' Motion is untimely and should not be considered by this Court.

---

[2] It is significant to note that it was Defendants' expert, Frank A. Bernatowicz, who first raised the reasonable royalty issue. Prior to that, York had never alleged that it was entitled to a reasonable royalty; however, after Defendants' interjected the issue, Mr. Peterson responded to the claim in his supplemental report.

Based on the above-cited authorities and reasoning, Plaintiff York Wallcoverings, Inc. respectfully requests that Defendants' Motion in Limine to Limit the Trial Testimony of Mark A. Peterson be denied.

BARLEY, SNYDER, SENFT & COHEN, LLC

By: _____
Kendra D. McGuire, Esquire
Attorneys for Plaintiff

126 East King Street
Lancaster, PA 17602-2893
(717) 299-5201
Court I.D. No. 50919

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Brief has been served this 23rd day of August, 2002, by first-class mail, postage prepaid, upon:

>Albert Robin, Esquire
>Robin, Blecker & Daley
>330 Madison Avenue
>2nd Floor
>New York, NY 10017

>BARLEY, SNYDER, SENFT & COHEN, LLC
>
>By: _____
>Kendra D. McGuire, Esquire
>Stephanie Carfley, Esquire
>Attorneys for Plaintiff
>
>126 East King Street
>Lancaster, PA 17602-2893