IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.,                :

    Plaintiff,                          :           NO. 1:CV-01-0793

    v.                                  :           (The Hon. Sylvia H. Rambo)

S.A. MAXWELL COMPANY, INC.               :
and JAIMA BROWN,
                                         :
    Defendants.
                                         :

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendants S.A. Maxwell Company, Inc. and Jaima Brown (hereinafter "Defendants") submit this Brief in opposition to Plaintiff's Motion to Amend Complaint.

### FACTS RELEVANT TO THIS MOTION

On May 7, 2001, Plaintiff filed its Complaint.

On August 16, 2001, the parties submitted a Joint Cased Management Plan, which proposed in Paragraph 9.5 that the final date for amending pleadings be 60 days prior to the close of discovery.

On August 23, 2001, the Court entered a Case Management order that provided in Paragraph 4(l) that the deadline for amendment of pleadings was "N/A." The Case Management Order set March 29, 2002 for the close of discovery, June 28, 2002 for the filing of dispositive motions and placed the case on the September 2002 trial list.

On August 19, 2002, the Court entered an Order adjourning the trial date to October 15, 2002 and on August 22, 2002 a further Order adjourning the trial date to October 28, 2002.

On August 23, 2002, Plaintiff served a motion seeking to amend the complaint in three material respects: (1) to change the wallcoverings accused of infringement from two (referred to in the original Complaint as "the same two combinations as York's"), (2) to add fabrics bearing the allegedly infringing design to the accused items and (3) to change the name of the designer of York elephant sidewall from Banafshe Schippel to Tricia Scullin. While Plaintiff's brief discusses the first two of these, it does not even mention, let alone discuss, the change in the name of the designer.

The Amended Complaint retains paragraph 8 of the original Complaint, which alleges: "Ms. Schippel transferred any rights in ownership she had to the design of the wallcovering to York," and contains no mention of any assignment from Ms. Scullin. The Amended Complaint also continue to allege "[t]he right to elect statutory damages, including for willful infringement, in lieu of actual damages, in accordance with 17 U.S.C. §504(c)," and that "[d]efendants (jointly and severally) be ordered to pay to York all York's costs and attorney fees, including as provided by 17 U.S.C. §505" even though the Court had previously granted Defendants' motion to strike such claims and even though Plaintiff lacks any basis, let along a good faith basis, for their assertion.

Defendants oppose the motion to amend on the ground that they will be prejudiced in their defense thereby and on the further ground that it is untimely.

## POINT I

## DEFENDANTS WILL BE PREJUDICED IF THE COMPLAINT IS AMENDED

While it is within the discretion of this Court to grant Plaintiff leave to amend the Complaint, in making this determination, the Court is required to consider prejudice to the defendant if leave is granted. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330-331, 91 S. Ct. 795 (1971) (denying leave to amend due to substantial prejudice to non-moving party); *Paton v. La Prade*, 524 F.2d 862, 875 (3d Cir. 1975) (stating that leave to amend should not be granted if prejudice results to the opposing party).

A.   The Third Colorway and the Fabrics

Prior to filing the Complaint, Plaintiff and, presumably, its counsel, had reviewed the Maxwell Sesquicentennial Collection sample book. While this book contains three colorways of the Maxwell elephant and palm sidewall, three colorways of the Maxwell elephant and palm border and three colorways of the coordinating fabric, it is not necessary to review the entire book to determine that there are three colorways. On pages 2-3, where the various borders in the book are illustrated, the elephant and palm border is shown in all three colorways with an indication of the number of the page on which a sample can be found. Notwithstanding the fact that Plaintiff must have known that there were three colorways and coordinating fabrics, the Complaint only alleged that two of the colorways, *i.e.*, those which were similar in color to York's, were infringing, and did not allege that any of the Maxwell fabrics infringed. The only logical explanation for the omission of the third colorway of the sidewall and border is that the Maxwell designs were not considered to be substantially similar in the absence of similar color. The only

logical reason for the omission of the fabrics is that Plaintiff did not consider them to be infringing.

As is set forth in the affidavit of Albert Robin, submitted herewith, Defendants have consistently taken the position in its responses and supplementary responses to Plaintiff's discovery requests that only two colorways of the sidewall and border are at issue. In fact, Plaintiff's formal discovery requests (both interrogatories and requests for production of documents) sought discovery on only two colorways and not on the third colorway or on any fabric.

B.    Identification of the Author

If Tricia Scullin was in fact the designer (author) of the York elephant sidewall, Plaintiff has known of that fact since it received a purported assignment from Tricia Scullin in 1999 and received no assignment from Banafshe Schippel. However, it was not until January 31, 2002 that Plaintiff attempted to correct its Copyright Registration by filing a Supplemental Registration with the Copyright Office naming Tricia Scullin, and deleting Banafshe Schippel, as the author of the design. Plaintiff could have moved to amend its Complaint at that time, since some two months remained before the close of discovery. But, Plaintiff waited until August 23, 2002, some five month after the close of discovery, to make a corresponding amendment in its Complaint.

