IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YORK WALLCOVERINGS, INC., | : | |
| Plaintiff, | : | NO. 1:CV-01-0793 |
| v. | : | (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | : | |
| Defendants. | : | |

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE TO LIMIT PLAINTIFF'S TRIAL TESTIMONY
AND EXHIBITS TO THE TWO COLORWAYS OF THE SIDEWALLS
AND BORDERS COMPLAINED OF IN THE COMPLAINT

The Complaint herein complains of the colorways of the Maxwell elephant and palm sidewall and border "offered in the same two color combinations as York's Wallcovering [and] Border." While the Complaint also complains of the cover of the Maxwell Sesquicentennial Collection sample book, it does not complain of the third colorway of the Maxwell sidewall and border or of the coordinating fabrics. Thus, the Complaint neither gave nor gives Defendants notice of Plaintiff's claim that the third colorway of the Maxwell sidewall and border and the coordinating fabrics are also infringing.

Plaintiff's brief in opposition to Defendants' motion is based upon several erroneous premises. The first is that "[m]issing from Defendants' brief is the citation to

any caselaw supporting their position or to the portions of Plaintiff's Complaint wherein Plaintiff sets forth and gives notice of its claims and its requested items of damages." There is no need for Defendants to cite any caselaw, and there is no portion of Plaintiff's Complaint which suggests or implies that third colorway of the Maxwell sidewall and border or the coordinating fabrics are involved and Plaintiff's brief cites none.

The second erroneous premise is that Defendants have participated in "discovery which covered all colorways and fabrics." As is set forth in the affidavit of Albert Robin submitted herewith, Defendants' initial disclosure of its sales through December 20, 2001 and its second disclosure of its sales through January 28, 2002 were both limited to the two colorways of the sidewall and border referred to in the complaint. The third disclosure of sales through March 15, 2002 included the following reservation:

> Without waiving defendants' position that the third colorway is not involved in the complaint in the pending litigation and notwithstanding the fact that none of the timely served discovery requests refer or relate thereto, the sales and gross Profits of the third colorway through March 15, 2002 have been as follows:***

The fourth disclosure of sales through April 15, 2000 stated similarly:

> * * *without waiving defendants' position that the other colorway is not involved in the complaint in the pending litigation or covered by any of the timely served discovery requests, * * *

Defendants' Exhibit List includes exhibits comprised of samples of the third colorway of the sidewall and border and setting forth sales of the third colorway of sidewall and border. However, the purpose of the former is to support Defendants' contention that the omission of the third colorway from the original Complaint constituted an admission that it did not infringe, and the latter were footnoted with the statement "if Defendants' objection to inclusion of the third colorway is overruled."

It is not only the original Complaint which excludes the third colorway and the fabrics but, as set forth in Defendants' moving papers, Plaintiff's interrogatories and requests for production of documents sought discovery only as to "both color combinations" of the wallpaper (sidewall) and border referred to in the Complaint and made no mention of any fabric.

The third erroneous premise is that by the motion in limine Defendants "merely want to avoid the imposition of damages on one colorway and on the fabric." Nothing could be further from the truth. As is set forth in footnote 4 on page 5 of Defendants' Brief in Support of Their Motion in Limine to Limit the Scope of Mark A. Peterson's Trial Testimony, the difference in incremental profits between the two colorways, on the one hand, and the three colorways and the fabrics, on the other is only $2,155.

While Plaintiff's possible recovery for the third colorway is of little significance, the failure of the Complaint to charge infringement of the third colorway is of great significance. This failure supports, if not compels, the inference that Plaintiff did not consider the third colorway to be sufficiently similar to warrant a charge of infringement because of the difference in color.

Since color cannot be copyrighted[1], and may be considered, if at all, only as evidence of copying, it follows that color is not to be considered in making a determination of substantial similarity. If the third colorway does not infringe, then neither do either of the others.

---

[1] Color by itself is not subject to copyright protection. *See* 37 C.F.R. § 202.1(a); *Boisson v. Banian*, Ltd., 273 F.3d 262, 271 (2d Cir. 2001).

3

## CONCLUSION

For the reasons set forth above and in their moving brief, Defendants respectfully request that this Honorable Court grant their motion and limit Plaintiff's trial testimony and exhibits on its copyright infringement claim to the two colorways of Maxwell sidewall and border complained of in the Complaint.

Dated:  New York, New York
       September 4, 2002

Respectfully submitted,

Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107