IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YORK WALLCOVERINGS, INC., | : |
| Plaintiff, | : NO. 1:CV-01-0793 |
| v. | : (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | : |
| Defendants. | : |

FILED
HARRISBURG, PA
SEP 0 5 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE RONALD REDDING'S TRIAL TESTIMONY ON THE ISSUE OF COPYRIGHT INFRINGEMENT

Defendants, S.A. Maxwell Company, Inc. and Jaima Brown ("Defendants"), submit this reply brief in support of their Motion In Limine to Exclude Ronald Redding's Trial Testimony on the Issue of Copyright Infringement.

In their moving papers, Defendants contended Mr. Redding should not be permitted to testify with respect to the matters covered by his report, *i.e.*, that the Plaintiff's and Defendants' designs are substantially similar, because (a) Mr. Redding is not an "expert" as defined in Rule 26(a)(2)(B); (b) the Redding Report does not qualify as an "expert report" under Rule 26(a)(2)(B); (c) expert testimony is not admissible to prove substantial similarity; and (d) Mr. Redding is not a "lay observer" whose view is the test of substantial similarity.

In its response, Plaintiff argues that Mr. Redding should be permitted to testify at trial consistent with his report on the grounds that (a) Rule 26(a)(2)(B) does not require Plaintiff to serve an expert report on his behalf and (b) expert testimony on the issue of substantial similarity is admissible under Third Circuit case law.

Contrary to Plaintiff's response, the Redding's Report and his testimony in furtherance thereof should be precluded because (a) Rule 26(a)(2)(B) requires that Redding's Report comply therewith, (b) Defendants were not informed that Plaintiff would offer Mr. Redding as an expert witness in timely fashion, and (c) expert testimony is only admissible as to the issue of actual copying and not on the issue of substantial similarity and the Redding Report is directed primarily as to the latter.

## ARGUMENT

A.  Redding Cannot Testify As An Expert Because He Did Not Submit A Report In Compliance With Rule 26(a)(2)(B).

Plaintiff argues that Rule 26(a)(2)(B) does not require it to serve a written expert report on behalf of Ronald Redding because he is not "retained" or "specially employed" to provide such expert testimony and cites to the Advisory Committee Notes to Rule 26 in support thereof. In fact, the converse is true. As stated in *Day v. Consolidated Rail Corp.*, 95 Civ. 978, 1996 U.S. Dist. LEXIS 6596, *5 (S.D.N.Y. 1996), a copy of which is appended hereto:

> ...the Advisory Committee made no suggestion that the rule applied only to certain trial experts, and instead emphasized that broad disclosure was required concerning "those experts whom a party expects to call as trial witnesses." The only distinction was between that category of experts and those "who have been retained or specially employed by the party but who are not expected to be witnesses." Advisory Committee Notes at 118.

In essence, Plaintiff's argument is an attempt to carve out an exemption for those experts who are not "independent" and thus to create a category of expert witness for whom no written disclosure is required. This is not the result contemplated by the drafters of the 1993 amendment to Rule 26(a)(2), which was intended to "impose an additional duty to disclose information concerning expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert

testimony from other witnesses." Fed. R. Civ. P. 26(a)(2), 1993 Notes of Advisory Committee. Furthermore, the Advisory Committee has emphasized in its 1970 amendments that broad discovery is required concerning "those experts whom a party expects to call as trial witnesses," and the 1993 amendments have subsequently broadened the scope of disclosure required for trial experts. *Id.*

Thus, contrary to Plaintiff's contention, written reports should be furnished for a witness who is an employee of a party, even though that employee's duties do not normally involve giving expert testimony, when the employee will principally offer expert testimony. *See, e.g., Day v. Consolidated Rail Corp.*, *supra*; *Minnesota Mining v. Signtech USA, Ltd.*, 177 F.R.D. 459, 460-61 (D. Minn. 1998) (finding that "requiring testifying experts to submit written reports is entirely consistent with the spirit of Rule 26(a)(2)(B)"); *KW Plastics v. United States Can Co.*, 199 F.R.D. 687 (M. D. Ala. 2000) (finding "that the text of Rule 26(a)(2)(B) fairly supports the position that expert reports must be filed for corporate employees whose testimony is proffered solely or principally for their expert opinions").

Here, although Mr. Redding is employed by Plaintiff, he is being called principally to offer expert testimony in furtherance of his report. Thus, there seems no justification for construing the rules as excusing the report requirement. Additionally, since Mr. Redding's duties do not normally involve giving expert testimony, he may fairly be viewed as having been "retained" or "specially employed" for that purpose. Indeed, as stated by the court in *KW Plastics*:

> When a corporate party designates one of its employees as an expert, it typically authorizes the employee to perform special actions that fall outside of the employee's normal scope of employment. Indeed, in this case, U.S. Can has conceded that McGowan does not "regularly testify as an expert as part of his duties at U.S. Can."… Accordingly, the court finds that U.S. Can has "specially employed" McGowan by designating him as an expert opinion witness …Therefore, the court finds that U.S. Can should have provided the appropriate

disclosures required of expert witnesses.

