ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YORK WALLCOVERINGS, INC., | : | |
| Plaintiff, | : | NO. 1:CV-01-0793 |
| v. | : | (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | : | |
| Defendants. | : | |

AFFIDAVIT OF ALBERT ROBIN IN OPPOSITION TO PLAINTIFF'S MOTION
TO AMEND AND IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE

FILED
HARRISBURG,
SEP 0 5 2002
MARY E. D'ANDREA
Per _____
Deputy Clerk

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NEW YORK)

ALBERT ROBIN, being duly sworn, deposes and says:

1. I am the attorney for Defendants herein and I am fully familiar with all of the proceedings heretofore had herein and all of the matters hereinafter set forth.

2. I make this affidavit in support of Defendants' Motion in Limine to Limit Plaintiff's Trial Testimony and Exhibits to the Two Colorways of the Maxwell Sidewalls and Borders complained of in the complaint.

3. Defendants' initial disclosure of its sales and gross profits through December 20, 2001 covered only the two colorways of the Maxwell elephant and palm sidewall and the two colorways of the Maxwell border referred to the Complaint.

4. Defendants' second disclosure of its sales and gross profits (and net profits on a fully absorbed overhead basis) was made on February 6, 2002 in response to Plaintiff's

Supplemental Interrogatory No. 1. The response set forth sales and gross and net profits on the Sesquicentennial Collection through January 11, 2002, sales and gross and net profits on the two colorways of the Maxwell elephant and palm sidewall and the two colorways of the Maxwell elephant and palm border complained of in the Complaint. The Interrogatory did not request any information with respect to Maxwell's elephant and palm fabric.

5. By letter dated March 21, 2002, Plaintiff's counsel confirmed her March 11, 2002 oral request that Defendants "update Maxwell's sales and gross revenues for the entire collection, the sidewalls and borders in all three colorways and the fabric which depicts the elephant design." This was the first written request for information with respect to the third colorway or with respect to the fabrics. Plaintiff's counsel subsequently requested that the supplementations be done twice, first through March 15, 2002 and second through April 15, 2002.

6. Defendants' March 25, 2002 disclosure of sales and costs for the sidewall, border and fabrics through March 15, 2002 contained the following:

> Without waiving defendants' position that the third colorway is not involved in the complaint in the pending litigation and notwithstanding the fact that none of the timely served discovery requests refer or relate thereto, the sales and gross profits of the third colorway through March 15, 2002 have been as follows:***

7. Defendants April 26, 2002 disclosure of sales and costs for the entire collection (in dollars and in rolls), and for the sidewall, border and fabric through April 15, 2002 contained the following statement:

> * * *without waiving defendants' position that the other colorway is not involved in the pending litigation or covered by any of the timely served discovery requests,* * *

8. While Defendants' Exhibit List includes samples of the third colorway sidewall and border, these exhibits will be used to support Defendants' contention that the omission of this colorway from the Complaint constituted an admission that it does not infringe.

9. While Defendants' Exhibit List also includes exhibits showing sales of the third colorway sidewall and border, their listing was accompanied by a note that they would be offered only "[i]f Defendants' objections to inclusion of the third colorway are overruled."

10. On February 25, 2002, Defendants took the discovery depositions of three York employees (Messrs. Brown and Thomas and Ms. Henderson).

11. In a letter sent by fax on March 6, 2002, I informed Plaintiff's counsel of Defendants' need to depose five additional York employees (Messrs. Vicci, Burget and Redding, Ms. Lydon and Ms. Gouker) and Tricia Scullin, suggesting March 14 and 15, 2002 as dates.

12. While Plaintiff's counsel made Messrs. Vicci and Burget and Ms. Lydon and Gouker available for deposition on March 15, 2002, she stated that Mr. Redding was unavailable and refused to produce Ms. Scullin.

_____
Albert Robin

Subscribed and sworn to before me
this 4th day of September, 2002

_____
Notary Public

HOWARD B. BARNABY
Notary Public, State of New York
No. 02BA4705472
Qualified in New York County
Commission Expires July 24, 2005

3