UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC. :
          Plaintiff : No.: 1:CV:01-0793
  : 
vs. :
  :
S.A. MAXWELL COMPANY, INC. AND : (The Hon. Sylvia H. Rambo)
JAIMA BROWN :
          Defendants :

**PLAINTIFF'S REPLY IN RESPONSE TO
DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

No where in Defendants' Brief in Opposition to Plaintiff's Motion to Amend Complaint (the "Defendants' Brief") do Defendants address the fact that the statute of limitations has not yet run on the alleged infringements regarding the third colorway and the fabric at issue. Nor do Defendants address the fact that they had more than sufficient *notice* of both the nature and the extent of Plaintiff's claims.

As stated in its Motion, Plaintiff filed the motion to amend in an abundance of caution, to bring the pleadings in line with discovery and to cure a discrepancy raised by Defendants. Plaintiff continues to maintain that the original Complaint gave sufficient notice to Defendants and there is, in fact, no need to amend the Complaint. However, if the Court finds that an amendment is proper, Plaintiff has undertaken to effectuate the amendment. Should the Court grant Defendants' original Motion in Limine to limit Plaintiff's claims and further deny the Motion to Amend, Plaintiff will be placed in a position where it must start another lawsuit. Surely the interests of justice are not served by the institution of an additional suit.

1107846.1

1

I. **DEFENDANTS WILL NOT BE PREJUDICED IF THE COMPLAINT IS AMENDED**

A. The Third Colorway and the Fabrics

In Defendants' Brief, Defendants leap to the conclusion that "the only logical explanation for the omission of the third colorway of the sidewall and border is that the Maxwell designs were not considered to be substantially similar in the absence of similar color." Quite to the contrary, the statement by Defendants' counsel is utterly illogical. Not only does it assume facts which will not be placed in evidence, it simply is not a true statement. Moreover, defense counsel's "explanation" does not hold up when the fabrics are considered. The Maxwell fabrics are mirror images of their sidewall design. Two of the fabrics were manufactured at Maxwell's direction using the same color combinations as those found on the two color combinations which were specifically mentioned in Plaintiff's original Complaint.[1] The design on the Maxwell fabric is exactly the same as the design on the Maxwell sidewall; only the medium on which the design is expressed is different.

Moreover, while Defendants have consistently taken the position during discovery that only two colorways of the sidewall and border are at issue, discovery has been fully conducted with respect to all three colorways and the fabrics.

---

[1] While two color combinations are mentioned in Plaintiff's original Complaint, Plaintiff denies that its claim is related only to those two color combinations. While Plaintiff agrees that color is not by itself subject to copyright protection, substantial similarity in the coloration of designs is evidence of copying. At the time Plaintiff filed its Complaint, Plaintiff did not know that Maxwell would admit to having access to and referring to one colorway of York's own sidewall design during Defendants' design process. Plaintiff did not know if Defendants would deny access to any of Plaintiff's products. Clearly, the fact that there is virtually identical color combinations in 2 of the colorways strengthens the already insurmountable evidence of access and copying. The inclusion of the three colorways simply relates to the scope of Plaintiff's entitlement to damages.

1107846.1

2

B.  Identification of the Author

Consistent with F.R.C.P. 15(b), the requested amendment which identifies Tricia Scullen as the designer/author of the piece of original artwork was made to conform the pleadings with the facts gathered during the discovery process and the facts revealed at the injunction hearing.

York was unaware of any alleged error in its copyright registration until the same was raised by Defendants in the course of this litigation, while the injunction petition was pending. Defendants vigorously suggested to this Court during the injunction proceeding that Plaintiff's copyrights were invalid. The Court found those copyrights to be valid and stated the same in its Memorandum opinion, supporting the issuance of the injunction. Defendants are now trying to re-litigate that issue.

Defendants themselves admit that they were aware of Plaintiff's corrected copyright registration in January, 2002. At that time, there was still plenty of time for Defendants to pursue any discovery on the issue. Plaintiff elected not to undergo the expense of amending a complaint simply to correct a fact of which all parties and the Court were aware. However, while engaging in the exercise of amending the Complaint to address other issues raised by Defendants, Plaintiff felt compelled to correct an error of fact as contained in its original pleading.[2]

---

[2] The designation of Banafshe Schippel as the author in the original Complaint and in Plaintiff's original copyright registration was done on a good faith basis. York believed that Banafshe Schippel was, indeed, the original designing firm and that an employee (Tricia Scullen) was the original designer. Regardless, Defendants cannot argue that they are "unduly surprised" by this amendment.

1107846.1

3

Finally, with respect to the issue of the identification of the author, Defendants argue that "if the jury were to find, as the original Complaint alleges, that Banafshe Schippel was the author of the design, then Plaintiff could not be the owner thereof since Defendants has (sic) not received any assignment of the design from Banafshe Schippel." See, Brief, p. 5. Defendants seem to be suggesting that a party should continue to argue a statement which discovery has proven to be untrue simply because it was mistakenly identified in a certain manner in the original Complaint.

