

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**YORK WALLCOVERINGS, INC.,**          :          **CIVIL NO.1:CV-01-0793**

      **Plaintiff**          :

      **v.**          :

**S.A. MAXWELL COMPANY, INC.**          :
**and JAIMA BROWN,**          :

      **Defendants**          :

FILED

SEP 23 2002

PER_____
HARRISBURG, PA  DEPUTY CLERK

## MEMORANDUM AND ORDER

Before the court is Defendants' motion *in limine* to exclude Ronald Redding's trial testimony on the issue of copyright infringement. The parties have briefed the issue and the matter is ripe for disposition.

I.          **Background**

The background of this order is as follows: On May 7, 2001, Plaintiff filed this action alleging that Defendants violated Plaintiff's copyrights in certain wall covering and border designs. On February 28, 2002, Plaintiff filed a motion for a rule to show cause which the court subsequently deemed a motion for preliminary injunction. The court held a hearing regarding this motion on April 30, 2002. On April 29, 2002, the day before that hearing, Plaintiff notified Defendant that it would present expert testimony at the hearing from Mr. Ronald Redding. At the hearing, Mr. Redding testified over Defendants' objection. On June 10, 2002, the court granted Plaintiff's motion for preliminary injunction.

The matter is now set for trial on October 28, 2002. On August 9, 2002, Defendants filed the instant motion seeking to preclude (1) Plaintiff's from admitting into evidence its letter to Defendants regarding Mr. Redding's opinion as

to the substantial similarity between Plaintiff's designs and Defendants' designs, and (2) Mr. Redding from offering opinion testimony.

**II.**     **Discussion**

    **A.**     **Preclusion of Mr. Redding's testimony**

Defendants seeks to preclude Mr. Redding from providing expert testimony at trial because Plaintiff failed to provide Mr. Redding's expert report. Defendants contend that the letter from Plaintiff's counsel setting forth the substance of Mr. Redding's opinions was insufficient to satisfy the expert disclosure requirements and should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1).

Under Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose the identity of any witness who may provide opinion testimony at trial pursuant to Federal Rules of Evidence 702, 703, or 705. Rule 26(a)(2)(B) requires that a party provide a comprehensive written signed report from "any witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employer of the party regularly involve giving expert testimony. . . ." Rule 37(c)(1), the enforcement mechanism for Rule 26(a)(2), provides that: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed." Accordingly, Defendants argue, Mr. Redding must be precluded from providing an expert opinion because Plaintiff failed to provide expert reports in accordance with Rule 26(a)(2)(B). Plaintiff, on the other hand, argues that Rule 26(a)(2)(B)'s requirement applies only to retained experts and employees whose positions regularly involve giving expert testimony.

Because Mr. Redding does not fall into either of these categories, Plaintiff agues, Rule 26(a)(2)(B) does not apply.

Although it is relatively novel issue, the court finds that Plaintiff was not required to provide a written expert report for Mr. Redding. The literal language of Rule 26(a)(2)(B) limits its application to witnesses who are "retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." In 1993, Rule 26(a) was amended to include the reporting requirement. The Advisory Committee's Notes to the 1993 amendment relieve any doubt as to the scope of the rule. "The requirement of a written report in paragraph (2)(B) . . . applies *only* to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony." Fed. R. Civ. P. 26(a) Advisory Committee's Notes, 1993 amendment (emphasis added). Given the repeated emphasis on this language, the court finds that the rule's drafters did not intent to extend its application to situations like the one at hand.

Mr. Redding is Plaintiff's Vice President of Design. He was not retained to provide expert testimony, nor does he, as part of his employment duties, regularly provide expert testimony. Defendants admit this much in their briefing. (*See* Defs. Br. in Sup. Mot. *in lim.* at 2-3 (". . . Mr. Redding has been employed by York since 1980. . . . Additionally, his duties as an employee do not regularly involve the giving of expert testimony and York has not submitted any evidence of other cases wherein Redding provided such testimony.").) Moreover, Mr. Redding

3

has had direct experience with the subject matter of this litigation. His opinion is gleaned from this experience in addition to his allegedly expert qualification.

