ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
SEP 26 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

YORK WALLCOVERINGS, INC.            :
                    Plaintiff       :      No.:  1:CV:01-0793
                                    :
        vs.                         :
                                    :
S.A. MAXWELL COMPANY, INC. AND      :      (The Hon. Sylvia H. Rambo)
JAIMA BROWN                         :
                    Defendants      :


**PRETRIAL MEMORANDUM OF PLAINTIFF**

**Date of Conference:  October 3, 2002**


A.      Brief Statement as to Federal Court Jurisdiction

        The Court has jurisdiction over this matter pursuant to Sections 1331, 1338(a) and

1138(b) of the Judicial Code (28 U.S.C. §§1331, 1338(a) and 1338(b)).

B.      Summary Statement of Facts and Contentions as to Liability

        Plaintiff York and Defendant Maxwell are companies engaged in the business of

designing and manufacturing wallcoverings, borders and in some instances fabrics which

coordinate with wallcovering designs.  Defendant Brown is the Design Director for Defendant

Maxwell.

        In January of 1999, York purchased a piece of artwork from which York developed an

Indian Elephant wallcovering design (hereinafter referred to as York's Elephant Design).  York's

Elephant Design was offered as a sidewall in four colorways and in a coordinating border design. York copyrighted its elephant design wallcovering and border. Products depicting York's Elephant Design were offered beginning in October of 1999 in a wallcovering collection entitled "Passport".

In January, 2001, Defendant Maxwell began distributing its "Susquecentenntial" Collection. Maxwell's Collection includes three colorways of wallcovering sidewall, border and fabric of a design strikingly similar to York's Elephant Design. York has alleged that these products are the result of impermissible copying on the part of Defendants Maxwell and Brown. Defendants have admitted access to York's Elephant Design wallcovering.

Additionally, the cover of York's Passport collection features the elephant, taken from York's Elephant Design; the elephant is placed on a textured background. The cover of Defendants' Susquecentenntial collection also depicts the elephant prominently displayed on a textured background.

Plaintiff has raised claims under the Copyright Act and for unfair competition and infringement upon Plaintiff's trade dress.

C.    Comprehensive Statement of Undisputed Facts

1.    On or about January 12, 1999, York purchased a piece of artwork from the design firm of Banafshe Schippel.

2.    In October, 1999, York first published its elephant design sidewall and border in a collection entitled "Passport".

1100359_1

3.    York's Elephant Design sidewall and border were offered in four colorways within the Passport Collection.  York's elephant sidewall and border are rotary screen printed on vinyl coated paper stock.

4.    The York Elephant Design sidewall is packaged in double rolls with a length of 9 yards and a width of 27 inches.

5.    A double roll of York's Elephant Design sidewall is 60 square feet.

6.    York offers its Elephant Design border in a five yard spool and is approximately 6 1/2 inches high.

7.    On or about April 4, 2000, Jaima Brown forwarded to William Carroll a design brief for a "animal faux botanical group."

8.    On or about April 4, 2000 and in conjunction with the aforementioned design brief, Ms. Brown forwarded reference materials to Mr. Carroll to guide him in the design of his "animal faux botanical group."

9.    Included in the reference materials provided to Mr. Carroll by Jaima Brown was a portion of the York Wallcoverings' Elephant sidewall design, in the colorway referenced as Pattern No. PS6460.

10.    In January, 2001, Maxwell first published and offered to the public its elephant and palm design, sidewall, border and fabric, in a collection entitled "Susquecentenntial."

11.    Maxwell's elephant and palm design sidewall and border were offered in three colorways in the Susquecentenntial Collection.  Maxwell's elephant and palm sidewall and border are printed by rotogravure on solid vinyl stock.

1100359_1

12.    Included in the Susquecentenntial Collection is Maxwell's elephant and palm design fabric, offered in three colorways.

13.    The Maxwell elephant and palm design sidewall is packaged in double rolls with a length of 11 yards and a width of 20 and 1/2 inches.

14.    A single roll of Maxwell's elephant and palm design sidewall is 28.1 square feet.

15.    Maxwell offers its elephant and palm design border in a 5 yard spool which is approximately 8 inches high.

16.    Defendant Maxwell, Jaima Brown and William Carroll had access to York's original Elephant sidewall design while they were designing and styling Maxwell's elephant and palm design sidewall and border.

D.    Brief Description of Damages

Damages available under Plaintiff's copyright claim are Plaintiff's actual lost profits. Further, Plaintiff intends to introduce evidence of Defendants' gross revenues.  It is anticipated that Defendants will seek to deduct certain expenses from this gross revenue figure.  With respect to the unfair competition and trade dress claims, Plaintiff believes its measure of damages include Defendants' profits, any damages sustained by York, and the costs of the action.  If the court finds these damages to be inadequate or excessive, the court may enter judgment in a sum which the court finds to be just, and, in exceptional cases, may award reasonable attorney's fees.

