ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YORK WALLCOVERINGS, INC., | : |
| Plaintiff, | : NO. 1:CV-01-0793 |
| v. | : (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | : |
| Defendants. | : |

FILED
HARRISBURG, PA
SEP 2 7 2002
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

**DEFENDANTS' PRETRIAL MEMORANDUM**

Conference was held by counsel on July 19, 2002.

A. Federal court jurisdiction is based upon a federal question and pendent jurisdiction. Count I arises under the Copyright Act, and Counts II and III are related unfair competition and trade dress infringement claims that arise under Pennsylvania common law.

B. (1) In October 1999, York Wallcoverings, Inc. ("York") commenced distribution of its Passport Wallcoverings sample book. Included therein were four colorways of an elephant sidewall, an elephant border and coordinating fabric. York had purchased the elephant design on January 12, 1999 from Banafshe Schippel Design Limited, of Great Britain. The purchased design was used for the York elephant sidewall and York's design department developed a somewhat different design as a derivative work that was used for the York elephant border.

(2) Between April 4, 2000 and May 16, 2000, Jaima Brown, Director of Design of S.A. Maxwell Company, Inc. ("Maxwell"), worked with William Carroll, an independent designer in Canada, to develop an elephant and palm design which was used for three colorways of sidewalls, borders and fabrics that were part of Maxwell's Sesquicentennial Collection. Ms. Brown had previously used elephant designs for her former employer, Westmount, as well as for Maxwell, and there were and are other elephant designs in the market. Ms. Brown sent to Mr. Carroll various references including a beige fabric depicting elephants, materials depicting palm trees and a piece of the York elephant sidewall. At that time, Ms. Brown contemplated using the beige fabric, and other colorways of that fabric, as coordinating fabrics for the elephant and palm sidewalls and borders but later decided to use fabrics incorporating the sidewall elephant and palm design.

(3) Mr. Carroll used the beige fabric and the references depicting palm trees to design his elephant and palm sidewall and border and sent his completed designs to Ms. Brown on May 16, 2000. Ms. Brown made minor modifications in Mr. Carroll's designs, the principal one being to change the positioning of the elephants' trunks from one up and one down to both up.

(4) Ms. Brown then had three colorways of the Maxwell elephant and palm border and sidewall prepared for inclusion in the Maxwell Sesquicentennial Sample Book, which included 88 other sidewalls and 21 other borders. In October 2000, Ms. Brown sent samples of the different designs from the book to Ms. Pat Garmhaussen, of Inhaus Design, to prepare proposed covers for the sample book. In November 2000, Ms. Garmhaussen prepared three covers, one of which was based upon the elephant and palm

sidewall, and Maxwell selected the elephant and palm cover because the elephant's trunk was an appropriate place to carry a pole and sign proclaiming Maxwell's sesquicentennial.

(5) In January 2001, Maxwell announced its Sesquicentennial Collection to the trade and commenced distribution of the sample books and paper. York learned of the Sesquicentennial Collection and obtained either the sample book or samples of the Maxwell elephant and palm sidewall and/or border. On February 9, 2001, over sixteen months after first publication, York submitted applications to the United States Copyright Office to register its elephant sidewall and elephant border. The application to register the elephant sidewall stated that Banafshe Schippel was the author, and the application to register the elephant border claimed that it was a derivative work created by York employees from the elephant sidewall. On February 12, 2001, the Copyright Office issued certificates of copyright registration on each application.

(6) On May 7, 2001, York filed the complaint in the instant action.

(7) On July 11, 2001, Stan Thomas, a York employee, received an email from Williams Carroll that made York aware that Mr. Carroll designed the Maxwell elephant and palm sidewall and border.

(8) Mr. William Carroll had received commissions from York to design some of its wallcoverings prior to the time he created the Maxwell elephant and palm sidewall and border designs, and he continued to receive such commissions even after York learned of his role in the Maxwell elephant and palm sidewall and border designs.

