IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YORK WALLCOVERINGS, INC., | : | |
| Plaintiff, | : | NO. 1:CV-01-0793 |
| v. | : | (The Hon. Sylvia H. Rambo) |
| S.A. MAXWELL COMPANY, INC. and JAIMA BROWN, | : | |
| Defendants. | : | |

## DEFENDANTS' PROPOSED POINTS FOR CHARGE

FILED
HARRISBURG, PA

SEP 2 7 2002

MARY E. D'ANDREA, CLERK
Per_____
            Deputy Clerk

1. **Elements of Claim for Copyright Infringement:**

In order to recover on its claims for copyright infringement, York must establish (1) that it is the owner of works protected by copyright, and (2) that Defendants infringed its rights in those works.

York claims that Defendants copied its elephant sidewall design and its elephant border design. Defendants deny that they copied. York may establish a presumption that Defendants copied by showing that the constituent elements of the works are substantially similar. Defendants may rebut that presumption by showing that the Maxwell elephant and palm sidewall, border and fabric were independently created.

*Feist Publications Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

## 2. Ownership:

Here, there are two works at issue – one, the design of York's elephant sidewall and, the other, the design of York's elephant border. Since York's border design is a derivative work, that is, it was derived by York employees from the sidewall design, all that York must establish is that it is the owner of its sidewall design.

In its application for copyright registration dated February 9, 2001, and in its original Complaint filed May 7, 2001, York stated that Banafshe Schippel was the author of the sidewall design and that it acquired ownership thereof by assignment from Banafshe Schippel. In its application for supplemental registration dated January 31, 2002, York stated that Tricia Scullin was the author of its design of its elephant sidewall and that it acquired ownership thereof by assignment from her. In its Amended Complaint, York still claims that it obtained ownership of its design of the elephant sidewall from Banafshe Schippel.

While ownership of a certificate of copyright registration will normally evidence assignment from the author of the underlying work, here there are two certificates claiming different authors. Thus, in order to establish ownership of the elephant sidewall design at issue, York must show by admissible evidence the identity of the author of the design of its elephant sidewall and that such author assigned ownership of that design to York.

*Feist Publications Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); see also 17 U.S.C. § 408(d); *Masquerade Novelty v. Unique Indus.*, 912 F.2d 663, 668 n.5 (3d Cir. 1990).

3

### 3. Substantial Similarity:

Color is not copyrightable. While similarity in color may be evidence of copying, presence of similarity in color does not establish substantial similarity any more than absence of similarity in color establishes lack of substantial similarity. Therefore, you must decide whether there is substantial similarity between (i) York's elephant sidewall and Maxwell's elephant and palm sidewall, when viewed without reference to color, and (ii) York's elephant border and Maxwell's elephant border, when viewed without reference to color.

37 CFR §202.1; *see also Amsterdam v. Triangle Publications, Inc.*, 189 F.2d 104, 106 (3d Cir. 1951) (plaintiff cannot copyright arbitrary color schemes); *Boisson v. Banian, Ltd.*, 273 F.3d 262, 271 (2d Cir. 2001); *York Wallcoverings, Inc. v. Coloroll, Inc.*, 681 F. Supp. 1004, 1008 (E.D.N.Y. 1987).

4.  **Independent Creation:**

Regardless of the degree of substantial similarity, Maxwell may rebut the presumption of copying by proving that the elephant and palm sidewall and the Maxwell elephant and palm border were created independently.

*Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.*, 797 F.2d 1222, 1227, n.7 (3rd Cir. 1986), *cert. denied*, 479 U.S. 1031, 93 L. Ed. 2d 831, 107 S. Ct. 877 (1987).

5. **Maxwell's Profits:**

If York establishes that either or both of Maxwell's elephant and palm sidewall and elephant and palm border infringe York's copyright, it may recover Maxwell's profits derived from its sale of the infringing item.

To establish Maxwell's profits, York need only prove Maxwell's sales and Maxwell must prove the direct and indirect costs necessarily incurred in connection therewith.

*Whelan Assoc. Inc. v. Jaslow Dental Laboratory, Inc.*, 609 F. Supp. 1307, 1322 (E.D. Pa. 1985), *aff'd.*, 797 F.2d 1222 (3d Cir. 1986), *cert. denied*, 479 U.S. 1031, 93 L. Ed. 2d 831, 107 S. Ct. 877 (1987); *Allen-Myland, Inc. v. International Business Machines Corp.*, 770 F. Supp. 1004, 1024-25 (E.D. Pa. 1991); Nimmer on Copyright § 14.03.

**6. York's Damages:**

To recover damages other than Maxwell's profits for copyright infringement, York must prove that it lost sales as a result of the infringement and the amount of such lost sales attributable thereto. Therefore, you must decide whether York has shown any lost profits resulting from Maxwell's alleged infringement.

17 U.S.C. § 504(b); Nimmer On Copyright § 14.02[A][1]; *Multitherm Corp. v. Fuhr*, 1991 U.S. Dist. LEXIS 10475, *36-*38 (E.D. Pa. July 24, 1991).

