*No new parties added 1ct°*

*ORIGINAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YORK WALLCOVERINGS, INC.,  :
              Plaintiff  :
                          :
                          :     No.  1:CV-01-0793
          v.          :
                          :
S.A. MAXWELL COMPANY, INC.  :
and JAIMA BROWN,  :
             Defendants  :

FILED
HARRISBURG, PA

OCT 0 2 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## AMENDED COMPLAINT

1.  Plaintiff York Wallcoverings, Inc. is a Pennsylvania Corporation with a place of business of 750 Linden Avenue, York, Pennsylvania, 17404, hereinafter referred to as "York".

2.  Defendant S.A. Maxwell Co. is a corporation with a place of business at 935 Campus Drive, Mundelein, Illinois 60060, hereinafter referred to as "Maxwell".

3.  Defendant Jaima Brown is an adult individual and an employee of Maxwell, who does business at Maxwell's place of business listed above.

4.  This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq., hereinafter referred to as the "Act".  Jurisdiction is founded on Sections 1331, 1338(a) and 1338(b) of the Judicial Code (28 U.S.C. §§ 1331, 1338(a) and 1338(b)).

5.  Venue is conferred by §§ 1391(b)(2) and (c) and 1400(a) of the Judicial Code (28 U.S.C. §§1391(b)(2) and (c) and 1400(a)).

1103553.1

1

## OPERATIVE FACTS

6. York is engaged in the business, inter alia, of designing, manufacturing and selling wallcoverings and wallcovering borders.

7. In 1999, York created a wallcovering, titled and known as 'Elephant sidewall' and/or Design SP 1306 (hereinafter the "Wallcovering"), based upon a design created by Tricia Scullin, through the design firm of Banafshe Schippel, a company located in the United Kingdom. A photocopy of a portion of the Wallcovering is attached hereto as Exhibit "A".

8. Ms. Schippel transferred any rights in ownership she had to the design of the wallcovering to York.

9. The Wallcovering is copyrightable subject matter under the laws of the United States.

10. In 1999, York created a wallcovering border, titled and known as 'Elephant Border' and/or Design SP 1374 (hereinafter the "Border"). A photocopy of a portion of the Border is attached hereto as Exhibit "B".

11. The Border is copyrightable subject matter under the laws of the United States.

12. The Wallcovering and the Border were first published on October 25, 1999.

13. York placed the Wallcovering and the Border in a sample book entitled Passport (hereinafter referred to as "Sample Book"), the cover of which features an elephant of the type and design depicted in the Wallcovering and the Border.

14. York registered both the Wallcovering and the Border with the United Stated Copyright Office on February 8, 2001, complying in all respects with the registration and deposit

1103553.1

requirements of the Act, copies of said registration applications being attached hereto as Exhibits "C" and "D" respectively.

15. York legally owns the designs depicted in the Wallcovering and the Border, all the exclusive copyrights there in and is entitled to copyright protection.

16. York has manufactured and sold numerous rolls of wallcoverings and borders, in four different color combinations, depicting the design of the Wallcovering and Border at issue in this action.

17. York's copyright ownership is clearly noticed on all sample books wherein samples of the Wallcovering and the Border are contained. All individual samples and/or pages of the Wallcovering and the Border contained in the Sample Book are marked with a notice of York's copyright ownership of the Wallcovering and the Border.

18. York has expended substantial resources in designing, promoting, manufacturing and selling its wallcoverings and borders and built a valuable business based on demand for its distinctively-styled, quality wallcoverings and borders. York has become identified in the minds of the public as the provider of the same.

19. Defendant Brown has commented to employees of York that she regularly views and looks at sample books containing York's wallcovering and border designs and admires them greatly.

20. At some date after October 25, 1999, Maxwell by and through its employee Defendant Brown copied York's Wallcovering and caused to be manufactured and offered for

1103553.1

sale to the public a wallcovering which is not only substantially similar, but is strikingly similar to York's Wallcovering. A photocopy of a portion of the infringing wallcovering offered by Maxwell is attached hereto as Exhibit "E". Maxwell's elephant sidewall was offered in 3 colorways; two of Maxwell's colorways are offered in the same color combinations as two colorways of York's elephant design Wallcoverings.