Defendants will be prejudiced by the first two changes from the original Complaint to the Amended Complaint. The omission of the third colorway and the fabric from the original Complaint appears to be an admission that Plaintiff then viewed the third colorway and the fabric as non-infringing. Since the only difference between the three colorways is color, and since color is not copyrightable, such an admission

4

supports, if not compels, the inference that the Maxwell elephant and palm design does not infringe.

Even if leave to make this amendment is granted, such leave should be conditioned upon preservation of Defendants right to cross-examine Plaintiff's witnesses and to argue to the jury the inferences arising from the fact that from May 7, 2001 until August 23, 2002, Plaintiff's pleadings complained that only two of the three colorways infringed and that none of the coordinating fabric infringed.

The third change from the original Complaint to the Amended Complaint, which would substitute Tricia Scullin for Banafshe Schippel as the author of the York elephant sidewall, will also prejudice Defendants. If the jury were to find, as the original Complaint alleges, that Banafeshe Schippel was the author of the design, then Plaintiff could not be the owner thereof since Defendants has not received any assignment of the design from Banafeshe Schippel.[1] As a consequence of such a finding, York's copyrights in both the sidewall design and in the border design, a derivative work, would be invalid.

## POINT II

## THE MOTION TO AMEND IS UNTIMELY

The Plaintiff's undue delay in seeking to amend the Complaint is a sound reason to deny leave. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962) (holding that a district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)

---

[1] Any ambiguity concerning the alleged transfer must be interpreted in favor of the original copyright holder in order to satisfy the purpose of Section 204(a). *Bieg v. Hovnanian Enters., Inc.*, 157 F. Supp. 2d 475, 480; *Cassway v. Chelsea Historic Props.*, 1993 U.S. Dist. LEXIS 5329, 1993 WL 4633 (E.D. Pa. Mar. 4, 1993).

5

(three year lapse between filing of complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998) (rejecting proposed second amended complaint where plaintiffs were re-pleading facts that could have been pled earlier).

A. The Third Colorway and the Fabrics

Plaintiff knew, or should have known, by the time the original Complaint was filed in May of 2001 who was the author of the York elephant design sidewall, Plaintiff knew at the time the original Complaint was filed that it did not complain of either the third colorway of the Maxwell elephant and palm sidewall and border or of the coordinating fabrics. Plaintiff also knew of Defendants' position in this regard no later than February 6, 2002 when it received a copy of Defendant Maxwell's Supplemental Confidential Answers to Plaintiff's Interrogatories Nos. 18, 19, 20, 21 and 22 and Supplemental Interrogatory No. 1 which provided gross sales, gross profits and net profits information for only two colorways of the Maxwell elephant and palm sidewall and two colorways of the Maxwell elephants and palm border. *See* paragraphs 3-7 of the Affidavit of Albert Robin submitted herewith. Plaintiff never made a request for information about the third colorway or about the coordinating fabrics until its March 11, 2002 letter to Defendants' counsel.

Since the similarity between the York designs and the Maxwell designs arises in significant part from their similar color, Maxwell has relied upon the fact that the Complaint did not complain about the third colorway of the Maxwell sidewall and border as constituting an admission that it is similarity in color, an element which is not

6

protected by copyright,[2] that supports Plaintiff's claim of substantial similarity rather that similarity in design. Defendants will offer exhibits at the trial showing the designs at issue in black and white to demonstrate the lack of substantial similarity.

B. The Identity of the Author

While Plaintiff should have known from the beginning and clearly knew by January of 2002 that its copyright registration covering the York elephant sidewall and the Complaint identified the author as Banafshe Schippel as the author, Plaintiff waited until August 23, 2002, some five months after the close of discovery and days before the case was originally scheduled to be added to the trial calendar, to move to amend.

In the Joint Case Management Plan dated August 16, 2001, Defendants set forth as a factual issue that the parties dispute: "5. Whether Plaintiff is the owner of the copyrights." In Section 6.200 of the Plan, Defendants stated:

> Defendants will depose Banafshe Schippel, the author of the "York Elephant" wallcovering and the York employees who authored the "York Elephant" Border.

On February 25, 2002 and March 15, 2002, Defendants deposed the York employees who authored the York Elephant Border. However, since Defendants learned in February of 2002 that Plaintiff had changed its position and contended that Tricia Scullin had been the author, Defendants' attorney addressed a letter to Plaintiff's attorney on March 6, 2002 seeking to take the depositions of Tricia Scullin and of five York employees. While Plaintiff produced four of the five employees for deposition on March 15, 2002, it refused to produce Ms. Scullin. *See* Robin Affidavit ¶¶ 11-12.

---

[2] Color by itself is not subject to copyright protection. *See* 37 C.F.R. § 202.1(a); *Boisson v. Banian*, Ltd., 273 F.3d 262, 271 (2d Cir. 2001).

7

## CONCLUSION

Since Plaintiff's proposed amended Complaint will prejudice Defendants and since Plaintiff's Motion to Amend Complaint is untimely, it is respectfully requested that Plaintiffs motion be denied.

Dated: New York, New York
September 4, 2002

Respectfully submitted,

_____
Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107