*KW Plastics v. United States Can Co.*, 199 F.R.D. at 690. Moreover, although Plaintiff might argue that Mr. Redding is not receiving extra compensation for that performance, the rules contain no disclosure exemption for experts who are not monetarily compensated.

Plaintiff should not be permitted to avoid compliance with the requirements of Rule 26. *Ferriso v. Conway Organization*, No. 93 Civ. 7962, 1995 U.S. Dist. LEXIS 14328, *6, (S.D.N.Y. Oct. 3, 1995) (stating that "Plaintiff gives too little weight to the formal requirements of Rule 26" and that "[t]he precise requirements of this rule cannot be mooted"); *In re Ford Motor Co.*, No. Civ. MDL 991 sec. G, 1996 U.S. Dist. LEXIS 753, at *3 (E.D. La. Jan. 22, 1996), a copy of which is appended hereto, ("The requirements of Rule 26(a)(2)(B) are not mere formality. The rule was revised ... to require the exchange of the kind of information that truly will assist in preparing for the deposition and cross examination of the witness."). The Redding Report, and any testimony associated therewith, is covered by Rule 26. Since Plaintiff is not in compliance therewith, the report and testimony should be excluded.

    B. Redding's Expert Report And Associated Testimony Should Be
       <u>Precluded Because His Expert Status Was Not Timely Disclosed.</u>

As provided in ¶ 4(b) of the Case Management Order, all discovery was to be completed by March 29, 2002. Plaintiff did not disclose that it wished to use Ronald Redding as an expert witness until it presented the Redding Report on April 29, 2002, the day before the preliminary injunction hearing. While Plaintiff disclosed its intention to use Redding as a witness at trial in the Case Management Plan (p. 6) and in its Supplemental Answers to Interrogatories dated February 15, 2002 (p. 3, ¶ (j)), at no time did Plaintiff indicate that Redding would be offered as an "expert." Thus, Defendants were not placed on notice of Plaintiff's intention to use Ronald Redding as an expert witness at trial until a month after the discovery period had closed.

>Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure states:
>
>A party may depose any witness who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

Even though they did not know that Mr. Redding was to be offered as an expert witness, Defendants did seek to depose him as a fact witness. On February 25, 2002, Defendants took the discovery depositions of three York employees ( Messrs. Brown and Thomas and Ms. Henderson). In a letter sent by fax on March 6, 2002, Defendants' counsel informed Plaintiff's counsel of his need to depose five additional employees, one of which was Ronald Redding, suggesting Thursday and Friday, March 14 and 15, 2002 as dates. While Plaintiff's counsel made the four other York employees available for deposition on March 15, 2002, she stated that Mr. Redding was unavailable. See, paragraph 12 of Affidavit of Albert Robin submitted in opposition to Plaintiff's motion to amend and in support of Defendants' motions in limine.

While Defendants did not need to depose York's retained expert Mark A. Peterson because he furnished an Initial Report and a Rebuttal Report which were sufficiently detailed, Defendant would have made further efforts to depose Mr. Redding prior to the close of discovery if they had known he was to be offered as an expert witness at the hearing on plaintiff's motion for a preliminary injunction.

While Plaintiff was obligated to submit a Rule 26(a)(2)(B) expert report for Mr. Redding, even if there was no such obligation, Plaintiff would have been required to disclose its intention to offer Mr. Redding as an expert in the Joint Case management Plan and in its responses to Defendants' interrogatory seeking an identification of Plaintiff's possible witnesses and the subject of their proposed testimony. Nonetheless, Plaintiff waited until after the discovery

period had ended and until the eve of the preliminary injunction hearing to disclose its intention to present Redding as an expert witness.

      C.    Redding's Expert Report And Associated Testimony On The Issue Of Substantial Similarity Should Be Precluded Because It Is Inadmissible Under Established Third Circuit Case Law.

Plaintiff is in agreement with Defendants that the established case law in the Third Circuit, as held in *Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986), and recently followed in *Damn Things from Denmark v. Russ Berrie & Co.*, 290 F.3d 548, 562 (3d Cir. 2002), is that expert evidence is permitted only to help juries determine whether the alleged infringer used the copyrighted work in making his own (actual copying), not to determine whether the copying was an unlawful appropriation (substantial similarity). Again, both parties are in agreement that an expert cannot testify as to substantial similarity. Here, the parties do not dispute the law, but rather, the applicability of the facts to the law.

Plaintiff argues that the opinion expressed in the Redding Report does not pertain to substantial similarity, but rather only to the *Whelan* test's first prong – actual copying. This is an incredulous argument since the first page of the Redding Report clearly sets forth Redding's opinion that "[t]he Maxwell design is, indeed, substantially similar to the original York design." Thus, the Redding Report and any testimony by Redding in this respect, is an inadmissible legal conclusion and should be precluded.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court

grant their motion and preclude the trial testimony of Ronald Redding on the issue of copyright infringement.

Dated: New York, New York
      September 4, 2002

                            Respectfully submitted,

                            */s/ Albert Robin*
                            Albert Robin (AR-7254)
                            Robin Blecker & Daley
                            Attorneys for Defendants
                            330 Madison Avenue
                            New York, NY 10017
                            (212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107