Again, Defendants try to obscure the operative fact, i.e., Plaintiff has valid copyright registrations. There is no requirement that Plaintiff plead the author of a copyrighted work. Plaintiff must merely establish that its copyright registrations are valid; the burden then shifts to Defendants to prove their invalidity. Williams Electronics, Inc. v. Artic International, 685 F.2d 870 (3d Cir. 1982); Price v. Metzner, 574 F. Supp. 281, 287 (E.D. Pa. 1983). Brining the pleadings into conformity with facts disclosed during discovery is entirely appropriate. The amendment should be allowed.

In the midst of its argument regarding the identification of the author, Defendants allege that Plaintiff's failure to plead the *fact* that there are three colorways and fabrics is an admission of some sort by Plaintiff and that allowing the amendments will limit Defendants in the cross-examination of Plaintiff's witnesses. While Defendants raise this concern that cross-examination will be limited by the requested amendment of the pleading, Defendants provide no case law support for this conclusion. Importantly, Defendants are not suggesting that an actual averment is an admission; Defendants are suggesting that an *omission* of a factual averment is an admission. Defendants supply no case law for this proposition and Plaintiff suggests that such

1107846.1

4

case law will not be found. Moreover, Plaintiff does not believe that Defendants' right to cross-examine Plaintiff's witnesses will be limited due to the amendment.

In sum, it appears that Defendants are arguing that Plaintiff did not *fact* plead with enough specificity; however, the issue at hand is sufficient *notice* to Defendants. Plaintiff continues to maintain that sufficient notice of the claim was given in its original pleading and that there is no resulting prejudice to the Defendants should the amendments be permitted. Additionally, the amendment with regards to authorship of original artwork upon which the York design was based is not essential to Plaintiff's claims and is proposed as an amendment only to conform the pleading with the evidence disclosed during the course of discovery.

## II.  THE MOTION TO AMEND IS NOT UNTIMELY

### A.  The Third Colorway and the Fabrics

Again, Defendants seem to confuse the issue. The issue is notice to Defendants of the claims, i.e., copyright, unfair competition and infringement of trade dress. Plaintiff and Defendants agree that color is not copyrightable and is simply evidence of copying. Therefore, the direct *factual* reference to the two colorways is significant in terms of proof of Defendants' copying. The fabric is an exact replica of the Maxwell design and is offered in the exact same three colorways. The fact that there are three colorways instead of two in the sidewall and border and the fact that there are three colorways in the fabric merely goes to the calculation of damages.

It is important to recall that the York design was originally copied by Defendants when Defendant Brown gave Mr. Carroll a portion of one of York's colorways to be used during the design process. Of course, none of these facts were known to Plaintiff at the time the Complaint was filed. Therefore, it was "logical" to suspect that Defendants, because they so closely copied

1107846.1

two of York's four colorways, had two of York's colorways in its possession when it was producing its own design. The similarity of color is evidence of copying. Once valid copyrights and copying are established, then the issue turns to that of damages. <u>CMM Cable Rep., Inc. v. Keymarket Communications, Inc.</u>, 870 F. Supp. 631 (M.D. Pa. 1994). This is where all three colorways and the fabrics are relevant.

In Defendants' Brief, Defendants argue that "the similarity between the York designs and the Maxwell designs arises in significant part from their similar color." <u>See</u> page 6 of Defendants' Brief. This is a startling change of position on Defendants' behalf. Heretofore, *all* of the testimony of Defendants' witnesses is that there are very few, if any, similarities between the two designs. Ms. Brown, in fact, during her deposition specifically denied any similarities in color. <u>See</u>, deposition of Jaima Brown, pp. 142-145, attached hereto as Exhibit A. Such a statement begs the question as to how Maxwell can say it relied on the fact that two colorways are similar when its witnesses have denied that any colorways are similar.

B.   The Identity of the Author

Defendants state that Plaintiff refused to produce Ms. Scullen for deposition. Ms. Scullen is a foreign national over whom Plaintiff exercises absolutely no control. Defendants' attorney was advised of this fact, although he professed to already know it. While Defendants' attorney sought the depositions of Tricia Scullen and of several York employees, Defendants' attorney was advised that Plaintiff would not be able to produce Tricia Scullen. Plaintiff should not thereafter be held responsible for Defendants' attorney's failure to follow up on or secure the deposition of Tricia Scullen by Defendants' own means.

1107846.1

6

### III. CONCLUSION

Based upon the above-referenced authority and argument as well as those contained in Plaintiff's original Motion and Brief, Plaintiffs asks that the Court either confirm that an amendment of the Complaint is not necessary or grant Plaintiff's Motion to Amend.