Courts that have addressed this "hybrid" fact/expert witness conundrum have generally held that Rule 26(a)(2)(B) does not apply to such witnesses so long as they base their opinions on facts which they have observed. *See Lauria v. National R.R. Passenger Corp.*, 1997 U.S. Dist. LEXIS 3408, at *2 (E.D. Pa. Mar. 24, 1997) (holding that where a treating physician bases his expert opinion on facts gleaned during treatment of plaintiff, the physician is not required to file a Rule 26(a)(2)(B) report in order to offer opinion testimony); *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995) (same); *see also Sprague v. Liberty Mutual Ins. Co.*, 177 F.R.D. 78, 81 (D.N.H. 1998) ("the structure of Rule 26(a)(2) provides a clear distinction between the 'retained' class of experts and the unretained class of experts. While all experts must be disclosed under Rule 26(a)(2)(A), only 'retained' experts must provide Rule 26(a)(2)(B) reports. The distinction is both fair and logical."); *Sullivan v. Glock*, 175 F.R.D. 497, 500-01 (D. Md. 1997) (holding that the party wishing to offer a hybrid fact/expert witness need only provide the witness's identification to satisfy Rule 26(a)(2)). *But see, Hall v. Sykes*, 164 F.R.D. 46, 48-49 (E.D. Va. 1995) (holding that where a physician is specially retained or bases his opinion on facts that were not learned during the course of treatment, he must provide a written expert report).[1]

---

[1]Defendants cite several cases holding that Rule 26(a)(2)(B)'s reporting requirements apply regardless of whether the expert is an employee of the party offering the expert. *See, KW Plastics v. Campbell*, 199 F.R.D. 687, 689 (M.D. Ala. 2000); *Minnesota Mining and Mfg. Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459, 461 (D. Minn. 1997); *Day v. Consolidated Rail Corp.*, 1996 WL 257654 at *2 (S.D.N.Y. May 15, 1996). Even if the court were to agree with such a holding – which it does not – the
(continued...)

Defendants also argue that the court should preclude Mr. Redding's opinion testimony because Plaintiff failed to identify Mr. Redding as an expert in a timely manner. Regardless of the breadth of Rule 26(a)(2)(B)'s reporting requirement, it is clear that the Rule required Plaintiff to identify any witness that would be providing expert testimony. *See* Fed. R. Civ. P. 26(a)(2)(A). Thus, Plaintiff was under an obligation to inform Defendants that it intended to call Mr. Redding as an expert at trial. It is undisputed that discovery in this matter closed on March 29, 2002. Plaintiff, however, did not identify Mr. Redding as a potential expert until April 29, 2002. Defendants argue that they suffered prejudice because they did not know that Mr. Redding would testify as an expert until a month after discovery closed; thus preventing them from taking his deposition.

A principal purpose of Rule 26(a)(2) is to permit "a reasonable opportunity to prepare effective cross examination and . . . arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2), Advisory Committee's Notes, 1993 amendment. For this reason, even where a party fails to make a necessary disclosure under Rule 26, the court will not preclude the use of the non-disclosed witness where the failure to disclose is harmless. *See* Fed. R. Civ. P. 37(c)(1). In this case, Plaintiff listed Mr. Redding as a potential witness on its initial Rule 26 disclosure, and Defendants decided not to take his deposition. (*See*, Aff.

---

[1](. . . continued)
instant matter is readily distinguishable. In those cases, the parties sought to qualify as experts employees not connected with the subject matter of the litigation. In fact, in *Signtech*, the court went so far as to explicitly state that its holding did not apply to cases, like the instant matter, in which the proffered expert would testify also as to facts in the case. 177 F.R.D. at 461 ("As Signtech points out, 3M's disclosed witnesses will be testifying as experts, not as factor [sic] hybrid fact/expert witnesses.") In this case, Mr. Redding will testify both as a fact witness and as an expert. The court, therefore, will not preclude his expert testimony simply because Plaintiff failed to provide a Rule 26(a)(2)(B) expert report.