E.      Names and Addresses of Witnesses

      1.      William Carroll
           57 Meadow Drive
           Orangeville, Ontario, Canada L9W LC4

      2.      Ronald Redding (Design expert)
           York Wallcoverings, Inc.
           750 Linden Avenue
           P.O. Box 5166
           York, PA  17405-5166
           (Report containing credentials attached hereto as Exhibit A)

      3.      Vanessa A. Gouker
           842 Centennial Road
           New Oxford, PA  17350

      4.      William C. Burget
           41 Hudson Drive
           York, Pennsylvania

      5.      Elizabeth F. Lydon
           272 Frederick Street
           Hanover, Pennsylvania

      6.      Karen Henderson
           York Wallcoverings, Inc.
           750 Linden Avenue
           P.O. Box 5166
           York, PA  17405-5166

      7.      A. LeRue Brown, Jr.
           406 Steeple Chase Court
           Hanover, Pennsylvania

      8.      Stanley A. Thomas
           62 Narrow Drive
           Hanover, PA  17331

      9.      Carl J. Vizzi
           984 Summit Circle North
           York, Pennsylvania

10.     James Chapman
        York Wallcoverings, Inc.
        750 Linden Avenue
        P.O. Box 5166
        York, PA  17405-5166

11.     Kathy Murphy
        York Wallcoverings, Inc.
        750 Linden Avenue
        P.O. Box 5166
        York, PA  17405-5166

12.     Jaima Brown
        8351 McLaughlin Road
        Suite #410
        Brampton, Ontario L6Y 4H8

13.     Julia Jozwiak
        S.A. Maxwell Company
        935 Campus Drive
        Mundelein, IL  60060

14.     Richard Emmert
        309 East Scranton
        Lake Bluff, Illinois

15.     Starr Paz
        1905 South Vine
        Park Ridge, Illinois

16.     Mark Peterson (Damages expert)
        Robinwood Consulting
        150 South Wacker Drive, Suite 550
        Chicago, IL  60606
        (Curriculum vitae attached hereto as Exhibit B)

17.     Frank Bernatowicz
        (Unknown)

1100359_1

F.    Summary of Testimony of Each Expert Witness

Mark Peterson - Mr. Peterson is Plaintiff's expert regarding damages and will testify consistently with his report.  More specifically, Mr. Peterson will testify as to the products at issue and the market environment for those products.  He will testify about Plaintiff's and Defendants' sales and profits.  He will also address operating expenses and what is an appropriate deduction for expenses under the Copyright Act.  Mr. Peterson will question the veracity of the Defendants' damages, sales, and expense information served in response to formal discovery requests and will address issues raised by Defendants' expert, Mr. Bernatowicz.

Mr. Redding will testify consistently with his report.  More specifically, in addition to factual, general information concerning the wallcovering industry, the design process in general and his involvement in the York Elephant Design, Mr. Redding will testify about specific design similarities between York's designs and Defendants' designs.

G.    Special Comment About Pleadings and Discovery

Plaintiff has recently been granted leave to file its proposed Amended Complaint and will do so by the date of the Pretrial Conference.

H.    A Summary of Legal Issues Involved (With Authority)

1.    Defendants have repeatedly suggested that Plaintiff is not the owner of valid copyrights of the York Elephant Design sidewall and border.  The certificates of copyright registration carry with them a presumption of copyright validity and ownership and are prima facie evidence of the facts stated therein.  Price v. Metzner, 574 F. Supp. 281, 287 (E.D. Pa.

1983).  It is Defendants' burden to rebut this presumption by establishing that the application for

copyright registration is factually inadequate, that the inaccuracies were willful or deliberate and

that the copyright office relied on those misrepresentations in issuing the copyright certificate.

Masquerade Novelty, Inc. v. Unique Industries, Inc., 912 F.2d 663 (3d Cir. 1990).

2.    Plaintiff believes that the works at issue are strikingly similar.  Should the jury

find that the works are strikingly similar, the defense of independent creation will be precluded.

Testa v. Janssen, 492 F.Supp. 198, 203 (W.D. Pa. 1980).

3.    Which, if any, "overhead" expenses may Defendants deduct; and whether

Defendants will be able to prove that the "overhead" expenses which they wish to deduct did not

assist in the production of the infringing product.  Sheldon v. Metro-Goldwyn Pictures Corp.,

106 F.2d 45 (2d Cir. 1939).

4.    Whether Defendants may deduct overhead from gross revenues if their

infringement is found to be deliberate or willful.  Saxon v. Blann, 968 F. Supp. 676 (8th Circuit

1992).