(9) On January 31, 2002, York filed an application with the Copyright Office for a supplemental registration, which stated that the author of the elephant sidewall

3

design was Patricia Scullin and not Banafshe Schippel, and on February 12, 2002, the Copyright Office issued a supplemental registration.

(10) Maxwell's incremental profits on its sale of the elephant and palm sidewall, border and fabric were approximately $20,000. Maxwell lost money on its sale of the Sesquicentennial Collection sample books.

(11) There is no evidence that York lost any sales of its elephant sidewall or border because of the Maxwell elephant and palm sidewall and border, and it is unlikely that such evidence could exist in view of the numerous differences between the two. The only evidence of record on this issue is a statement from York's expert that sales of the York sidewall and border unexpectedly increased during its second year and declined much less than expected in the third year, in spite of September 11, evidence which establishes that there was not any such loss.

(12) There is no evidence that the source of the York Passport sample book is identified by the elephant design appearing on its cover and that any one has been, or is likely to be, confused by the elephant and palm design appearing on the cover of the Maxwell Sesquicentennial Collection sample book. It is logical that no such evidence exists given the prominent display of the York and Maxwell names on the covers of these books, the other differences in the covers and the fact that the books are customarily displayed with only their spines showing, the two spines being totally dissimilar.

(13) There is also no evidence that York lost any sales from its Passport Collection by reason of the cover of the Maxwell Sesquicentennial Collection sample book.

C. Undisputed facts are included in Plaintiff's Pretrial Memorandum.

D. York has not sustained any damages by reason of Maxwell's alleged copyright infringement, unfair competition or trade dress infringement. Insofar as it is entitled to recover Maxwell's profits, those profits would be from Maxwell's sale of the allegedly infringing sidewall, border and fabric, on which the incremental profits were approximately $20,000.

E. The names and addresses of Defendants' proposed witnesses are the following (the only ones of these witnesses who will definitely be called are Richard L. Emmert, Jaima Brown and William Carroll – which of the others, if any, will be called will depend upon the Court's ruling on admissibility of exhibits, possible stipulations which the Defendants have requested and the contents of Plaintiff's case in chief):

Richard L. Emmert
309 East Scranton
Lake Bluff, Illinois 60044

Jaima M. Brown
309 East Scranton
Lake Bluff, Illinois 60044

William Carroll
57 Meadow Drive
Orangeville, Ontario, Canada L9W LC4

Sandy Drayer
1514 N. Sheridan Road
Waukegan, Illinois 60085

Starr Paz
1905 South Vine
Park Ridge, Illinois

Julia Jozwiak
659 Eisenhower Ave.
Palatine, Illinois 60074

Pat Garmhausen
2172 Oakdale Road
Cleveland Heights, Ohio 44118

Marc Baskin
1319 West Webster Ave.
Chicago, Illinois 60614

Eric Engberg
14 Stonewold Way
Greenville, Delaware 19807

Elizabeth F. Lydon
272 Frederick Street
Hanover, Pennsylvania

Stanley A. Thomas
62 Narrow Drive
Hanover, Pennsylvania 17331

Carl J. Vicci
984 Summit Circle North
York, Pennsylvania

Frank A. Bernatowicz
BDO Seidman, LLP
233 N. Michigan Avenue
Chicago, Illinois 60601

      F.  Defendants expect to call Frank A. Bernatowicz, who is an expert witness on issues relating to the quantum of Plaintiff's damages.  He will testify about the amount of Maxwell profits derived from sales of the allegedly infringing patterns and about the deficiencies in Plaintiff's claim for lost profits.  The scope of his testimony will not be known until after the scope of Plaintiff's trial testimony on damages is known.

G. In addition to the discrepancies as to the identity of the author of York's elephant sidewall design between the complaint and the amended complaint, there is still a discrepancy as to the transferor of right in the design between the amended complaint and the exhibits which York will be offering at trial.