### 7. Elements of Claims for Unfair Competition and Trade Dress Infringement:

York has also claimed that because of the similarity between the cover of the Maxwell Sesquicentennial Collection Sample Book and the cover of the York Passport Sample Book, Maxwell has competed unfairly with York and infringed York's trade dress.

With respect to these claims, it does not matter whether or not you have found that the Maxwell elephant and palm sidewall infringes York's copyright in its elephant sidewall. To establish these claims, York must show that the design of the cover of the Passport sample book, without the York and Passport names, has acquired a secondary meaning, that is, that it identifies York as the book's source. Unless York establishes secondary meaning and likelihood of confusion in support of its state law claims, these claims are preempted by the Copyright Act.

17 U.S.C. §301; *Tech. Based Solutions, Inc. v. Electronics College, Inc.*, 168 F. Supp. 2d 375, 380, n.3 (E.D. Pa. 2001); *Gemel Precision Tool v. Pharma Tool Corp.*, 1995 U.S. Dist. LEXIS 2093, *24, 35 U.S.P.Q.2d 1019 (E.D. Pa. Feb. 13, 1995).

**8. Secondary Meaning:**

York must prove that it has acquired secondary meaning in its sample book cover design, that consumers recognize its sample book cover design as identifying York's wallcoverings and as distinguishing them from those of others. Thus you must decide whether York has shown that an appreciable segment of the relevant public identifies the source of its Passport Collection sample book by its cover.

*ChiChi's, Inc. v. Chi-Mex, Inc.*, 568 F. Supp. 731, 734 (W.D. Pa. 1983); J. T. McCarthy, 1 Trademarks and Unfair Competition, § 15:1 at 514; *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 292 (3d Cir. 1991).

**9. Likelihood of Confusion:**

York must also show that the design of the Maxwell cover, with the Sesquicentennial and Maxwell names, is likely to cause confusion among an appreciable segment of the relevant public as to the source of the Maxwell book.

In making a determination of likelihood of confusion you should also consider how the sample books are displayed, and the role, if any, which their covers play in the consumer's decision to purchase the wallcoverings contained in the book.

*Pennsylvania State Univ. v. University Orthopedics*, 706 A.2d 863, 869, 1998 Pa. Super. LEXIS 11 (Pa. Super. Ct. 1998); *Polymer Dynamics, Inc. v. Bayer Corp.*, 2000 U.S. Dist. LEXIS 11493, *26, (E.D. Pa. Aug. 14, 2000).

*A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 218-19 (3d Cir. Pa. 2000); *American Olean Tile Co. v. American Marazzi Tile, Inc.*, 1988 U.S. Dist. LEXIS 11103, * 13, 9 U.S.P.Q.2d 1145 (E.D. Pa. Oct. 5, 1988); *Smithkline Beckman Corp. v. Pennex Products Co.*, 605 F. Supp. 746, 750 (E.D. Pa. 1985).

**10. Damages:**

If you find that York has established both secondary meaning and likelihood of confusion, then you must consider York's claim to recover Maxwell's profits derived from the use of the Sesquicentennial Collection Sample Book cover. York may only recover such profits if it establishes that there has been actual deception, that is, that consumers have purchased wallcoverings other than the elephant and palm sidewalls, borders and fabrics from the Maxwell Sesquicentennial Collection in the mistaken belief that they are purchasing such wallcoverings from York or from the York Passport Collection.

*Conti v. Anthony's ShearPerfection, Inc.,* 350 Pa. Super. 606, 613-14, 504 A.2d 1316 (1986); *Alfred Dunhill of London, Inc. v. Kasser Distillers Products Corp.,* 350 F. Supp. 1341, 1369 (E.D. Pa. 1972), *aff'd without opinion,* 480 F.2d 917 (3d Cir. 1973); *International Election Systems Corp. v. Shoup,* 452 F. Supp. 684, 712 (E.D. Pa. 1978); Restatement (Third) of Unfair Competition, § 36, cmt. c.

**[Alternative Instruction on Copyright Damages if Reasonable Royalty is Held to Be Appropriate Measure]**

**11. Reasonable Royalty:**

York claims that, as an alternative to recovery of its actual damages or Maxwell's profits, it is entitled to recover a reasonable royalty. Such a royalty would be calculated as a percentage of Maxwell's sales of the products that were purchased because of their design, which would include Maxwell's elephant and palm sidewall, border and fabric, but not its sample books.

York must establish what would be a reasonable percentage.

*Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 562, 85 L. Ed. 2d 588, 105 S. Ct. 2218 (1985) (alluding to the appropriateness of recovering reasonable royalties in copyright cases by stating "…whether the user stands to profit from exploitation of the copyrighted material without paying the customary price").

Dated: New York, New York
September 26, 2002

Respectfully submitted,

*[signature]*

Albert Robin (AR-7254)
Robin Blecker & Daley
Attorneys for Defendants
330 Madison Avenue
New York, NY 10017
(212) 682-9640

Of Counsel:

Joseph L. Turchi
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107