21. At some date after October 25, 1999, Maxwell by and through its employee Defendant Brown copied York's Border and caused to be manufactured and offered for sale to the public a wallcovering Border which is not only substantially similar, but is strikingly similar to York's Border. A photocopy of a portion of the infringing border offered by Maxwell is attached hereto as Exhibit "F". Maxwell's elephant border was offered in 3 colorways; two of Maxwell's colorways are offered in the same color combinations as two colorways of York's elephant Border.

22. At some date after October 25, 1995, Maxwell by and through its employee Defendant Brown copied York's elephant design and caused to be manufactured and offered for sale to the public fabric which is not only substantially similar but strikingly similar to York's elephant design; the fabric was offered in 3 colorways.

23. At some date after October 25, 1999, Maxwell and/or Defendant Brown placed samples of the infringing wallcovering, border, and fabric in a sample book entitled Sesquicentennial Collection, the cover of which features an elephant of the type and design of the elephant depicted on the Wallcovering and the Border. The elephant depicted on the cover of

1103553.1

the sample book is substantially, if not strikingly, similar to the elephant depicted in York's Wallcovering, Border and the cover of York's Sample Book.

## COUNT I – COPYRIGHT INFRINGEMENTS
### York v. All Defendants

24. Paragraphs 1 through 23 are incorporated herein as though set forth in their entirety.

25. Defendant Brown unlawfully and willfully copied all or part of York's Wallcovering, Border and cover of York's Sample Book, in violation of York's copyright in its designs.

26. Maxwell individually and through their employee Defendant Brown unlawfully and willfully copied all or a part of York's Wallcovering, Border and cover of York's Sample Book, in violation of York's copyright in its designs.

27. The elephant design wallcovering and fabric found in the Sesquicentennial Collection infringes York's copyright in the elephant design Wallcovering.

28. The elephant design border found in the Sesquicentennial Collection infringes York's copyright in the elephant design Border.

29. The Defendants' wallcovering, border, and fabrics in all color combinations, are not only substantially similar, but are strikingly similar to York's Wallcovering and Border, exuding the same "look and feel" as York's copyrighted material.

30. The cover of the Maxwell sample book entitled <u>Sesquicentennial Collection</u> infringes York's copyright.

1103553.1

31. Defendants' sample book is not only substantially similar, but is strikingly similar to York's Sample Book, exuding the same "look and feel" as York's copyrighted material.

32. York has lost substantial revenue from Defendants' unlawful and willful copying of York's copyrighted material.

33. Defendants' wallcovering, border and fabric dilute the market and serve to destroy the distinctiveness of York's copyrighted works.

34. Defendants' copying of York's elephant design and the use of the elephant on the cover of Defendants' sample book, destroys the public's identification of the Wallcovering and Border to York as York's exclusive property, thereby confusing the public and causing York to suffer irreparable damages and lost profits.

35. York's sale of its own works and derivative works is prejudiced by Defendants' copyright infringements.

WHEREFORE, York demands:

(a) Defendants (jointly and severally) be ordered to pay to York all damages suffered by York due to Defendants' unlawful acts, with prejudgment interest, and the value of York's designs, as well as account for and pay to York all gains and profits that Defendants have enjoyed at York's expense.  At present, York cannot ascertain the full extent of its damages and lost profits;

(b) The right to elect statutory damages, including for willful infringement, in lieu of actual damages, in accordance with 17 U.S.C. §504(c);

1103553.1

6

(c)  Defendants (jointly and severally) be ordered to pay to York all York's costs and attorneys' fees, including as provided by 17 U.S.C. §505;

(d)  Defendants be enjoined during the pendency of this action and permanently thereafter from infringing York's copyrights and from copying, marketing, selling or constructing copies or other reproductions or derivatives of York's copyrighted works, in whole or in part; and

(e)  a trial by jury.