BARLEY, SNYDER, SENFT & COHEN, LLC

Date: Sept. 16, 2002

BY: _____
Kendra D. McGuire, Esquire
Stephanie Carfley, Esquire
Attorneys for Plaintiff
York Wallcoverings, Inc.

126 East King Street
Lancaster, PA 17602
(717) 299-5201
Court I.D. No. 50919
Court I.D. No. 79136

1107846.1

7

142

```
 1            the final product here.  Let's mark these.
 2                    (Brown Deposition Exhibits Nos. 27,
 3                    28, 29, and 30 marked for
 4                    identification.)
 5   BY MS. McGUIRE:
 6        Q    Can you identify what's been marked as
 7   Brown 27?
 8        A    Yes.  That's my elephant palm border.
 9        Q    And can you identify what's been marked as
10   Brown 28?
11        A    That's my elephant palm sidewall.
12        Q    Are you able to identify what's been marked
13   Brown 29?
14        A    Yes.  That's York's border.
15        Q    And what's been marked as Brown 30?
16        A    Yes.  That's York's sidewall.
17        Q    Looking at these exhibits side by side,
18   first taking the sidewalls which have been marked 28
19   and 30, I'd ask you to tell me what if anything in
20   these two sidewalls is similar?
21        A    Nothing.
22        Q    Nothing at all?
23        A    Well, they both have elephants.  That's it.
24        Q    Other than elephants, you see no
```

KRUSE & ASSOCIATES, LTD.
(312) 345-1500

```
 1   similarities between those two exhibits?
 2        A    No.
 3        Q    All right.  The same question with regard
 4   to Brown 27 and Brown 29, what if any similarities do
 5   you see in those two exhibits?
 6        A    They both have elephants.
 7        Q    That's the only similarity?
 8        A    Uh-huh.
 9        Q    I'm sorry.  You have to say yes.
10        A    Yes.
11        Q    What are the differences that you see
12   between Brown 28 and Brown 30?
13        A    Well, mine has palm trees, scrolls, and
14   Asian print in the backprint.  My elephant trunks are
15   all up.  What else?  I have a linen texture, a
16   totally different texture on mine.  It's a different
17   color.
18        Q    Anything else?
19        A    No.
20        Q    What's the difference between the colors?
21        A    This is taupe.  I'd call this a taupe color
22   way.
23        Q    And the witness is pointing to Brown 28.
24        A    And that looks like a beige color way.
```

```
 1        Q    And the witness is pointing to Brown 30.
 2             If you could list for me the differences
 3   you see in Brown 27 and Brown 29.
 4        A    Well, my design has palm trees in it.  It
 5   has scrolls in it and leaves.  It has an Asian sort
 6   of heart print in the background.  It's a linen
 7   texture which is different than that design.  My
 8   elephants are different.  What else?  It's bigger.  I
 9   think it's a little bigger than that border too.
10        Q    Are you referencing -- what are you
11   referencing?
12        A    My border looks a little bit bigger.  I
13   don't know what size that is.
14        Q    When you say bigger, are you talking about
15   the width of the border --
16        A    The width.
17        Q    -- or something about the scale?
18        A    The width.
19        Q    On the four exhibits, is the scale the same
20   or is the scale different?
21        A    I don't -- what are you asking me?
22        Q    The scale of the two designs.
23        A    It's not the same.
24        Q    And how are they different?  How is the
```

1  scale different?

2     A    Well, you have different motifs, first of
3  all, and my elephants are smaller and different.
4  Mine seems to be a little busier because I have palm
5  trees and scrolls, different elephants in my design
6  than yours.  I have about four elements in mine.

7     Q    Any other differences?

8     A    No.

9        **MS. McGUIRE:**  Thank you.

10          If I can just take a moment and look at my
11  notes, I believe I'm very close to being done.

12              (Whereupon a brief recess was
13               taken, after which the following
14               proceedings were had:)

15       **MS. McGUIRE:**  Just for the record, I have
16  no further questions.  Thank you.

17          I don't know if Mr. Robin has any
18  questions.  Do you have any questions?

19       **MR. ROBIN:**  Me have questions?  Not in 40
20  years have I ever had a question of my witness
21  at a deposition.

22       **MS. McGUIRE:**  Thank you.

23          (FURTHER DEPONENT SAITH NAUGHT . . .)

24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Brief in Opposition to Motion to Amend Complaint has been served this _16th_ day of _September_, 2002, by first-class mail, postage pre-paid, upon:

Albert Robin, Esquire
Robin, Blecker & Daley
330 Madison Avenue
2nd Floor
New York, NY 10017

BARLEY, SNYDER, SENFT & COHEN, LLC

By: _____
Kendra D. McGuire, Esquire
Stephanie Carfley, Esquire
Attorneys for Plaintiff
York Wallcoverings, Inc.

126 East King Street
Lancaster, PA 17602-2893
Court I.D. No. 50919
Court I.D. No. 79136

1107846.1