Kendra D. McGuire in Opp. Defs. Mot. *in lim.* at ¶ 6.)  Therefore, Defendants voluntarily missed their opportunity to depose Mr. Redding.  Although Defendants did not learn until after the discovery period that Mr. Redding would offer expert testimony, Mr. Redding testified at the preliminary injunction hearing.  During that testimony, he stated his qualifications, his opinions, and the basis for his opinions. Therefore, Defendants knew, as of April 30, 2002, the general substance of Mr. Redding's expert testimony.  Given these facts, Defendants cannot now argue that they lacked a reasonable opportunity to discover Mr. Redding's opinions and his methodology for arriving at such conclusions.  The court, therefore, fails to see how Defendants are prejudiced by Plaintiff's tardy disclosure.

Moreover, Defendants never made a motion to re-open discovery in order to depose Mr. Redding to discover the basis for his opinion and the methodology employed.  Nor do Defendants move this court to do so now.  Instead, Defendants waited almost three more months before filing the instant motion based solely on a technical violation of the discovery rules.  The Third Circuit has repeatedly stated that it disfavors the exclusion of otherwise admissible evidence based on discovery infractions; especially where there is no evidence of bad faith. *See, e.g., In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994) (quoting *Myers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)) ("[T]he exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." (quotations omitted)).  Because Plaintiff was not required to file an expert report on behalf of Mr. Redding and Plaintiff's tardy disclose of its intention to offer him as an expert did not prejudice

6

Defendants, the court will deny Defendants' motion to preclude Mr. Redding's testimony.

### B.    The Admissibility of Mr. Redding's Report

Defendants also seek to preclude Plaintiff from introducing into evidence Mr. Redding's letter to Defendants in which he states that the similarity between the two designs can "typically only be achieved when the two designs are designed with coordination in mind." (Pl. Br. in Opp. at 9.)  According to Defendants, this letter constituted Mr. Redding's report and, thus, cannot be admitted into evidence at trial.  In this respect, the court agrees with Defendants and will not allow Mr. Redding's report to be admitted into evidence.  Defendants, however, may use the report for cross-examination purposes, and either party may use it to refresh Mr. Redding's recollection.

### C.    The Scope of Mr. Redding's Testimony

To prevail on a claim for copyright infringement, the plaintiff must establish (1) ownership of a valid copyright, and (2) "copying" by the defendant. *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1231 (3d Cir. 1986).  "As it is rarely possible to prove copying through direct evidence, . . . copying may be proved inferentially by showing that the defendant had access to the allegedly infringed copyrighted work and that the allegedly infringing work is substantially similar to the copyrighted work." *Id.* at 1232.  Substantial similarity has its own test containing two determinations, both of which must be met in order for the plaintiff to prove copying. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d at 291.  First, "the extrinsic test" requires the plaintiff to prove, through expert testimony and a visual comparison, "whether there is sufficient similarity

7

between the two works in question to conclude that the alleged infringer used the copyrighted work in making his own." *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 914, 917 (3d Cir. 1975). Second, "the intrinsic test" requires that the fact-finder determine from a lay perspective whether the copying was an unlawful appropriation of the copyrighted work. *Ford Motor Co.*, 930 F. 2d at 291. If the plaintiff satisfies these two tests, then a rebuttable presumption of copying arises. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982).

Defendants contend that Mr. Redding should be precluded from providing expert testimony because such testimony is only allowed regarding the issue of whether Defendants copied Plaintiff's copyrighted work. The court agrees with Defendants that expert testimony is only allowed regarding the issue of copying. As to the issue of unlawful appropriation, no expert testimony is permitted because that issue is solely for the fact-finder. *See, Ford Motor Co.*, 930 F.2d at 291. However, this does not justify precluding Mr. Redding from offering any expert testimony. Mr. Redding is qualified to offer his opinion as to whether Defendants copied Plaintiff's copyrighted designs. The court, however, will take great care to ensure that Mr. Redding's testimony does not delve into the issue of whether Defendants' allegedly copied work constituted an unlawful appropriation. *See id.*

IV.        **Order**

  In accordance with the preceding discussion, **IT IS HEREBY ORDERED THAT** Defendants' motion *in limine* to exclude Ronald Redding's trial testimony on the issue of copyright infringement is **DENIED**.


               SYLVIA H. RAMBO
               United States District Judge

Dated:  September  *23*  , 2002.