5.    What constitutes recoverable costs under the Copyright Act.  While Plaintiff

acknowledges that expert fees are generally not recoverable as costs in an action pending in

Federal Court, Plaintiff submits that the appropriate reading of the cost provision of the

Copyright Act calls for inclusion of these fees as costs.  See generally, Black Grievance

Committee v. Philadelphia Electric Co., 690 F. Supp. 1393 (E.D. Pa. 1988).  Plaintiff

acknowledges that there is case law in other circuits which disputes this interpretation.

1100359_1

I.     Stipulations Desired

Authenticity of exhibits.

J.     Estimated Number of Trial Days

Seven days.

K.     Other Matters Pertinent to Case

1.     Discovery was conducted pursuant to a Confidentiality Agreement.  Much of the information marked as "Confidential" will be introduced at trial.  Defendants have raised a concern about this issue.

L.     Schedule of Exhibits

Attached hereto as Exhibit C.

M.     Special Verdict Questions Requested

1.     Are the York designs and the Maxwell designs in question strikingly similar?

2.     Was the infringement by Defendants willful and deliberate?

N.     Statement of Defense Counsel

Not applicable to Plaintiff

O.     Certification Under Local Rule 30.10

Counsel are discussing witness availability and the use of deposition testimony.

P.     Request for Findings of Fact and Law Pursuant to Local Rule 48.2

Not applicable as Plaintiff has requested a jury trial.

1100359_1

Q.    Suggested Jury Instructions

Attached hereto as Exhibit D.  Plaintiff seeks leave to submit additional instructions.

BARLEY, SNYDER, SENFT & COHEN, LLC

Date: ___9/26/02_____    BY: ___Kendra D. M_____
                                        Kendra D. McGuire, Esquire
                                        Attorneys for Plaintiff
                                        York Wallcoverings, Inc.

                                        126 East King Street
                                        Lancaster, PA  17602
                                        (717) 299-5201
                                        Court I.D. No. 50919

$\mathcal{A}$

April 29, 2002

Kendra D. McGuire, Esquire
Barley, Snyder, Senft & Cohen, LLC
126 East King Street
Lancaster, PA 17602

     Re:   York Wallcoverings, Inc. v. S.A. Maxwell and Jaima Brown

Dear Ms. McGuire:

     At your request, I have set forth my observations and opinions concerning the York designs and Maxwell products involved in this lawsuit. My observations and opinions are based on my 32 years of experience in the wallcoverings industry. More specifically, my experience is as follows:

| | | |
|---|---|---|
| 1969 | - | Graduate - York Academy of Arts |
| 1970 | - | Engaged as designer by Eisenhart Wallcoverings |
| 1978 | - | Promoted to stylist |
| 1980 | - | Employed by Carl Vizzi at York Wallcoverings in the position of stylist |
| 1986 | - | Promoted to V.P. of Design |
| 1999 | - | Received the Justin P. Allman Award from the Wallcovering Association for contribution to the industry in color and design. |
| | | Through the 20th Century, the award was presented to only four designers. |
| | | Totaling, thirty-two years devoted to the wallcoverings industry dedicated to excellence in design. |

     You asked if the Maxwell design depicted in the sidewall, border and fabric are "substantially similar" to the York design. The Maxwell design is, indeed, substantially similar to the original York design. The similarities in the two designs include the following:

     1.  Subject matter;

2. Use of elephants, including the fact that the elephants are dressed similar, have the same look and feel, are walking (not stationary) and are placed similarly throughout the design;

3. Use of leaves;

4. Use of texture;

5. Openness of the designs;

6. Balance in the designs;

7. Use of color in the designs;

8. Placement of color in the designs;

9. Scale of the designs;

10. Use of lattice/scroll in the designs; these elements serve the same purpose in the design and are placed similarly in the design;

11. Use of "binders" in the design; and

12. Coloration in two of the colorways.

The only difference in the designs that is of any significance is the use of palm trees in the Maxwell design. This difference is minute and does not change the overall look and feel of the designs. The designs are so similar that the borders of the York and Maxwell's designs can be switched with little or no difference to the eye. This can typically only be achieved when the two designs are designed with coordination in mind.

I hope these opinions and observations are helpful. Please let me know if I can be of further assistance.

Sincerely,

Ronald Redding
Vice President of Design
York Wallcoverings, Inc.

# Mark A. Peterson

Mark is the Chief Executive Officer and founder of Robinwood Consulting. He has extensive experience in the valuation of intellectual property and has assisted clients in valuing technology for licensing purposes; including negotiating licenses and packaging technology for sale, as well as in litigation matters.