H. (1) The legal issues with respect to copyright infringement have been briefed in response to Plaintiff's motion for a preliminary injunction. They include the following:

(a) The issue of ownership of a valid copyright, which is the first prerequisite of establishing a claim of copyright infringement. *Feist Publications Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In view of the conflict between York's original and supplementary certificates of copyright registration of its elephant sidewall design, it is at issue whether such registrations establish York's ownership of the copyright or whether York must prove by admissible evidence that it received an assignment of the design from its author. *See* 17 U.S.C. § 408(d) (providing that the information contained in a supplementary registration augments but does not supersede that contained in the earlier registration); *Masquerade Novelty v. Unique Indus.*, 912 F.2d 663, 668 n.5 (3d Cir. 1990) (stating that "the correct approach in situations where there has been a material, but inadvertent omission, is to deprive the plaintiff of the benefits of § 410(c) [prima facie presumption of validity that registration conveys] and to require him to establish the copyrightability of the articles he claims are being infringed"); *see also NBC Subsidiary, Inc. v. Broadcast Information Services, Inc.*, 717 F. Supp. 1449, 1451 (D. Colo. 1988) (stating that "the prima facie effect of the registration ... will be neutralized because it will contain conflicting statements of facts").

(b) Whether there is substantial similarity between (i) York's elephant sidewall and Maxwell's elephant and palm sidewall, when viewed without reference to color, and (ii) York's elephant border and Maxwell's elephant border, when viewed without reference to color. 37 CFR §202.1 (variations of coloring are not subject to copyright protection); *see also Amsterdam v. Triangle Publications, Inc.*, 189 F.2d 104 (3d Cir. 1951) (plaintiff cannot copyright arbitrary color schemes); *Boisson v. Banian, Ltd.*, 273 F.3d 262, 271 (2d Cir. 2001) ("a particular color is not copyrightable" and only "the author's choice in incorporating color *with other elements* may be copyrighted" [emphasis added]); *York Wallcoverings, Inc. v. Coloroll, Inc.*, 681 F. Supp. 1004, 1008 (E.D.N.Y. 1987) ("copyright protection does not extend to York's colorways because York's copyright of Adele did not include the colorways…[a]lthough reference to the copying of the colorways by Coloroll is some proof of copying, it is not sufficient to prove copying of the design).

(c) Whether the Maxwell elephant and palm sidewall and the Maxwell elephant and palm border were created independently. *Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.*, 797 F.2d 1222, 1227, n.7 (3rd Cir. 1986), *cert. denied*, 479 U.S. 1031, 93 L. Ed. 2d 831, 107 S. Ct. 877 (1987) (regardless of plaintiff's success in proving copying, independent creation is a complete defense to the claim of copyright infringement).

(d) Whether York has shown any lost profits resulting from Maxwell's alleged infringement. 17 U.S.C. § 504(b) (requiring a copyright owner to prove its actual damages suffered by it as a result of the infringement); Nimmer On Copyright §14.02[A][1] ("[t]he plaintiff has the burden "of establishing with reasonable probability

8

the existence of a causal connection between the infringement of the defendant and some loss of anticipated revenue"); *Multitherm Corp. v. Fuhr*, 1991 U.S. Dist. LEXIS 10475 (E.D. Pa. July 24, 1991) ("the primary measure of recovery is the extent to which the market value of the copyrighted work has been injured or destroyed by the infringement ... actual damages are considered to be equal to the profits that the plaintiff would have made but for the infringement").

(2) The legal issues with respect to York's unfair competition and trade dress claims are:

(a) Whether York has shown that an appreciable segment of the relevant public identifies the source of its Passport Collection sample book by it cover. *ChiChi's, Inc. v. Chi-Mex, Inc.*, 568 F. Supp. 731, 734 (W.D. Pa. 1983) (to establish unfair competition, plaintiff must prove that "the public recognizes plaintiff's symbol as identifying his goods or services and distinguishing them from those of others ... [which] could be shown ... [by proving that plaintiff's mark] has become distinctive through the acquisition of 'secondary meaning,'" *quoting* J. T. McCarthy, 1 Trademarks and Unfair Competition, § 15:1 at 514); *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 292 (3d Cir. 1991) ("[s]econdary meaning is demonstrated where, 'in the minds of the public, the primary significance of a product feature or term is to identify the source of the product itself,'" *citing Freixenet, S.A. v. Admiral Wine & Liquor Co.*, 731 F.2d 148, 152 (3d Cir. 1984)); *Alfred Dunhill, etc. v. Kasser Dist. Prod. Corp.*, 350 F. Supp. 1341, 1359 (E.D. Pa. 1972) *aff'd*, 480 F.2d 917 (3d Cir. 1973).