## COUNT II – UNFAIR COMPETITION
### York v. All Defendants

36. Paragraphs 1 through 34 are incorporated herein as though set forth in their entirety.

37. This action for unfair competition is a substantial and related claim to Defendants' infringements of York's copyrights and pursuant to § 1338(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

38. Defendants, in unlawfully and willfully copying York's elephant design as depicted on its Wallcovering and Border and placing the design of York's elephant on the cover of Defendant's sample book, created a likelihood of confusion among the public as to the original source of York's Wallcovering and Border and have contributed to the dilution of the distinctive quality of York's work in the marketplace.

39. Defendants, by their unauthorized appropriation and use of York's copyrighted works, have and are engaging in acts of unfair competition, unlawful appropriation, unjust

enrichment, wrongful deception of the purchasing public, and unlawful trading on York's good will and the public's acceptance of York's copyrighted works, all to York's irreparable damage.

WHEREFORE, York demands:

(a) Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating and using York's copyrighted works;

(b) Defendants, jointly and severally, be ordered to pay to York all damages suffered by York due to their unlawful acts, with prejudgment interest, as well as account for and pay to York all gains and profits that they have enjoyed at York's expense and that such damages include York's costs and attorney fees. At present, York cannot ascertain the full extent of its damages and lost profits;

(c) Such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances; and

(d) a trial by jury.

## COUNT III – TRADE DRESS
### York v. All Defendants

40. Paragraphs 1 through 39 are incorporated herein as though set forth in their entirety.

41. When designing and manufacturing the Wallcovering, Border and Sample Book, York has adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

1103553.1

42. Defendants have attempted to imitate York's particular dress, design and combination of features, as they pertain to the Wallcovering, Border and Sample Book, in such a way as to mislead the public.

43. The multiplicity of similarities between York's copyrighted Wallcovering, Border and the cover of York's Sample Book and those produced and manufactured by Defendants evidence a conscious intent by Defendants to imitate and copy York.

44. Defendants' use of color and combination of colors when copying and/or imitating York's Wallcovering, Border and the cover of York's Sample Book evidences a conscious intent of Defendants to imitate and copy York.

45. Defendants' actions are intended and/or operate to confuse the public.

46. York's sale of its own works and derivative works is prejudiced by Defendants' imitation and copying of York, all to York's irreparable damage.

WHEREFORE, York demands:

(a)  Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating and using York's copyrighted works;

(b)  Defendants be enjoined during the pendency of this action and permanently thereafter from selling its infringing wallpaper and border to the public;

(c)  Defendants, jointly and severally, be ordered to pay to York all damages suffered by York due to their unlawful acts, with prejudgment interest, as well as account for and pay to York all gains and profits that they have enjoyed at York's expense and that such damages

1103553.1

include York's costs and attorney's fees.  At present, York cannot ascertain the full extent of its

damages and lost profits;

        (d) such other relief as the equities of the case may require and as this Court may

deem just and proper under the circumstances; and

        (e) a trial by jury.


                                                      BARLEY, SNYDER, SENFT & COHEN, LLC

Date: _____10/2/02_____             BY: _____

                                                Kendra D. McGuire, Esquire
                                                Salvatore Anastasi, Esquire
                                                  Attorneys for Plaintiff
                                                York Wallcoverings, Inc.

                                                126 East King Street
                                                Lancaster, PA  17602
                                                (717) 299-5201
                                                Court I.D. No. 50919
                                                Court I.D. No. 39090

1103553.1





# CERTIFICATE OF REGISTRATION



**FORM VA**
For a Work of the Visual Arts
UNITED STATES

REGI

**VA 1-064-203**

VAU

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
United States of America

**OFFICIAL SEAL**

**EFFECTIVE DATE OF REGISTRATION**

| 2 | 12 | 01 |
|---|---|---|
| Month | Day | Year |

**CONTINUATION SHEET.**

---

**1** **TITLE OF THIS WORK ▼**

Elephant Sidewall

**NATURE OF THIS WORK ▼ See instructions**

Artwork / pattern of print reproduced on wallcoverings and, if necessary, fab

**PREVIOUS OR ALTERNATIVE TITLES ▼**

Design SP 1306

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

---

**2**

**a**

**NAME OF AUTHOR ▼**

Banafshe Schippel

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
       Domiciled in ▶ United Kingdom

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?   ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☑ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
       Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**3**

**Year in Which Creation of This Work Was Completed**   1999   ◀ Year   This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.   Month ▶ Oct.   Day ▶ 25   Year ▶ 1999
USA   ◀ Nation

---

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

York Wallcoverings, Inc.
750 Linden Avenue
York, PA  17404

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

By written contract, transfer of all rights by the author.