In the area of litigation, Mark has provided consulting assistance to clients in the evaluation of economic damages resulting from the infringement of intellectual property rights. These evaluations have included lost profits, reasonable royalties, and claims for unjust enrichment, among others. His analyses have included determinations of fixed and variable costs, incremental profit determinations, cost savings, analyses of market demand, capacity, price erosion, convoyed sales, as well as the economic effects of acceptable non-infringing alternatives, among others. These analyses have culminated in both deposition and trial testimony.

Mark has assisted clients in the licensing of technology both in settlement of litigation as well as the avoidance of litigation. This assistance has taken the form of determining the economic impact of potential license terms to provide for appropriate sharing of risk between the parties to the agreement. Additionally, Mark is a member of the Advisory Board of the Ohio University Edison Biotechnology Institute.

Mark has experience in a wide range of industries including among others, biotechnology, chemical, computer software, defense, electronics, furniture, footware, gaming, law enforcement, marine, medical supply, metal forming, optical, pharmaceutical, recreational products, telecommunications and heavy equipment manufacturing, among others.

Mark has made presentations to the Wisconsin Intellectual Property Association on "The Role Of The Accountant In Litigation," the Practicing Law Institute on "The Economic Evaluation Of Trade Secrets," "Economic Modeling Of Patent Damages," and "Technology Pricing In Joint Ventures" the Pacific Intellectual Property And Trade Forum on "Technology and Trade Secret Pricing," as well as numerous presentations to the Licensing Executives Society and the Association of University Technology Managers on technology pricing and damages in intellectual property litigation.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERNGS, INC.,

               Plaintiff,

        v.

S. A. MAXWELL COMPANY, INC.
and JAIMA BROWN,

               Defendants,

:
:
:
:
:
:
:
:
:
:
:
:

NO. 1:CV-01-0793

(The Hon. Sylvia H. Rambo)

## LIST OF EXHIBITS

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 1 | | York's copyright registration – Elephant sidewall | | | | |
| 2 | | York's supplemental registration – Elephant sidewall | | | | |
| 3 | | York's copyright registration – Elephant border | | | | |
| 4 | | Assignment of elephant design – Scullin | | | | |
| 5 | | Documents supporting York's copyright registrations | | | | |
| 6 | | Banafshe Schippel Original Design | | | | |
| 7 | | Invoice of Banafshe Schippel | | | | |
| 8 | | York Original Border | | | | |

1111740_1

- 1 -

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 9 | | Passport Sample Book | | | | |
| 10 | | Sesquicentennial Sample Book | | | | |
| 11 | | Board (approximately 32" x 40") containing York Elephant sidewall, pattern #PS6460 | | | | |
| 12 | | Board (approximately 7" x 40") containing York Elephant border pattern #PS6454B | | | | |
| 13 | | Board (approximately 32" x 40") containing York Elephant sidewall, pattern #PS6459 | | | | |
| 14 | | Board (approximately 7" x 40") containing York Elephant border pattern #PS6453B | | | | |
| 15 | | Board (approximately 32" x 40") containing York Elephant sidewall, pattern #PS6461 | | | | |
| 16 | | Board (approximately 7" x 40") containing York Elephant border pattern #PS6455B | | | | |
| 17 | | Board (approximately 32" x 40") containing York Elephant sidewall, pattern #PS6458 | | | | |
| 18 | | Board (approximately 7" x 40") containing York Elephant border pattern #PS6452B | | | | |
| 19 | | York design specifications for the Elephant Sidewall | | | | |
| 20 | | York design specifications for the Elephant Border | | | | |
| 21 | | Kaufman Elephant Fabric (York) | | | | |
| 22 | | Cover and one page from book entitled "Arts and Crafts of Rajasthan" | | | | |
| 23 | | York press release for "Passport" collection, dated 1/7/00 | | | | |