(b) Whether York has shown that the cover of the Maxwell Sesquicentennial Collection sample book is likely to cause confusion among an

appreciable segment of the relevant public. *Pennsylvania State Univ. v. University Orthopedics*, 706 A.2d 863, 869, 1998 Pa. Super. LEXIS 11 (Pa. Super. Ct. 1998) (the party asserting the unfair competition claim must demonstrate that its competitor has done something "which will unnecessarily create or increase confusion between his goods or business and the goods or business of the rival"); *Polymer Dynamics, Inc. v. Bayer Corp.*, 2000 U.S. Dist. LEXIS 11493, (E.D. Pa. Aug. 14, 2000) ("the Third Circuit has recognized the possibility of relief under the Pennsylvania law of unfair competition 'where there has been no fraud on the public but a misappropriation for the commercial advantage of one person of a benefit or property right belonging to another,'" *citing Ettore v. Philco Television Broadcasting Corp.*, 229 F.2d 481, 490 (3d Cir. 1956)).

(c) Unless York establishes secondary meaning and likelihood of confusion in support of its state law claims, these claims are preempted by the Copyright Act. 17 U.S.C. §301; *Tech. Based Solutions, Inc. v. Electronics College, Inc.*, 168 F. Supp. 2d 375, 380, n.3 (E.D. Pa. 2001) (when "allegations of misappropriation, unfair competition and unjust enrichment are functionally equivalent to a copyright infringement claim [they] are therefore preempted"); *Gemel Precision Tool v. Pharma Tool Corp.*, 1995 U.S. Dist. LEXIS 2093, *24, 35 U.S.P.Q.2d 1019 (E.D. Pa. Feb. 13, 1995) ("any unfair competition claim is identical to the copyright infringement claim and is preempted by § 301").

(d) Unless York establishes that the cover of Maxwell's Sesquicentennial Collection sample book has caused actual confusion, it cannot recover damages under Pennsylvania law. *Conti v. Anthony's ShearPerfection, Inc.*, 350 Pa. Super. 606, 504 A.2d 1316 (1986); *Alfred Dunhill of London, Inc. v. Kasser Distillers Products Corp.*,

350 F. Supp. 1341, 1369 (E.D. Pa. 1972), *aff'd without opinion*, 480 F.2d 917 (3d Cir. 1973) (declining to award damages because, *inter alia*, there was no evidence of actual confusion); *International Election Systems Corp. v. Shoup,* 452 F. Supp. 684, 712 (E.D. Pa. 1978) (in order to collect damages for its claim of unfair competition, the plaintiff must show that actual confusion as to the source of origin of the product has occurred); Restatement (Third) of Unfair Competition, § 36, cmt. c (absent proof of actual harm, injunction adequate remedy).

    I. Maxwell seeks a stipulation from York as to its incremental profits from the sale of two and of three colorways of Maxwell's elephant and palm sidewall and border, and as to its gross profits from the sale of the coordinating fabric.

    J. Defendants estimate that the case will take five trial days.

    K. (1) Since all of the numbers as to sales and cost have been produced by the parties as "Confidential," it would appear that a procedure need be established for protecting the confidentiality of any such information as may be required to be disclosed at trial.

    (2) Since Defendants are entitled to have the jury decide the issues of copyright infringement, unfair competition and trade dress infringement and the issues of monetary relief, a procedure also need be established for handling the issuance of the preliminary injunction at trial.

    L. A schedule of Defendants' exhibits is appended hereto.

M. Special verdict questions that Defendants desire to submit are appended hereto.

N. The persons with settlement authority have been notified of the requirements of and possible sanctions under Local Rule 16.2, and a statement to that effect is to be filed on Monday pending counsel's return from a business trip.