**APPLICATION RECEIVED**
FEB 12 2001
**ONE DEPOSIT RECEIVED**
FEB 12 2001
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

# CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE
★ THE LIBRARY OF CONGRESS ★

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*



# FORM CA
**For Supplementary Registration**
UNITED STATES COPYRIGHT OFFICE
R

**VA 1-108-973**



*VAX0001108973*

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |
|----|-----|----|-----|----|-----|----|-----|----|

**EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION**

| 2 | 12 | 02 |
|---|----|----|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## A

**Title of Work ▼**

Elephant Sidewall

**Registration Number of the Basic Registration ▼**
VA1-064-203

**Year of Basic Registration ▼**
2001

**Name(s) of Author(s) ▼**
Banafshe Schippel

**Name(s) of Copyright Claimant(s) ▼**
York Wallcoverings, Inc.

## B

**Location and Nature of Incorrect Information in Basic Registration ▼**

Line Number **2**          Line Heading or Description **Name of Author; Work Made for Hire**

**Incorrect Information as It Appears in Basic Registration ▼**

Banafshe Schippel; Yes (checked)

**Corrected Information ▼**

Patricia Scullin; No (checked)

**Explanation of Correction ▼**

## C

**Location and Nature of Information in Basic Registration to be Amplified ▼**

Line Number **2**          Line Heading or Description **Year Born**

**Amplified Information and Explanation of Information ▼**

1966; It was subsequently discovered that the author identified herein independently created the work and that the work was not a work made for hire.

**MORE ON BACK ▶**
• Complete all applicable spaces (D-G) on the reverse side of this page.
• See detailed instructions.          • Sign the form at Space F.

**DO NOT WRITE HERE**
Page 1 of _2_ pages

Case 1:01-cv-00793-SHR    Document 90    Filed 10/02/2002    Page 15 of 16

# CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE
THE LIBRARY OF CONGRESS

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VA 1-064-204**

EFFECTIVE DATE OF REGISTRATION

2    12    01
Month    Day    Year

___ CONTINUATION SHEET.

---

**1**

**TITLE OF THIS WORK ▼**

Elephant Border

**PREVIOUS OR ALTERNATIVE TITLES ▼**

Design SP 1374

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

**NATURE OF THIS WORK ▼** See instructions

Artwork /pattern of print reproduced on wallcoverings,and if necessary, on fabrics.

---

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a**    **NAME OF AUTHOR ▼**

York Wallcoverings, Inc.

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ _____
    Domiciled in ▶ USA

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?    ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☒ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ _____
    Domiciled in ▶ _____

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?    ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was Completed    1999 ◀ Year    This information must be given ONLY if this work in all cases. has been published.

**b** Date and Nation of First Publication of This Particular Work    Month ▶ Oct.    Day ▶ 25    Year ▶ 1999
Complete this information    Nation ▶ USA ◀ Nation

---

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

York Wallcoverings, Inc.
750 Linden Avenue
York, PA  17404

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
FEB 12 2001
ONE DEPOSIT RECEIVED
FEB 12 2001
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages





## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Complaint has been served this _2nd_ day of _October_____, 2002, by first-class mail, postage pre-paid, upon:

> Albert Robin, Esquire
> Robin, Blecker & Daley
> 330 Madison Avenue
> 2nd Floor
> New York, NY 10017

> BARLEY, SNYDER, SENFT & COHEN, LLC

> BY: _____
>      Kendra D. McGuire, Esquire
>      Salvatore Anastasi, Esquire
>      Attorneys for Plaintiff
>      York Wallcoverings, Inc.

>      126 East King Street
>      Lancaster, PA 17602
>      (717) 299-5201
>      Court I.D. No. 50919
>      Court I.D. No. 39090

1103553.1