111740_1

- 2 -

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 24 | | Exhibit(s) depicting York profit information for designs at issue – Exhibits to Mark Peterson's report | | | | |
| 25 | | Jaima Brown Initial Design Memo to William Carroll | | | | |
| 26 | | Brunschwig/Ballard Samples | | | | |
| 27 | | Andrew Martin Sample | | | | |
| 28 | | African Wildlife Foundation ad | | | | |
| 29 | | House Beautiful/Roche Bobois | | | | |
| 30 | | Call of Africa's Native Visions Gallery ad | | | | |
| 31 | | Elephant Fabric/Beige-White | | | | |
| 32 | | Maroon Fabric | | | | |
| 33 | | York Elephant Paper – original portion of paper which Jaima Brown gave to William Carroll | | | | |
| 34 | | York Elephant Paper, containing portion of border – produced by Defendants in original disclosures | | | | |
| 35 | | William Carroll original Sidewall Design – Elephant design | | | | |
| 36 | | William Carroll original Palm Border Designed by William Carroll | | | | |
| 37 | | William Carroll original Linen Texture Design | | | | |
| 38 | | William Carroll original Scroll Design | | | | |
| 39 | | William Carroll original Animal Border Design | | | | |
| 40 | | Board (approximately 32" x 40") containing Maxwell Elephant sidewall, pattern #7043-565 | | | | |
| 41 | | Board (approximately 32" x 40") containing Maxwell Elephant border, pattern #7043-561B | | | | |

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 42 | | Board (approximately 32" x 40") containing Maxwell Elephant sidewall, pattern #7043-566 | | | | |
| 43 | | Board (approximately 32" x 40") containing Maxwell Elephant border, pattern #7043-562B | | | | |
| 44 | | Board (approximately 32" x 40") containing Maxwell Elephant sidewall pattern #7043-564 | | | | |
| 45 | | Board (approximately 32" x 40") containing Maxwell Elephant border, pattern #7043-560B | | | | |
| 46 | | Maxwell Elephant fabric sample, pattern #7043-701F | | | | |
| 47 | | Maxwell Elephant fabric sample, pattern #7043-702F | | | | |
| 48 | | Maxwell Elephant fabric sample, pattern #7043-700F | | | | |
| 49 | | Westmount Elephant Border – disclosed as a portion of Jaima Brown "other" elephant file | | | | |
| 50 | | Seabrook Elephant/Horse Borders – disclosed as a portion of Jaima Brown "other" elephant file | | | | |
| 51 | | Seabrook Sample Page – disclosed as a portion of Jaima Brown "other" elephant file | | | | |
| 52 | | Regal Fabric Sample – disclosed as a portion of Jaima Brown "other" elephant file | | | | |
| 53 | | '96 Guide Source – Westmount Border – disclosed as a portion of Jaima Brown "other" elephant file | | | | |
| 54 | | 'Textiles' Book Cover – disclosed as a portion of Jaima Brown "other" elephant file | | | | |
| 55 | | Jaima Brown – Color/Design Documents | | | | |
| 56 | | Design List – Traditionals Vol. II | | | | |

1111740_1

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 57 | | Maxwell Engraving Specifications | | | | |
| 58 | | Garnhausen Sample Book Proposal/Invoice | | | | |
| 59 | | Maxwell Sample Cover Design Documents | | | | |
| 60 | | Maxwell Elephant Ad and Cover – The Wallpaper – January, 2001 | | | | |
| 61 | | Wallpaper News, Online | | | | |
| 62 | | Sesquicentennial Website Info. | | | | |
| 63 | | Information from The Wallpaper Guide Volume 1, 2001 | | | | |
| 64 | | Jaima Brown's Resume | | | | |
| 65 | | Jaima Brown Contract – redacted | | | | |
| 66 | | William Carroll Design Assignments with Maxwell, re: elephant and related designs | | | | |
| 67 | | William Carroll Invoice for Designs | | | | |
| 68 | | William Carroll Dinotopia Materials – given to Milrad | | | | |
| 69 | | Milrad Memo 6/25/01, re:  William Carroll Meeting | | | | |
| 70 | | William Carroll e-mail to Milrad, dated 6/26/01 | | | | |
| 71 | | Milrad Letter to William Carroll, dated 6/25/01 | | | | |
| 72 | | William Carroll e-mail to Milrad, dated 6/23/01 | | | | |
| 73 | | Exhibit depicting Maxwell sale and gross revenue figures | | | | |
| 74 | | Document entitled York Lawsuit Requested Data, dated 1/10/02 "Recap of Seagui Sales/Cos/Ross" | | | | |
| 75 | | Sesquicentennial Expense List | | | | |
| 76 | | Document disclosed by Defendants, depicting expenses for Elephant design | | | | |

1111740_1

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 77 | | Other William Carroll Designs for Maxwell | | | | |
| 78 | | Other William Carroll Designs for York | | | | |
| 79 | | Tierkelly Design page depicting 3 borders, including an elephant border – Color 1 | | | | |
| 80 | | Tierkelly Design page depicting 3 borders, including an elephant border – Color 2 | | | | |
| 81 | | Samples of York and Westmount wallcoverings and borders, regarding allegations of past incidents of copying by Jaima Brown | | | | |
| 82 | | Letter of December 20, 1995 to Eric Engberg regarding copying of York design | | | | |
| 83 | | Message slip regarding call from Eric Engberg regarding Westmount copying | | | | |
| 84 | | Report of Mark Peterson | | | | |
| 85 | | Supplemental report of Mark Peterson | | | | |
| 86 | | Curriculum vitae of Mark Peterson | | | | |
| 87 | | Report of Ronald Redding | | | | |
| 88 | | Report of Frank Bernatowicz | | | | |
| 89 | | Curriculum vitae of Frank Bernatowicz | | | | |