O. Not applicable.

P. Not applicable.

Dated: New York, New York
September 26, 2002

Respectfully submitted,

_____
Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.,

    Plaintiff,

v.

S.A. MAXWELL COMPANY, INC.
and JAIMA BROWN,

    Defendants.

NO. 1:CV-01-0793

(The Hon. Sylvia H. Rambo)

## LIST OF EXHIBITS

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
|  | 1 | Beige colorway of fabric design |  |  |  |  |
|  | 2 | Black and white copy of Exhibit 1 |  |  |  |  |
|  | 3 | Jaima Brown sketch |  |  |  |  |
|  | 4 | Maxwell Ivory Coast Sample Book |  |  |  |  |
|  | 5 | Volume 1, 2001 Wallpaper Guide, p. CB42 |  |  |  |  |
|  | 6 | Printouts from current online Wallpaper Guide showing York border |  |  |  |  |

1

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| | 7 | Printouts from current online Wallpaper Guide showing Maxwell sidewall and border | | | | |
| | 8 | 7/11/01 Email from Carroll to Thomas | | | | |
| | 9 | Color sample of Village Wallpaper Elephant Border | | | | |
| | 10 | Black and white copy of Exhibit 9 | | | | |
| | 11 | Color and black and white samples of Van Luit Elephant paper | | | | |
| | 12 | Full Repeat (20 ½" by 20 ½ ") of Maxwell Pattern No. 7043-565 | | | | |
| | 13 | Full Repeat (20 ½" by 8") of Maxwell Pattern No. 7043-561B | | | | |
| | 14 | Full Repeat of Maxwell Pattern No. 7043-566 | | | | |
| | 15 | Full Repeat of Maxwell Pattern No. 7043-562B | | | | |
| | 16 | Full Repeat of Maxwell Pattern No. 7043-564 | | | | |
| | 17 | Full Repeat of Maxwell Pattern No. 7043-560B | | | | |
| | 18 | Black and White of Maxwell Elephant and Palm Design | | | | |
| | 19 | Outline of Maxwell Elephant | | | | |
| | 20 | Black and White of York Elephant sidewall | | | | |

2

3

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
|  | 21 | Sample of York Watering Can Border |  |  |  |  |
|  | 22 | Sample of Wallcrown Birdhouse and Watering Can Border |  |  |  |  |
|  | 23 | Maxwell printout showing sales and cost of goods sold through June 12, 2002 of Maxwell Pattern No. 7043-565 |  |  |  |  |
|  | 24 | Maxwell printout showing sales and cost of goods sold through June 12, 2002 of Maxwell Pattern No. 7043-561B |  |  |  |  |
|  | 25 | Maxwell printout showing sales and cost of goods sold through June 12, 2002 of Maxwell Pattern No. 7043-566 |  |  |  |  |
|  | 26* | Maxwell printout showing sales and cost of goods sold through June 12, 2002 of Maxwell Pattern No. 7043-562B |  |  |  |  |
|  | 27* | Maxwell printout showing sales and cost of goods sold through June 12, 2002 of Maxwell Pattern No. 7043-564 |  |  |  |  |
|  | 28 | Maxwell printout showing sales and cost of goods sold through June 12, 2002 of Maxwell Pattern No. 7043-560B |  |  |  |  |

* If Defendants' objections to inclusion of third colorway are overruled.

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| | 29 | York Lawsuit Requested Data 1/10/02 with attachments (more complete version of PX 74), with update covering period of January 31, 2001 through June 30, 2002 | | | | |
| | 30 | Sesquicentennial Costs | | | | |
| | 31 | Loss on Sesquicentennial Collection Sample Books | | | | |
| | 32 | Passage East Sample Book | | | | |
| | 33 | List of York's Distributors for Passport and Passage East Collections | | | | |
| | 34 | List of Maxwell Distributors for Sesquicentennial Collection | | | | |

4