1111740_1

- 6 -

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.          :
             Plaintiff          :     No.: 1:CV:01-0793
                                :

        vs.                    :
                                :

S.A. MAXWELL COMPANY, INC.      :     (The Hon. Sylvia H. Rambo)
AND JAIMA BROWN             :
             Defendants      :

**PLAINTIFF YORK WALLCOVERINGS, INC.'S
PROPOSED POINTS FOR CHARGE**

      Plaintiff York Wallcoverings, Inc., by and through its undersigned attorneys, hereby

submit the attached Proposed Points for Charge for the Court's consideration.

                 BARLEY, SNYDER, SENFT & COHEN, LLC

                 By: _____
                       Kendra D. McGuire, Esquire
                       Attorneys for Plaintiff

                       126 East King Street
                       Lancaster, PA  17602-2893
                       (717) 299-5201
                       Court I.D. No. 50919

<u>Plaintiff's Proposed Jury Instruction No. 1</u>:

In the instant case, Plaintiff, York Wallcoverings, Inc. alleges that Defendants S.A. Maxwell Company, Inc. and Jaima Brown infringed York's copyrighted elephant wallpaper and border design. To prevail on a claim of copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright and (2) "copying" by the defendant.

Plaintiff can prove ownership of a valid copyright by submitting a certificate of copyright registration. The certificate carries with it a presumption of copyright validity and ownership, and is prima facie evidence of the facts stated therein. If a defendant wishes to overcome this presumption it has the burden of doing so. However, the defendant's burden in rebutting this presumption of validity is a very heavy one. The defendant "must establish that the application for copyright registration is factually inaccurate, that the inaccuracies were willful or deliberate, and that the Copyright Office relied on those misrepresentations" in issuing the copyright certificate.

With regard to the second element, it is rarely possible to prove copying through direct evidence. Therefore, copying may be proved inferentially by showing that the defendant had access to the allegedly infringed copyrighted work and that the allegedly infringing work is substantially similar to the copyrighted work.

<u>CMM Cable Rep., Inc. v. Keymarket Commun., Inc.</u>, 870 F. Supp. 631 (M.D. Pa. 1994); <u>Williams Elec., Inc. v. Artic Internat'l Inc.</u>, 685 F.2d 870, 873 (3d Cir. 1982); <u>Price v. Metzner</u>, 574 F. Supp. 281, 287 (E.D. Pa. 1983); <u>Lennon v. Seaman</u>, 84 F. Supp.2d 522, 525 (2d Cir. 2000); <u>Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc.</u>, 797 F.2d 1222, 1231-32 (3d Cir. 1986), <i>cert. denied</i>, 497 U.S. 1031 (1987).

Plaintiff's Proposed Jury Instruction No. 2:

In this case, Defendants have admitted that they had access to Plaintiff's work and that a piece of York's elephant wallpaper was provided by Defendant Jaima Brown to William Carroll, the designer, as part of the reference materials for the design of the Maxwell elephant wallpaper. Therefore, you need only consider whether Maxwell's allegedly infringing wallpaper design is substantially similar to York's elephant wallpaper design.

The standard test for substantial similarity between two items is whether an "ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." If "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work," then the two products are substantially similar. You, as the fact-finder, must examine the works for their total concept and feel.


Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001), *quoting* Hamil America, Inc. v. GFI, 193 F.3d 92, 100 (2d Cir. 1999).

Plaintiff's Proposed Jury Instruction No. 3:

Substantial similarity is determined by a two prong approach. First, you must decide whether there is sufficient similarity between the two works in question to conclude that the alleged infringer used the copyrighted work in making its own. You may consider the testimony of experts in making this determination. Second, you must decide, viewing the item through the lay person's eyes, whether the copying was an unlawful appropriation of the copyrighted work.

A finding of substantial similarity is not precluded where differences in detail "do little to lessen a viewer's overwhelming impression" that the defendant's products are appropriations. "The *sine qua non* of the ordinary observer test . . . is the overall similarities rather than the minute differences between the two works."


Whelan, 797 F.2d at 1232; Atari, Inc. v. North Am. Philips Consumer Elec. Corp., 672 F.2d 607, 618 (7th Cir. 1982), *cert. denied*, 459 U.S. 880 (1982); Accord Universal Athletic Sales Co. v. Salkeld, 511 F.2d 904, 907 (3d Cir. 1975), *cert. denied*, 423 U.S. 863, 907 (1975); Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001), *quoting* Knitwaves, Inc. v. Lollytogs, Ltd., 71 F.3d 996, 1004 (2d Cir. 1995).

Plaintiff's Proposed Jury Instruction No 4:

No bright line rule exists as to what quantum of similarity is permitted before crossing into the realm of substantial similarity in the context of copyright infringement.

The more original, the more unusual or imaginative or arbitrary the material is that you find to be similar in both works, the less likely that similarity is a coincidence. The more extensive the similarity and the more it extends to small arbitrary details, the more likely as a matter of common sense that it is due to copying, rather than to coincidence, or the suggestiveness of the subject matter.

Baxter v. MCA, Inc., 812 F.2d 421, 425 (9th Cir. 1987).

<u>Plaintiff's Proposed Jury Instruction No. 5</u>:

Independent creation can be a complete defense to copyright infringement.  However, in deciding whether a design is the product of copying or independent creation, the defendant's access to and knowledge of the plaintiff's work are compelling indicia of plagiarism.

<u>Rexnord, Inc. v. Modern Handling Systems, Inc.</u>, 379 F.Supp. 1190, 1194 (D. Del. 1974).

<u>Plaintiff's Proposed Jury Instruction No. 6:</u>

The more similar two works are, the more creative the differences in the alleging infringing design must be in order to support a finding of independent creation.

<u>Universal Athletic Sales Co. v. Salkeld</u>, 511 F.2d 914, 918 (3d Cir. 1975).

<u>Plaintiff's Proposed Jury Instruction No. 7:</u>

In proving copying, a plaintiff may also offer proof that the two works are strikingly similar.  Striking similarities are those similarities which are "of a kind that can only be explained by copying, rather than by coincidence, independent creation or prior common source."  Works need not be exactly identical to be strikingly similar though.

If you find that there are striking similarities between the Maxwell wallpaper and border designs and the York designs, you cannot find that the Maxwell design was the product of independent creation.

<u>Testa v. Janssen</u>, 492 F.Supp. 198, 203 (W.D.Pa. 1980).

<u>Plaintiff's Proposed Jury Instruction No. 8</u>:

If, after considering all the proof in the case, you find it more likely than not that Defendants had access to the Plaintiff's copyrighted work, that there are striking or at least substantial similarities between Defendants' work and York's copyrighted work and that Defendants' work was not independently created, then Plaintiff has sustained its burden of proving that copying has occurred and you should consider the issue of monetary damages.

Upon a showing of copyright infringement, the copyright owner is entitled to recover the actual damages suffered as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, York, as the copyright owner, is required to present proof only of Maxwell's gross revenue. Maxwell is required to prove its deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. §504(b).

<u>Plaintiff's Proposed Jury Instruction No. 9</u>:

In addition to the copyright infringement claim, Plaintiff has also alleged that Defendants infringed upon its distinctive trade dress. Trade dress is the non-functional physical detail and design of a product or its packaging, which indicates or identifies the product's source and distinguishes it from the products of others. Trade dress is the product's total image and overall appearance, and may include features such as size, shape, color, color combinations, texture, or graphics. In other words, trade dress is the form in which a person presents a product or service to the market, its manner of display.

To make out a claim of trade dress infringement, Plaintiff must demonstrate: (1) that the imitated trade dress, or "overall combination of features," is non-functional; (2) that the trade dress is inherently distinctive or distinctive by virtue of having acquired secondary meaning; and (3) that consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product.

<u>Two Pesos, Inc. v. Taco Cabana, Inc.</u>, 505 U.S. 763 (1992); <u>Merchant & Evans, Inc. v. Roosevelt Bldg. Products Co.</u>, 963 F.2d 628, 633 (3d Cir. 1992); <u>American Greetings Corp.</u>, 807 F.2d at 1141; <u>Duraco Products, Inc. v. Joy Plastic Enterprises, Ltd.</u>, 40 F.3d 1431, 1438-39 (3d Cir. 1994).

<u>Plaintiff's Proposed Jury Instruction No. 10</u>:

    A trade dress is non-functional if, taken as a whole, the collection of trade dress elements is not essential to the product's use or purpose or does not affect the cost or quality of the product even though certain particular elements of the trade dress may be functional.

<u>TrafFix Devices, Inc. v. Marketing Displays, Inc.</u>, 532 U.S. 23 (2001).

Plaintiff's Proposed Jury Instruction No. 11:

      In order to be inherently distinctive, a product configuration -- comprising a product feature or some particular combination or arrangement of product features -- must be (i) unusual and memorable; (ii) conceptually separable from the product; and (iii) likely to serve primarily as a designator of origin of the product.

      Trade dress is inherently distinctive if the total impression it gives the consumer is one that identifies it as coming from a specific origin or source, whether or not that source is known to the consumer. Inherently distinctive trade dress helps consumers identify the product, distinguishing the plaintiff's product from that produced by others, such as the defendant.

      You should consider the total visual impression of the trade dress, not each element of it in isolation. Inherently distinctive trade dress often uses common, non-distinctive elements when considered individually. However, it is the combination of elements and the total impression that the dress conveys to the consumer that shows if it is distinctive.

      Only if you determine that York's trade dress is not inherently distinctive should you consider whether it has acquired a secondary meaning.


Duraco Products, Inc. v. Joy Plastic Enterprises, Ltd., 40 F.3d 1431, 1448-49 (3d Cir. 1994); Model Civ. Jury Instr. 9th Cir. §18.8, *citing* Internat'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 824 (9th Cir. 1993).

Plaintiff's Proposed Jury Instruction No. 12:

      With regard to the likelihood of confusion element, a plaintiff may prevail in a trade dress infringement action if it shows that an appreciable number of ordinarily prudent customers of the type of product in question are likely to be confused as to the source of the goods.

      In determining whether there is a likelihood of confusion, you may consider the following factors: (1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, though not in competition, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sale efforts are the same; (9) the relationship of the goods in the minds of the public because of the similarity of function; (10) other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market.

Versa Products Co., Inc. v. Bifold Co. (Manufacturing) Ltd., 50 F.3d 189, 200 (3d Cir. 1995); Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 297 (3d Cir.), *cert. denied*, 502 U.S. 939 (1991).

<u>Plaintiff's Proposed Jury Instruction No. 13:</u>

Plaintiff has also made a claim for unfair competition under the Lanham Act. The basis of an unfair competition claim is a defendant "passing off" his goods as those of the plaintiff. To prevail on a claim for unfair competition, Plaintiff must show that Maxwell simulated York's work so as to induce the purchase of Maxwell's goods under a false impression as to their origin or ownership so as to secure for Maxwell benefits properly belonging to York. Plaintiff must also prove that the goods in question travel in interstate commerce.

The elements of a cause of action for unfair competition under Pennsylvania common law are identical to those for a claim under the unfair competition section of the Lanham Act with the exception that goods need not have traveled in interstate commerce. Therefore, if you find that Plaintiff has proved the elements of an unfair competition claim under the Lanham Act, you must also find that York has established unfair competition under Pennsylvania law.

<u>Guardian Life Insurance Co. of America v. American Guardian Life Assur. Co.</u>, 943 F. Supp. 509 (E.D. Pa. 1996); <u>International Soc. for Krishna Consciousness of Western Pennsylvania, Inc. v. Stadium Authority of City of Pittsburgh</u>, 479 F. Supp. 792 (W.D. Pa. 1979).

<u>Plaintiff's Proposed Jury Instruction No. 14:</u>

If you find that Defendants have willfully infringed upon York's trade dress and/or engaged in unfair competition with regard to York, you may award to Plaintiff: (1) Maxwell's profits; (2) any damages sustained by York; and (3) the costs of the action.

15 U.S.C. §§ 1117, 1125; <u>Knorr-Nahrmittel A.G. v. Reese Finer Foods, Inc.</u>, 695 F. Supp. 787, 795 (D.N.J. 1988); <u>Sweetzel, Inc. v. Hawk Hill Cookies, Inc.</u>, 1996 WL 355357 at *4-5 (E.D. Pa.).

BARLEY, SNYDER, SENFT & COHEN, LLC

By: _____

Kendra D. McGuire, Esquire
Attorneys for Plaintiff

126 East King Street
Lancaster, PA 17602-2893
(717) 299-5201
Court I.D. No. 50919

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Pretrial Memorandum

has been served this _26th_ day of _September_____, 2002, by first-class mail, postage

pre-paid, upon:

> Albert Robin, Esquire
> Robin, Blecker & Daley
> 330 Madison Avenue
> 2nd Floor
> New York, NY  10017

> BARLEY, SNYDER, SENFT & COHEN, LLC
>
> By: _____
> Bruce J. Wolstoncroft, Esquire
> Kendra D. McGuire, Esquire
> Attorneys for Plaintiff
> York Wallcoverings, Inc.
>
> 126 East King Street
> Lancaster, PA  17602-2893
> Court I.D. No. 43923
> Court I.D. No. 50919

1100359_1